UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL, et al., | No. 1:15-cv-00311-TLN-BAM |
| Plaintiffs, | |
| v. | **ORDER** |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiffs Baljit Athwal, Daljit Athwal, and Karan Inc.'s ("Plaintiffs") Motion to Amend. (ECF No. 67.) Defendants County of Stanislaus, Stanislaus County Office of the District Attorney, Kirk Bunch, Dale Lingerfelt, Steve Jacobson and Birgit Fladager ("Defendants") opposed the motion. (ECF No. 69.) Plaintiffs replied. (ECF No. 71.) For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

///
///
///
///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On February 26, 2015, Plaintiffs filed their initial Complaint. (ECF No. 1.) Plaintiffs alleged Defendants violated their constitutional rights during several separate instances of unlawful searches, seizures, arrests, and incessant harassment related to a criminal investigation that ultimately led to a criminal prosecution of Plaintiffs. (*Id.*) On October 9, 2015, this case was stayed pending the resolution of the criminal prosecution. (ECF No. 48.) The stay was lifted on August 2, 2019, after Plaintiffs were acquitted of all criminal charges. (ECF No. 61.)

On September 26, 2019, Plaintiffs filed the instant Motion to Amend. (ECF No. 67.) Plaintiffs seek to add additional claims, modify a claim, and remove Plaintiff Karan Inc. and the Doe Defendants. (ECF No. 67.) Most significantly, Plaintiffs seek to add malicious prosecution and fabrication of evidence claims. (*See id.*) Defendants City of Ceres, City of Turlock, Timothy Redd, Galen Carroll, City of Modesto, and Jon Evers filed Statements of Non-Opposition. (ECF Nos. 68, 70.) However, the remaining Defendants filed an opposition on October 30, 2019. (ECF No. 69.) On November 7, 2019, Plaintiffs filed a reply. (ECF No. 71.)

II.    **STANDARD OF LAW**

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent, then good cause cannot be shown, and the inquiry should end. *Id.*

///

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

### III. ANALYSIS

#### A. Rule 16

Because the Pretrial Scheduling Order requires Plaintiffs to show good cause to amend at this stage, Plaintiffs must first meet Rule 16's good cause standard.[1]  (*See* ECF No. 65 at 1.)

Defendants argue Plaintiffs fail to establish good cause. (ECF No. 69 at 2.) More specifically, Defendants argue Plaintiffs fail to explain the six-week delay in submitting a draft of their proposed amended complaint after the stay was lifted on August 2, 2019. (*Id.* at 3.) The Court disagrees. This case was stayed for nearly four years, from October 9, 2015 to August 2, 2019, pending the resolution of the criminal prosecution that ultimately resulted in Plaintiffs' acquittal. (ECF Nos. 48, 61.) Plaintiffs claim they "did not know of the new malicious prosecution or fabrication of evidence claims until after the trial and after they were acquitted." (ECF No. 71 at 3.) Moreover, Plaintiffs attribute any additional delay after the stay was lifted to ongoing stipulation negotiations with Defendants that ultimately dissolved, prompting Plaintiffs to file the instant motion. (*Id.* at 2.) Based on the purported new facts that came to light during the nearly four-year stay and failed negotiations between the parties, the Court finds that Plaintiffs

---

[1] Defendants appear to argue that no further amendments are allowed because Plaintiffs did not object to the Pretrial Scheduling Order within the 14 allotted days. (*See* ECF No. 69 at 3.) However, the Pretrial Scheduling Order does not prohibit further amendments entirely, but permits modification "by leave of court *upon a showing of good cause*." (*See* ECF No. 65 at 8) (emphasis added).

were reasonably diligent in moving to amend such that they satisfy Rule 16's good cause standard. *See Johnson*, 975 F.2d at 609.

