UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL, et al., | Case No. 1:15-cv-00311-TLN-BAM |
| Plaintiffs, | **ORDER RE DISCOVERY DISPUTE** |
| v. | (Doc. Nos. 129, 132.) |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |
| | Case No. 1:20-cv-00770-TLN-BAM |
| WALTER W. WELLS, et al., | |
| Plaintiffs, | |
| v. | |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

Plaintiffs Baljit Athwal and Daljit Athwal ("Athwal plaintiffs") initiated this civil action on February 26, 2015. (Doc. No. 1.) On October 16, 2015, the Matter was stayed pending the underlying criminal case against Plaintiffs. (Doc. No. 49.) On January 30, 2019, the stay was

1

lifted as the under lying criminal matter had concluded. (Doc. No. 54.) On June 17, 2020, this case and five other cases were consolidated for purposes of discovery.[1] (Doc. No. 75.) On February 16, 2021, the Athwal Plaintiffs and Plaintiffs from the *Wells* matter, Walter Wells and Scott MacFarland, (together the "Moving Plaintiffs") filed a Motion for additional time for depositions of Defendants Cory Brown and Kirk Bunch. (Doc. No 129.) On March 5, 2021, the parties filed a Joint Statement regarding the discovery disagreement. (Doc. No. 132.)

Moving Plaintiffs request the Court order Defendants Corey Brown and Kirk Bunch to participate in depositions for a total of three days, for each deponent.[2]

**I.   Background**

This civil action under 28 U.S.C. § 1983 for malicious prosecution was brought by Plaintiffs while the Athwal Plaintiffs were being prosecuted for the disappearance and death of Korey Kauffman. (Doc. No. 132 at 2.) The other Plaintiffs were also involved in the prosecution. (*Id.*) Defendants Brown and Bunch were lead investigators in the criminal matter. (*Id.*) The investigation lasted over 3 years, involved over 150 witness interviews, the preliminary hearing lasted 18 months, and the jury trial lasted 14 months. (*Id.*) The investigation and trial produced over four terabytes of data. (*Id.*) During the course of the criminal investigation, Defendants Brown and Bunch participated in nearly daily briefings, hundreds of witness interviews, thousands of police reports, audio files, and video files, and produced a 325-page Ramey warrant, which identified 14 involved persons, and discussed nearly 45 additional individuals. (*Id.* at 3.)

Additionally, Defendant Brown wrote the affidavits for applications for wire taps on Plaintiffs and managed the wiretaps. (*Id.* at 5) Defendant Brown also recovered the remains of the victim and processed the crime scene, authored the 325-page report, numerous arrest warrants, and search warrants. (*Id.*) Defendant Bunch was the leader of the task force investigating the Kauffman case. (*Id.*) Defendant Bunch played a substantial role in determining whether a person

---

[1] *Defillipo v. County of Stanislaus, et al.,* 18-cv-496-TLN-BAM; *Quintanar v. County of Stanislaus, et al.,* 18-cv-1403-TLN-BAM; *Estate of Carson v. County of Stanislaus, et al.,* 20-cv-747-TLN-BAM; and *Wells v. County of Stanislaus, et al.,* 20-cv-770-TLN-BAM.

[2] The Athwal Plaintiffs have already conducted one day of depositions for Defendant Brown. The Moving Plaintiffs request two additional days to complete Defendant Brown's deposition. (Doc. No. 132.)

2

was considered a suspect or person of interest, who would be polygraphed, what questions would be asked, and provided the polygraph examiner with the subject's potential involvement. (*Id.* at 5-6.)

## II.    Legal Standards

Federal Rules of Civil Procedure Rule 30 limits the time of depositions to 1 day of 7 hours, unless otherwise stipulated or altered by court order. Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.") A court must allow additional time if needed to fairly examine the deponent, or if the deponent, another person, or any other circumstance impedes or delays the deposition.[3] Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.") A party seeking a court order for additional time must show good cause for the extension. *Thomas-Young v. Sutter Cent. Valley Hospital,* 2013 WL 3054167, at *2 (E.D. Cal. June 17, 2013). The Court is to make a "fact intensive inquiry as to whether a particular witness should or should not be required to submit to questioning which exceeds seven hours." *Forte Capital Partners, LLC v. Harris Cramer, LLP,* 2008 WL 4924724 at *8 (N.D. Cal. November 14, 2008) (citing *Miller v. Waseca Med Ctr.,* 205 F.D.R. 537, 540 (D. Minn. 2002) (finding additional time for deposition was required for a fair examination where two cases where consolidated, the allegations related to a number of specific events, plaintiff's statements

---

[3] The Notes of the Advisory Committee provide the following:
> "Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them… In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest."

