UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL and DALJIT ATWAL,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF STANISLAUS, CITY OF TURLOCK; CITY OF MODESTO; CITY OF CERES; STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY; KIRK BUNCH; JON EVERS; TIMOTHY REDD; DALE LINGERFELT; STEVE JACOBSON; BIRGIT FLADAGER; GALEN CARROLL; PAUL EDWARD JONES,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00311-TLN-BAM<br><br>**ORDER DENYING PLAINTIFFS' AMENDED MOTION TO COMPEL**<br><br>(Doc. 142) |
| WALTER W. WELLS and SCOTT MCFARLANE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF STANISLAUS, *et al.,*<br><br>　　　　　Defendants. | |

　　　Currently before the Court are Plaintiffs Baljit Athwal and Daljit Athwal and Plaintiffs Walter Wells and Scott MacFarland's (together the "Moving Plaintiffs") amended motion to compel Defendants County of Stanislaus ("Defendant") to produce responses to (1) Plaintiff Baljit Athwal's interrogatories Nos. 12 and 13 and documents in response to Plaintiff Baljit Athwal's Request for

1

Production Nos. 31-35 and 38[1], and (2) Plaintiff Wells' (identical) first set of requests for production of documents Nos. 1-5 and 8.  (Doc. 141.)[2] On June 17, 2020, this case and five other cases were consolidated for purposes of discovery.[3] (Doc. No. 75.) On June 18, 2021, the parties filed a Joint Statement Re: Motion to Compel responses to interrogatories and production of documents from Defendant County of Stanislaus. (Doc. 142.) On June 24, 2021, Defendants filed a separate statement regarding discovery disagreement. (Doc. No. 144.)

The matter was heard via video conference on July 1, 2021, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Meredith Angueira and Jessica Grant appeared by Zoom video on behalf of Plaintiffs. Counsel Kavan Jeppson appeared by Zoom video on behalf of Defendant County of Stanislaus. At the hearing, the parties met and conferred and reached an agreement as to RFPs 1, 2, 5, and 8. The parties could not come to an agreement as to RFPs 3, 4, and interrogatories 12 and 13. Argument was heard as to the remaining issues.

Having considered the motion, the parties' Joint Statement re Discovery Disagreement, Defendant's Statement Regarding Discovery Disagreement, and the record in this matter, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motions to compel.

**I.    RELEVANT BACKGROUND**

This civil action under 28 U.S.C. § 1983 for malicious prosecution was brought by Plaintiffs while the Plaintiffs were being prosecuted for the disappearance and death of Korey Kauffman. (Doc. No. 132 at 2.) According to the operative second amended complaint, Plaintiffs allege that "Defendants have violated [] fundamental laws on multiple occasions and willfully caused harm to Plaintiffs. Specifically, investigators with the Stanislaus County District Attorney's office, along with

---

[1]  In the *Athwal* Matter the Plaintiffs served RFP 31-35, and 38. In the *Wells/McFarlane* Matter the same requests were made as 1-5 and 8. Defendant, in their statement, refers to the requests as 1-5 and 8. Therefore, for purposes of this motion, the Court will refer to the RFP as 1-5 and 8.

[2]  On June 4, 2021, the Moving Plaintiffs filed the Motion to Compel responses to interrogatories and production of documents from Defendant County of Stanislaus. (Doc. 138.) On June 16, 2021, the Moving Plaintiffs filed an amended motion to compel. (Doc. 141.) For the purposes of this motion the Court will refer to the amended motion as the operative document.

[3]  Defillipo v. County of Stanislaus, et al., 18-cv-496-TLN-BAM; Quintanar v. County of Stanislaus, et al., 18-cv-1403-TLN-BAM; Estate of Carson v. County of Stanislaus, et al., 20-cv-747-TLN-BAM; and Wells v. County of Stanislaus, et al., 20-cv-770-TLN-BAM.

2

officers of the Turlock and Modesto Police Department and other police forces, have engaged in a pattern of harassment and abuse against plaintiff. This harassment and abuse have included unlawful arrests without a warrant, use of excessive force, defaming plaintiffs to their friends, family, and business associates, and prosecuting them for crimes they did not commit." (Doc. 86 at 2.) Plaintiffs allege that investigators working on behalf of the County of Stanislaus identifying persons other than the Plaintiffs as suspects or possible suspects in the underline criminal investigation but chose not to investigate those leads. (Doc. 142 at 2.)