B. Rule 15

The Court now turns to whether Plaintiffs' motion is proper under Rule 15. Defendants do not argue Plaintiffs are acting in bad faith, nor do they argue that the proposed amendment would cause undue delay. Instead, Defendants argue only that granting leave to amend would prejudice Defendants and is otherwise futile. (ECF No. 69 at 2.) The Court will address Defendant's arguments in turn.

i. *Prejudice*

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citation omitted). Courts have found proposed amendments to be prejudicial when leave to amend is requested as a relevant discovery deadline nears or has already passed. *See*, *e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendants claim the proposed amendments would significantly expand the scope of both the whole lawsuit and discovery, which in turn would unfairly prejudice Defendants. First, Defendants argue the proposed additional malicious prosecution and fabrication of evidence claims expand the scope of the lawsuit and are "major changes based on different facts than the original complaint." (ECF No. 69 at 4.) Second, Defendants argue the novel differences in legal standards for the additional claims of malicious prosecution and fabrication of evidence expand the scope of discovery and overall suit, significantly increasing the cost of litigation. (*Id*.)

Defendants' arguments are unavailing. Notably, Defendants offer no case law in support of their arguments. (*See id.* at 3–4.) Further, the Pretrial Scheduling Order, filed on September 16, 2019, originally stated that discovery shall be completed by October 2, 2020. (*See* ECF No.

4

65 at 2, 6.) However, the deadline for completion of non-expert discovery was recently continued to February 19, 2021. (*See* ECF No. 82.) As such, there is ample time before the discovery deadline. This weighs against a finding of prejudice. *See Zivkovic*, 302 F.3d at 1087.

Moreover, the purported additional malicious prosecution and fabrication of evidence claims involve the same factual predicate and parties as the allegations set forth in the initial Complaint. In seeking amendment, Plaintiffs argue the new facts show that Defendants' investigation was "so riddled with misconduct that no reasonable investigative agency should have pursued criminal charges in the first place." (ECF No. 67 at 3.) It would be inefficient to require these claims to be brought in a separate suit. Indeed, bringing these claims as a separate action would likely result in an even greater expenditure of time and resources. Accordingly, the Court finds the prejudice to Defendants is minimal, and this factor therefore weighs in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

          *ii.*   *Futility*

The Ninth Circuit has held that when an amendment is futile, "there is no need to prolong litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Defendants make four distinct arguments that amendment would be futile: (a) Eleventh Amendment immunity bars claims under 42 U.S.C § 1983 against District Attorneys and their offices; (b) District Attorneys and their offices have absolute prosecutorial immunity; (c) the proposed additional malicious prosecution and fabrication of evidence claims fail; and (d) the additional allegations from 2012 to 2013 are time-barred by the applicable statute of limitations. (*See* ECF No. 69.)

          a.   <u>Eleventh Amendment Immunity</u>

Defendants claim the District Attorney and her office are state actors protected under Eleventh Amendment immunity and thus cannot be held liable under § 1983. (ECF No. 69 at 5.) Plaintiffs argue the District Attorney and her office did not act on behalf of the state here, but rather, they acted on behalf of the county by "establishing training and policy" related to general

office operations. (ECF No. 71 at 4.) More specifically, Plaintiffs allege the District Attorney's "failure to properly train her investigators directly caused the unlawful acts against the Plaintiffs" and that such "policies, practices, and/or customs enabled and emboldened her investigators to violate Plaintiffs' recognized constitutional rights." (ECF No. 1 at ¶¶ 68–69.)

Taking Plaintiffs' allegations as true and drawing all reasonable inferences in their favor, Eleventh Amendment immunity is inapplicable here to the extent the District Attorney and her office are being challenged as representatives of the county, not the state. *See Goldstein v. City of Long Beach*, 715 F.3d 750, 759–60 (9th Cir. 2013)) ("[The] District Attorney represents the county when establishing administrative policies and training related to the general operation of the district attorney's office."). More specifically, it appears Plaintiffs are challenging the District Attorney and her office as county representatives because Plaintiffs allegations about "local administrative policies" are "distinct from the prosecutorial act." *Id.* at 759. Based on the existing record, the Court cannot say Eleventh Amendment immunity necessarily forecloses Plaintiffs' claims against the District Attorney and her office. *See Watison*, 668 F.3d at 1117.

b. Absolute Prosecutorial Immunity

Defendants next claim the District Attorney and her office is entitled to absolute prosecutorial immunity because all allegations against her and her office "involve conduct that is solely associated with the judicial phase of the criminal process." (ECF No. 69 at 7.) Plaintiffs argue they are not challenging the District Attorney's judicial misconduct, but rather the administrative misconduct that enabled investigators to purportedly violate Plaintiffs' constitutional rights through investigative misconduct. (*See* ECF No. 71 at 6.)