Fed. R. Civ. P. 30 (d)(1), Advisory Committee's Note on 2000 Amendment.

regarding events were inconsistent, and plaintiffs took additional time by answering in narrative form)).

Several factors are considered relevant to determining whether an extension is warranted, including events that occur over a long period of time, the need to fully explore the theories on which a witness relied, or, in multi-party cases, the need for each party to examine the witness while trying to avoid duplicative questioning. *Pratt v. Archstone Willow Glen Apts.,* 2009 WL 2032469 at * 2-3 (N.D. Cal. July 10, 2009) (citing *Saunders v, Knight,* 2007 WL 38000, at *3 (E.D. Cal. Jan. 4, 2007) (finding good cause for extension where 14 defendants were involved, from a 36-page complaint, and where Plaintiff refused to dismiss peripheral defendants)); *Shoonmaker v. City of Eureka,* 2018 WL 4896177, at *8-9 (N.D. Cal. October 9, 2018) (finding good cause based on the time covered by investigation report (2010-2017), the number of allegations, and Plaintiff's assertion that allegations were exaggerated or false).

### III.   Discussion

#### a.   *Good Cause for Extension of Time to Depose*

Plaintiffs argue that they have good cause to allow three-day depositions of Defendants Brown and Bunch as (1) the size of the record and the number of Plaintiffs involved require additional time, (2) Defendants Brown and Bunch played significant roles in the underlying investigation, and (3) all eight Plaintiffs have distinct claims and factual histories.

Plaintiff's first contend that the size of the record, and the information that Plaintiffs will need to cover in the depositions are extensive. The record includes hundreds of witness interviews, nearly 4 terabytes of data, a 325-page Ramey warrant, arrest and search warrants, and general information about the investigation. Defendants counter that much of the affidavits and records identified by Plaintiffs are based on information provided by others, many of whom have already been deposed. However, even though the identified documents were based on information provided by others who have already when deposed, Plaintiffs may wish to inquire as to the actions taken by the specific defendant/deponent and why those actions were taken. Such is a valid concern for Plaintiffs who were subject to an extensive years long criminal investigation. Questioning the deponents on the nature of their involvement in the investigation should be

considered in determining good cause to extend the deposition time limits. *See Pratt,* 2009 WL 2032469 at * 2-3; *see also Saunders,* 2007 WL 38000, at *3; *see also Shoonmaker,* 2018 WL 4896177, at *8-9.

Further, Plaintiffs contend that limiting the deposition to two days would be to the disadvantage of the non-moving Plaintiffs. Plaintiffs posit that although they agreed to consolidation of the cases for discovery, they should not be prejudiced by that decision. Had Plaintiffs not consolidated the cases, each Plaintiff would have the allotted one-day, 7-hour limit on depositions pursuant to Fed. R. Civ. P. 30. However, since consolidating the Plaintiffs are far more limited for time. Additionally, Plaintiffs argue that each Plaintiff has a separate claim from which distinct questioning of the Defendants would arise, i.e., the Defendant's decision and course of action in determining the Plaintiff was a suspect/person of interest. Defendants argue that regardless of the individual probable cause behind the arrest of each Plaintiff, the underlying criminal investigation involves the same criminal act. Thus, each Plaintiffs' involvement in the case is tied to their involvement in the criminal act.

Each Plaintiff in the consolidated cases has an individual incentive to question the Defendants. In multi-party actions, the need for all plaintiffs to question a deponent is to be considered when determining if an extension is necessary. *See Pratt,* 2009 WL 2032469 at * 2-3; *see also Saunders,* 2007 WL 38000, at *3; *see also Shoonmaker,* 2018 WL 4896177, at *8-9. Here, there are eight Plaintiffs over five consolidated cases. At the very least, each case has its own specific facts from which the complaint was brought. If the cases were not consolidated, the plaintiffs in each case would be able to depose the Defendants for one, seven-hour day each. The Plaintiffs have all agreed to limit duplicative questioning and make reasonable efforts to divide topics. (Doc. No. 132 at 4.) While three days would generally be excessive, this case involves numerous plaintiffs and documentation/factual histories that are unique to each claim, spanning multiple years. While Defendants' argument that Plaintiff should have been aware of the consequences of the stipulation is valid, the need for fairness and some flexibility is required in a case with so many parties.