## II. DISCUSSION

Plaintiffs originally propounded these requests for production on February 2, 2021, in the *Athwal* case and the identical requests on March 25, 2021, in the *Wells* matter. (Doc. 142 at 4-5.) Defendant responded to the RFP on March 25, 2021. (Doc. 144-1, Declaration of Kavan Jeppson ("Jeppson Decl.") at ¶ 2).

### A. Failure to Meet and Confer

Generally, Defendants argue that the parties did not sufficiently meet and confer prior to the motion to compel. (Docs. 142 at 3, 144 at 4-5.)

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

It appears that Plaintiffs did not adequately met and confer regarding these requests prior to filing the motion to compel. At the hearing on this matter, the Court directed the parties to meet and confer, and following that meet and confer, the issues were narrowed. Given the extensive discovery disputes in this action, and in the interests of judicial and party economy, the Court will consider the merits of Plaintiffs' motion to compel. *See Rogers v. Giurbino*, 288 F.R.D. 469, 477-478 (S.D. Cal. 2012) (finding that a court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion, but that a court still has discretion to address the merits of the motion despite the failure). The Court now turns to the specific requests at issue.

///

///

**B. RFP No. 3 and 4:**

Plaintiffs next move to compel Defendant to respond to requests for production regarding prior arrests, convictions, and rap sheets of other suspects or persons of interest in the underlying criminal investigation. (Doc. 142 at 2.)

**RFP No. 3:**
"All rap sheets, including criminal records reflecting prior arrests or convictions, for any person who was a suspect or person of interest regarding the disappearance or murder of Korey Kauffman"

**Defendant's Objection:**
"Objection. Defendant objects as vague as to the phrase "any person who was a suspect or person of interest," call for speculation, and overly broad at the time, and that no timeframe is delineated or defined. This request is not reasonably limited in context, scope or time, assumes facts and seeks to invade the attorney-client privilege and/or work-product doctrine in so far as it is not reasonably limited in time. See *In re Grand Jury Investigation,* 974 F.2d 1068, 1070-71 (9th Cir. 1992); *United States v Christensen* (9th Cir. 2016) 828 F.3d 763, 805. The burden of relevancy is on the party setting the discovery under rule 26. Plaintiff has the duty to state discovery request with "reasonable particularity." Fed.R.Civ.P. 34(b)(1a). All-encompassing demands take little account for that responsibility. "The test for reasonable particularity is whether the request places a party under reasonable notice of what is called for and what is not." *Reinsdorf v. Skechers U.S.A., Inc.,* 296 F.R.D. 604, 626 (C.D. Cal. 2013) (quoting *Bruggeman ex rel. Bruggeman v. Blagijevich,* 219 F.R.D. 430, 436 (N.D.Ill. 2004).

Defendant further objects in that "criminal records reflecting prior arrests or convictions" appear to seek court records which are equally available to plaintiff and/or are not maintained in the ordinary course of business. Moreover, defendant also objects in so far as the request seeks information of third parties that is privileged as private. See *Burgo v. Long,* No. 2:11-cv-1906 JFM PC, 2012 WL 5471815, at *1 (E.D. Cal. Nov. 9, 2012. Summary criminal history information (frequently referred to as a "rap sheet") are maintained by the California department of justice pursuant to Penal Code section 11105 and thus the request should be directed to the proper party."

(Doc. 144 at 5.)

**RFP No. 4:**
"All rap sheets, for David McMillan, Jason Armstrong, Rodolfo "Rudy" Gonzalez, Teofilo "Filo" Ramos, Luis Garcia AKA "Bondi" or "Bone-D," Michael Beede, Ryan Schmidt, Toby Onate, and Tina Carlos, showing their record of arrests and convictions"

**Defendant's Objection:**
"objection. Defendant objects as vague/overly broad as to time, in that no timeframe is delineated or defined. This request is not reasonably limited in context, scope or time,

4

> assumes facts and seeks to invade the attorney-client privilege and/or work-product doctrine in so far as it is not reasonably limited in time. See *In re Grand Jury Investigation,* 974 F.2d 1068, 1070-71 (9th Cir. 1992); *United States v Christensen* (9th Cir. 2016) 828 F.3d 763, 805. The defects preclude defendant from responding. Lastly, Summary criminal history information (frequently referred to as a "rap sheet") are maintained by the California department of justice pursuant to Penal Code section 11105 and that's the request should be directed to the proper party."