Absolute prosecutorial immunity applies only to conduct "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). However, prosecutors "enjoy only qualified immunity, not absolute immunity, for investigatory, administrative, or investigative functions." *Santana v. Cty. of Yuba*, No. 2:15-cv-00794-KJM-EFB, 2016 WL 1268107, at *14 (E.D. Cal. Mar. 31, 2016). Here, Plaintiffs' allegations hinge on administrative and investigative misconduct and not prosecutorial conduct "intimately associated with the judicial phase of the criminal process."

6

1  *Burns*, 500 U.S. at 48.  Accordingly, the Court cannot say at this early stage that absolute
2  prosecutorial immunity forecloses Plaintiffs' claims against the District Attorney and her office.
3  *See Watison*, 668 F.3d at 1117.

        c. <u>Malicious Prosecution and Fabrication Claims</u>

          *1.* *Malicious Prosecution*

6    To establish a cause of action for malicious prosecution, a plaintiff must demonstrate the
7  prior action was: (1) initiated by or at the direction of the defendant and legally terminated in the
8  plaintiff's favor; (2) brought without probable cause; and (3) initiated with malice.  *Siebel v.*
9  *Mittlesteadt,* 41 Cal. 4th 735, 740 (2007).  In order to establish a § 1983 federal malicious
10 prosecution claim, a plaintiff "must show that the defendants prosecuted [him] with malice and
11 without probable cause, and that they did so for the purpose of denying [him] equal protection or
12 another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir.
13 2004).
14   Defendants claim that both proposed state and federal malicious prosecution claims are
15 futile because Plaintiffs rely on the Fourteenth Amendment Equal Protection clause without
16 alleging a racial discriminatory intent or purpose, rely on insufficient allegations that any
17 Defendant acted with malice and without probable cause, and overall rely on "vague and
18 conclusory allegations" of the officers' purported civil rights violations.  (ECF No. 69 at 8.)
19 More specifically, Defendants claim that Plaintiffs fail to allege Defendants Bunch, Lingerfelt,
20 and Jacobson provided false information that was either material to the prosecution or with
21 malice.  (*Id.* at 9.)  The Court disagrees for several reasons.
22   First, Plaintiffs specifically allege that Bunch (who directed the task force) filed a report
23 without any notes or recordings to corroborate Defendants' implication in the murder, ignored
24 credible leads, and relied on a coerced false testimony over one from a truthful witness.  (ECF
25 No. 67-3 at ¶¶ 33, 35, 37, 40.)  Plaintiffs also explicitly allege they were leveraged and pursued
26 "as *minorities* and colleagues of Frank Carson" in a larger purported scheme to convict Frank
27 Carson, a prominent criminal defense attorney, for murder.  (ECF No. 67-2 at 8 ¶ 32.) (emphasis
28 added).  Plaintiffs also name Defendants Lingerfelt and Jacobson as active participants in the

1   purported coerced false testimony, participants in the purported unlawful raids, and participants in
2   the same conduct alleged against Bunch "by authorizing, acquiescing, or setting in motion
3   policies, plans, or actions that led to the unlawful conduct." (*See* ECF No. 67-3 at ¶¶ 26, 40, 44,
4   45.) Further, it is undisputed that the criminal trial legally terminated in the Plaintiffs' favor.
5   (ECF No. 67-1 at 2.) Second, Plaintiffs explicitly allege they were prosecuted without probable
6   cause. (ECF No. 67-3 at 16.) Third, the element of malice in a malicious prosecution case
7   considers the "subjective intent or purpose" of the defendant in initiating the prior action and
8   "malice is usually a question of fact for the jury to determine." *Estate of Tucker ex rel. Tucker v.*
9   *Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008). Here, Plaintiffs allege
10  Defendants' "coerced false testimony, falsified police reports, elicited demonstrably false expert
11  testimony, and other abuses formed the basis for the criminal prosecution" against Plaintiffs.
12  (ECF No. 67 at 6; *see* ECF No. 67-3 ¶¶ 33–35, 37, 40, 66–69.) For purposes of ruling on the
13  instant motion, these allegations support at the very least a reasonable inference that Defendants
14  acted with malice.
15      For these reasons, the Court cannot say the proposed malicious prosecution claim is futile.
16  *See Watison*, 668 F.3d at 1117.