Plaintiffs further argue that Defendants Brown and Bunch played significant roles in the

5

investigation. Defendant Brown was the lead investigator for the Sheriff's office and in addition to completing hundreds of interviews, managing the wiretaps, and authoring numerous warrants, Defendant Brown authored the 325-page Ramey warrant. Defendant Bunch was the lead investigator for the District Attorney's office, was the leader of the task force, interviewed hundreds of witnesses, and made decisions about the direction of the investigation. The extensive nature of the underlying investigation and the involvement of Defendants Brown and Bunch are substantial. Where there is an extensive record and contents to be reviewed in a deposition, good cause for extensions can be demonstrated. *See Shoonmaker,* 2018 WL 4896177, at *8-9. Additionally, extensions may be granted where there is a showing as to the significance of the deponent in the moving party's case. *SEC v. Schroeder,* 2009 WL 98531 at *5-6 (N.D. Cal. Oct. 13, 2009) (granting ten-hour deposition where the moving party established that the deponent was "the single most important witness" in a complex case with thousands of documents to be reviewed).

Here, some extension of time is required to cover the extensive history of the underlying criminal investigation. This factor alone might not be sufficient to grant Plaintiffs' request of three-day depositions. However, the Court is to consider all the factors when making a good cause determination. Here, Plaintiffs' arguments taken together demonstrate good cause for an extension.

        b. *Length of Extension*

Defendants argue that the Court should first require the Plaintiffs to attempt to complete the depositions in two days before granting three days for the depositions. Plaintiffs, conversely, argue that the advance ruling is required to avoid prejudicing the Plaintiffs who have not yet questioned the Defendants. The amount of additional time granted varies depending on the facts of the case. *See Baker v. PPL Corp.,* 2011 WL 1811106 at *8-9 (M.D. PA. May 12, 2011) (granting 14 hours to complete deposition where there were extensive medical records relevant to the claims of the moving party); *see Thomas-Young,* 2013 WL 3054167 at 4-6 (denying extension of time where moving party provided no information regarding length of time left in deposition or provide reasons that would merit an extension under Rule 30); *see also Tatum v. Schwartz,* 2008

WL 298824 at *3-5 (E.D. Cal. January 31, 2008) (denying three additional days but granting one additional seven-hour day where defendants had shown good cause based on a large amount of information and documentation pertaining to the mental state and stressors of Plaintiff beyond those alleged in the complaint).

In most cases, courts decline to grant more than several hours, or one additional day for depositions. In this case, Plaintiffs have demonstrated good cause, and have provided sufficient reasoning in line with most of the factors contemplated by the Advisory Committee. *See* Fed. R. Civ. P. 30(d)(1), Advisory Committee Notes on 2000 Amendments. The Court finds that the moving Plaintiffs have demonstrated a need for three days, based on the (1) the quantity of records, (2) the role played by Defendants Brown and Bunch in the investigation, and (3) the number of Plaintiffs in the consolidated cases. Plaintiffs have provided the Court with an outline of their planned approach to utilizing the three days, including the first day focusing on the investigation in general as to all parties, the second day focusing on issues specific to some Plaintiffs including the Athwal Plaintiffs, Plaintiff Wells and Plaintiff MacFarland, and the third day focusing on the remaining Plaintiffs' cases. Due to the length of three days of deposition and the vest quantity of information involved in this case, the depositions should not be on consecutive days and should follow the described plan by Plaintiffs.

### IV.     Conclusion and Order

Based on the forgoing, it is hereby ORDERED:

1. Plaintiffs' Motion for Additional Time to Complete Depositions of Defendants Brown and Bunch is GRANTED;

2. Plaintiffs will be allowed three, seven-hour days on non-consecutive days to depose Defendant Bunch and two additional, non-consecutive seven-hour days to depose Defendant Brown; and

3. Due to the current status of the case, the STATUS CONFERENCE set for 04/06/2021 is continued to May 21, 2021 at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe with each party connecting remotely either via Zoom video conference or Zoom telephone number. The parties shall be provided with the

Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated: __**March 15, 2021**__                    /s/ *Barbara A. McAuliffe*   _
                                             UNITED STATES MAGISTRATE JUDGE