(Doc. 144 at 5-6.)

### Parties' Positions

Plaintiffs argue that Defendant's objections that the information sought would violate the privacy of third parties, were equally available to Plaintiffs, and were not maintained in the ordinary course of business is not grounds for withholding responsive documents. (Doc. 142 at 6.) Defendant argues Plaintiffs have not cited sufficient authority to support the notion that the Plaintiffs would be entitled to the requested documents of third parties. (Doc. 144 at 6.) Defendant states that there was meet and confer correspondence between the parties, where Defendant requested clarification and/or narrowing of scope but Defendant claims to have received no response. (*Id.*) Defendants further argue that such records may be obtained from the California Department of Justice, where such records are maintained. (*Id.*)

### Analysis

In cases based on a federal question, federal law governs issues of privilege and privacy, not state law. *O.L. v. City of El Monte,* 2021 WL 926105, at *7 (C.D. Cal. Jan. 11, 2021) (citing *Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 367 n.10 (9th Cir. 1992); *Grasshopper House, LLC v. Accelerated Recovery Ctrs., LLC,* 2012 WL 11549386, at *2 (C.D. Cal. Oct. 19, 2010)). The Ninth Circuit recognizes a limited privacy right in civil discovery. *O.L.,* 2021 WL 926105 at *7. The right is not absolute and is subject to the balancing of needs. *Id.* In determining if privacy outweighs the need for discovery the Court balances the following factors: "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." *Seaton v. Mayberg,* 610 F.3d 530, 539 (9th Cir. 2010).

The common law right to privacy is so broad as to encompass and protect information that was once was public and is no longer easily accessible. *United States Dept. of Justice v. Reporters Comm.,* 489 U.S. 749, 762-764 (1989). The Supreme Court has rejected the argument that events previously disclosed in "bits and pieces" to the public is the equivalent to a compilation of events created by the government. *Id.* (finding in the Freedom of Information Act context, that rap sheets are protected by a common law right to privacy that includes an individual's right to control information regarding themselves even if contained in public record); *see also Klatt v. Arpaio,* 2016 WL 11663759 at *1 (D. Ariz. Sept. 8, 2016). The Supreme Court has also noted that information contained in public records, such as criminal convictions, can be protected by a common law right to privacy. *Reporters Comm.,* 489 U.S. at 764.

Here, Plaintiffs seek rap sheets and conviction histories of several purported suspects in the disappearance and murder of Korey Kauffman. While rap sheets and conviction records contain information that is available to the public in "bits and pieces," there is a compelling interest to prevent disclosure of the information especially when the parties are requesting information regarding third parties. Additionally, while there is a protective order in place, the protective order may not sufficiently protect the privacy of the third parties from disclosure of rap sheets. The protective order is not absolute and also the release of rap sheets and conviction records to the parties would itself be disclosure to persons whom the records do not pertain.

Plaintiffs' need for the information is not greater than the privacy interest of the third parties. Plaintiffs are aware of who was considered a suspect, as the records they are asking for are specific. While it may be burdensome, it may be possible for Plaintiffs to still obtained the information on their own. Finally, the Supreme Court has held that there is a common law privacy right that protects against the dissemination of rap sheets. Further, there is no other policy or law that would support Plaintiffs' request. Based on the foregoing, the privacy interests outweigh the Plaintiffs' need for production. As such, the Court denies Plaintiffs' motion to compel discovery as to RFPs 3 and 4.

**C. Interrogatory No. 12 and 13:**

Plaintiffs next move to compel Defendant to respond to an interrogatory regarding identities of persons who were investigated regarding the death of Korey Kauffman. (Doc. 144 at 9.)

**Interrogatory No. 12:**
"IDENTIFY every PERSON who was investigated as a suspect or possible suspect regarding the death of Korey Kauffman, including principals or accessories."

**Defendant's Objection:**
"Objection. Compound and vague as to the "suspect or possible suspect," calls for speculation as to who this is intended to mean, vague as to time, and compound and vague as to the phrase "principals or accessories." While meet and confer clarified that "principles and accessories" was meant to mean to a charge of murder and related crimes, such nonetheless assumes facts as to what criminal charges may have been filed in the future as an investigation was proceeding. To the extent that this request was intended to take information from a separately named Defendant Stanislaus County Office of the District Attorney, Plaintiff is required under the Federal Rules of Civil Procedure to issue separate discovery requests, otherwise such a request to two separately named defendants would usurp the discovery rules. The defects in this request preclude defendant from responding.