                            *2.    Fabrication of Evidence*

18      The Ninth Circuit has held that to sustain a fabrication of evidence claim, a plaintiff must
19  allege either: "(1) Defendants continued their investigation . . . despite the fact that they knew or
20  should have known that he was innocent; or (2) Defendants used investigative techniques that
21  were so coercive and abusive that they knew or should have known that those techniques would
22  yield false information." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). However,
23  "mere allegations that Defendants used interviewing techniques that were in some sense
24  improper, or that violated state regulations, without more, cannot serve as the basis for a claim
25  under § 1983." *Id.* at 1075.
26      Defendants argue Plaintiffs' allegations are more analogous to the latter and that Plaintiffs
27  fail to allege "how any Defendant knew of some evidence that exonerated Plaintiffs or used some
28  investigative technique" that was "so coercive and abusive that they knew or should have known

that those techniques would yield false information." (ECF No. 69 at 9.)  Again, the Court disagrees.

First, Plaintiffs allege Bunch relied on testimony by a known criminal and drug user, despite many other leads.  (*See* ECF No. 67-3 at ¶¶ 33–35.)  Second, Plaintiffs allege Defendants' abusive interview tactics furthered the investigation of Plaintiffs, in spite of their known innocence, and in a direct attempt to obtain false testimony.  (*See* ECF No. 67-3 at ¶¶ 36–40, 60.) Third, Plaintiffs specifically allege incidences of ongoing and incessant harassment by Defendants after a purportedly unlawful raid.  (*See* ECF No. 67-3 at ¶¶ 61–65.)  These allegations plausibly support a claim that "coerced false testimony, false reports, and demonstrably false expert testimony formed the prosecution" against Plaintiffs.  (ECF No. 67-3 at ¶¶ 33–35, 37, 40, 66–69).  Under the *Devereaux* standard, there is a sufficient showing of alleged facts that Defendants purportedly "continued their investigation . . . despite the fact that they knew or should have known that [Plaintiffs were] innocent" and that "[D]efendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux*, 263 F.3d at 1076.

Accordingly, the Court cannot say that the proposed fabrication of evidence claim is futile.  *See Watison*, 668 F.3d at 1117.

d.  <u>Statute of Limitations</u>

Lastly, Defendants argue Plaintiffs seek to add facts from purported improper investigative techniques and coerced statements occurring in 2012 and 2013, which are barred by an applicable two-year statute of limitations.  (*See* ECF No. 69 at 10.)  This is an incorrect interpretation of the law.  Here, Plaintiffs' malicious prosecution and fabrication of evidence claims accrued when Plaintiffs were acquitted of criminal charges on June 28, 2019.  *See Forsythe v. United States*, 502 F. App'x 689, 691 (9th Cir. 2012) (finding a two-year statute of limitations for a malicious prosecution claim began when the remaining criminal charges against the plaintiff were dismissed).  Plaintiffs have made clear that the new misconduct and relevant factual developments came to light only during the criminal trial while the instant civil case was stayed.  (*See* ECF No. 67.)  Accordingly, the statute of limitations for Plaintiffs' claims began to

run when Plaintiffs were acquitted on June 28, 2019, and the instant motion — filed September 20, 2019 — is well within the statute of limitations period.

In sum, the Court finds that Plaintiffs have sufficiently established good cause exists to modify the Pretrial Scheduling Order pursuant to Rule 16. The Court also finds Plaintiffs have met their burden under Rule 15 because Defendants will not be prejudiced, and amendment is not futile.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (ECF No. 67) is hereby GRANTED. The Court ORDERS Plaintiffs to file their amended complaint not later than fourteen (14) days from the electronic filing of this Order. Defendants shall file a responsive pleading no later than twenty-one (21) days after the filing of Plaintiffs' amended complaint.

IT IS SO ORDERED.

DATED: July 28, 2020

Troy L. Nunley
United States District Judge