Insofar as a response is required, and this request seeks information from the Stanislaus County Sheriff's Department, and (by way of further meet and confer with counsel for Plaintiffs on September 17, 2020, to exclude Baljit Athwal, Daljit Athwal, Georgia DeFilippo, Christina DeFilippo, Eduardo Quintanar Jr., Frank Carson, Walter Wells, and Scott McFarlane), Defendant responds as follows: insofar as the request seeks information not maintained in the manner requested because there was no list of suspects or list of possible suspects created or maintained [by] the department during the investigation, and following additional reasonable inquiry of Deputy Cory Brown, who was primarily involved in the investigation from the Sheriff's Department, defendant is without sufficient information to enable it to respond to this request and, based there on, is unable to provide a response."

(Doc. 144 at 9.)

**Interrogatory No. 13:**
"For every PERSON identified in the prior interrogatory, IDENTIFY the facts, including motive, that led you to believe he or she might have been directly or indirectly involved in the murder of Korey Kauffman."

**Defendant's Objection:**
"Objection. Compound and vague as to the "suspect or possible suspect," calls for speculation as to who this is intended to mean, vague as to time, and compound and vague as to the phrase "principals or accessories." While meet and confer clarified that "principles and accessories" was meant to mean to a charge of murder and related crimes, such nonetheless assumes facts as to what criminal charges may have been filed in the future as an investigation was proceeding. To the extent that this request was intended to take information from a separately named Defendant Stanislaus County Office of the District Attorney, Plaintiff is required under the Federal Rules of Civil procedure to issue separate discovery requests, otherwise such a request to two

7

>separately named defendants would usurp the discovery rules. This request is burdensome and that the preliminary hearing and trial and the case for lengthy and complex. The defects in this request preclude defendant from responding. Otherwise, no responses required based on the prior response."

(Doc. 144 at 10-11.)

**Parties' Positions**

Plaintiffs argue that Defendant has the information requested in police reports or audio and/or video records of interviews, yet the County has made no effort to provide that information. (Doc. 142 at 7.) Defendant argues that no such list of possible suspects and evidence related to those suspects exists as testified to by Defendant Kenneth Barringer. (Doc. 144 at 10-11.) Defendants further argue that the request seeks information not maintained in the manner requested. (*Id.* at 11.) Finally, Defendants contend that they cannot be compelled to produce documents not in existence. (*Id.* at 10.)

**Analysis**

In the absence of responsive documents, Defendant cannot be compelled to produce something not in existence under Rule 26(e). However, Defendant's argument that a "list" is not maintained and cannot be compelled is unpersuasive. Plaintiffs' request does not seek a "list" in its literal form. Rather, the interrogatories request that Defendant compile information about the persons who were considered a suspect or potential suspect and why the investigation believed them to be such. Defendant repeatedly acknowledged the existence of the information and only based on a lack of a physical list of suspects maintained throughout the investigation. As Defendant has acknowledged that the information exists and is in their possession, the Court will grant the motion to compel as to interrogatories 12 and 13.

While the Court grants the motion to compel responses to interrogatories 12 and 13, the request remains broad as to time. Korey Kauffman was murdered in 2012. (Doc. 1.) The Athwal Plaintiffs first came to the attention of investigators in April 2012. (*Walter Wells v. County of Stanislaus, et al.*, 20-cv-00770-TLN-BAM Doc. 1 at 9.) Plaintiffs were arrested on August 14, 2015. (*Id.* at 19.) Plaintiffs Wells and MacFarlane became involved in 2014. (*Id.* at 18.) The preliminary hearing against Plaintiffs began on October 13, 2015. (*Id.* at 21.) Based on the timeline of events, the Court finds that the appropriate time limits on the response should include all persons considered

suspects or potential suspects from April 2, 2012 (the day Korey Kauffman was reported missing) until Plaintiffs were arrested on August 14, 2015.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion to Compel Production of Documents as to RFPs 3 and 4 is DENIED;
2. Plaintiffs' Motion to Compel Responses to Interrogatories 12 and 13 is GRANTED; and
3. Defendant's responses shall be served no later than thirty (30) days following service of this order.

IT IS SO ORDERED.

Dated:   **July 22, 2021**                    /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE