UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>  Defendants. | No. 1:15-cv-00311-TLN-BAM<br><br>**ORDER** |

This matter is before the Court on three Motions to Dismiss: (1) Defendants County of Stanislaus ("the County"), Stanislaus County District Attorney's Office, Birgit Fladager, Kirk Bunch, Dale Lingerfelt, and Steve Jacobson's (collectively, "County Defendants") Motion to Dismiss (ECF No. 94); (2) Defendants City of Ceres ("Ceres"), City of Turlock ("Turlock"), and Timothy Redd's (collectively, "Ceres Defendants") Motion to Dismiss (ECF No. 95); and (3) Defendants City of Modesto ("Modesto"), Jon Evers, and Galen Carroll's (collectively, "Modesto Defendants") Motion to Dismiss (ECF No. 100). Plaintiffs Baljit Athwal ("Bobby") and Daljit Atwal ("Daljit") (collectively, "Plaintiffs") oppose each motion.[1] (ECF Nos. 107, 114, 115.) Defendants filed replies. (ECF Nos. 109, 116, 117.) For the reasons set forth below, the Court GRANTS Defendants' motions.

---

[1] Plaintiff Baljit Athwal refers to himself as "Bobby" in the operative complaint, and the Court will do so in this Order. (ECF No. 86 at 3.)

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2012, an individual named Korey Kauffman ("Kauffman") was reported missing. (ECF No. 86 at 7–8.) On April 4, 2012, Defendant Bunch ("Bunch"), a criminal investigator for the Stanislaus County District Attorney's Office, filed a report that included statements from an informant named Michael Cooley ("Cooley"), who was the last person to see Kauffman alive. (*Id.* at 7.) Cooley implicated prominent criminal defense attorney Frank Carson ("Carson") — and by extension, Bobby and Daljit — in Kauffman's murder. (*Id.*) Plaintiffs allege Bunch subsequently led a task force composed of parties from the Stanislaus County District Attorney's Office, Stanislaus County Sheriff's Department, and the Modesto, Turlock, and Ceres Police Departments. (*Id.* at 4–5.) Plaintiffs refer to these parties collectively as "Government Defendants." (*Id.*) Plaintiffs allege Government Defendants engaged in a pattern of harassment and abuse against Plaintiffs, including unlawful arrests, use of excessive force, defamation, and prosecutions for crimes they did not commit. (*Id.* at 7–14.)

Plaintiffs filed the instant action on February 26, 2015. (ECF No. 1.) On October 9, 2015, the Court stayed the action pending resolution of the criminal case against Bobby and Daljit. (ECF No. 48.) The Court lifted the stay on August 2, 2019, after Bobby and Daljit were acquitted of all charges in the criminal case. (ECF Nos. 60, 61.) Plaintiffs filed the operative First Amended Complaint ("FAC") on July 28, 2020, alleging various 42 U.S.C. § 1983 claims and state law claims. (ECF No. 86.) County Defendants filed a motion to dismiss on August 18, 2020 (ECF No. 94), Ceres Defendants filed a motion to dismiss on August 19, 2020 (ECF No. 95), and Modesto Defendants filed a motion to dismiss on September 1, 2020 (ECF No. 100). Each of Defendants' motions to dismiss are brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and each motion has been fully briefed.

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.  ANALYSIS**

The thrust of each of the instant motions to dismiss is that the FAC should be dismissed because Plaintiffs fail to clearly set forth factual allegations giving rise to each claim. Importantly, most of Plaintiffs' claims against the entity Defendants and supervising Defendants seem to stem from the alleged conduct of the individual Defendants. As will be discussed, the Court agrees the FAC should be dismissed in its entirety pursuant to Rule 8 because the factual basis for each Defendants' liability for each claim is unclear.

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" *See McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 1178. Even if the factual elements of a cause of action

4

are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id.* Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179. Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act, without identifying which party did what specifically; or (2) when one party pleads multiple claims and does not identify which specific facts are allocated to which claim. *Hughey v. Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (citing *In re Mortgages Ltd.*, No. 2:08-bk-07465-RJH, 2013 WL 1336830, at *12 (Bankr. D. Ariz. March 29, 2013); *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). In the instant case, the FAC does both of these things. More specifically, the FAC includes over 50 paragraphs of factual allegations that describe a wide variety of conduct by different individuals from different agencies. (ECF No. 86 at ¶¶ 28–83.) These allegations are later incorporated by reference within thirteen distinct causes of action which are asserted against multiple Defendants collectively and which list only the bare elements of each claim without designating which facts underlie which claim. (*Id.* at ¶¶ 84–171.) This lack of clarity permeates the entire FAC and is a sufficient basis for dismissal. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming a district court's dismissal of an entire complaint that made "everyone did everything allegations" without leave to amend because "[t]he district court made clear . . . that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so); *see also Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840–841 (9th Cir. 2000) (affirming dismissal of a complaint with prejudice where the complaint failed to include short and plain statement of claim of each of the 51 plaintiffs and failed to state each plaintiff's claim in separate count). The Court will address certain arguments from each of the pending motions to dismiss to illustrate the confusion.

///

A.     County Defendants

County Defendants argue Plaintiffs fail to allege specific facts as to each individual's role in each claim. (ECF No. 94.) For example, Plaintiffs sue Lingerfelt and Jacobson — criminal investigators for the Stanislaus County District Attorney's office — in their individual capacities. (ECF No. 86 at 4.) Plaintiffs specifically name Lingerfelt and Jacobson (along with many other Defendants) in Claims One through Seven and Thirteen. (*Id.* at 16–26.) Plaintiffs also bring Claims Eight through Eleven against "All Government Defendants," which presumably includes Lingerfelt and Jacobson. (*Id.* at 23–25.) County Defendants correctly argue Plaintiffs fail to include factual allegations specific to Lingerfelt and Jacobson within any claims. (*Id.* at 16–26.) Although Plaintiffs argue there are sufficient allegations that Lingerfelt and Jacobson were "active participants" in multiple instances of unlawful conduct (ECF No. 115 at 8),[2] the only allegations specific to Lingerfelt and Jacobson in the FAC are as follows: Lingerfelt and Jacobson conducted an interview that resulted in coerced false testimony against Plaintiffs (ECF No. 86 at ¶ 40); Lingerfelt sat in the back seat of a patrol car after Bobby was arrested and placed in the front passenger seat (*id.* at ¶ 45); and Jacobson made intentionally injurious statements to Bobby's wife to intimidate, humiliate, and harass Bobby and his family (*id.* at ¶ 44). Plaintiffs do not identify which of these facts apply to which of the distinct claims brought against Lingerfelt and Jacobson, nor do they explain how these facts support each claim.[3]

County Defendants also argue Plaintiffs fail to identify who arrested them for their unlawful arrest claims and who handcuffed them for their excessive force claims. (ECF No. 94 at 4–5.) In the FAC, Plaintiffs name various Defendants — including attorneys, officers, and other

---

[2]     To support the proposition that their claims against Lingerfelt and Jacobson are adequately pleaded, Plaintiffs cite a sentence from the Court's prior order granting leave to amend. (ECF No. 115 at 8.) In its prior order, the Court generally mentioned that Plaintiffs named Lingerfelt and Jacobson as active participants in the unlawful conduct. (ECF No. 85 at 8.) However, the Court's statement was part of a larger discussion about whether Plaintiffs were capable of alleging malice for their malicious prosecution claim. (*Id.*) The Court did not address whether Plaintiffs adequately pleaded all their claims against Lingerfelt and Jacobson. As such, the Court's prior order is of minimal relevance and does not support Plaintiffs' proposition.

[3]     Because the Court concludes the FAC does not satisfy Rule 8, the Court need not and does not address whether the allegations are sufficient to state a claim.

law enforcement personnel — from separate agencies in their unlawful arrest and excessive claims. (ECF No. 86 at 16–18.) Plaintiffs refer to the parties collectively and fail to make any specific factual allegations as to "how each and every [D]efendant is alleged to have violated plaintiffs' legal rights." *Destfino*, 630 F.3d at 958.

### B. Ceres Defendants

Ceres Defendants argue the FAC contains no factual allegations as to Turlock and makes conclusory allegations as to "Government Defendants" without specifically alleging or attributing any action to Turlock, Ceres, or Redd. (ECF No. 95-1 at 7.) Plaintiffs sue Redd — a detective for the Turlock Police Department — in his individual capacity. (ECF No. 86 at 5.) Plaintiffs bring Claims One through Five, Seven, and Twelve against Redd (and many other Defendants). (*Id.* at 16–28.) Although Plaintiffs do not specifically name Turlock or Ceres in any of their claims, Plaintiffs bring Claims Eight through Eleven against "All Government Defendants," which presumably includes Redd, Turlock, and Ceres. (*Id.* at 23–25.)

In opposition, Plaintiffs argue Ceres Defendants "all personally participated or acted jointly with others who did so in at least the following unlawful conduct": (1) raiding Plaintiffs' homes and businesses even though there was no credible evidence connecting Plaintiffs to Kauffman's death (ECF No. 86 at ¶¶ 38–40, 52–54, 57); (2) arresting Plaintiffs without an arrest warrant or probable cause (*id.* at ¶¶ 41–42, 45–46, 59–60); (3) using excessive force during Plaintiffs' warrantless arrests (*id.* at ¶¶ 41–42, 59); (4) destroying and stealing Plaintiffs' property from their homes and businesses (*id.* at ¶¶ 43, 54–55, 58); (5) causing a car accident during Bobby's warrantless arrest, thereby causing him physical injuries (*id.* at ¶¶ 46–51); (6) harassing and lying to Plaintiffs' customers, thereby harming their business (*id.* at ¶¶ 56, 61–62); and (7) harassing and lying to Plaintiffs' friends and family, thereby harming Plaintiffs' reputations (*id.* at ¶¶ 44, 64). (ECF No. 107 at 7.) Plaintiffs' cited allegations refer to all Defendants collectively. (*Id.* at 16–28.) The only allegations specific to Redd reference a situation when Redd drove the patrol car transporting Bobby after his arrest at a "fast and unsafe speed" and collided with another vehicle. (*Id.* at ¶¶ 45–47.) The FAC contains only one allegation specific to Ceres which states "on March 3, 2014, at around 7:30 a.m., over twenty officers with the Ceres Police

Department SWAT team raided the home of Daljit . . . in Ceres, California." (*Id.* at ¶ 57.) The Court cannot locate any allegations specific to Turlock. Plaintiffs do not identify which of these allegations apply to which of the claims brought against Redd, Ceres, and Turlock, nor do they explain how these facts support each claim against each Defendant. *Destfino*, 630 F.3d at 958.

### C. Modesto Defendants

Modesto Defendants challenge all of Plaintiffs' allegations but argue the allegations against Evers are particularly vague. (ECF No. 100 at 14.) Plaintiff sues Evers — a detective with the Modesto Police Department — in his individual and official capacities. (ECF No. 86 at 5.) Plaintiffs specifically name Evers (along with many other Defendants) in Claims One through Seven and Thirteen. (*Id.* at 16–28.) However, Plaintiffs fail to allege any facts specific to Evers in these claims and refer to Defendants collectively. The only allegations specific to Evers in the FAC are as follows: Evers coerced Woody into giving false testimony about Plaintiffs (ECF No. 86 at ¶ 40); Evers directed a raid of Plaintiffs' convenience stores (*id.* at ¶ 52); Evers subsequently returned to Plaintiffs' convenience stores to harass Plaintiffs and their patrons (*id.* at ¶ 62); and Evers directed the wrongful seizure of Daljit's vehicle (*id.* at ¶ 63). There are no allegations in the FAC specific to Modesto other than its relationship to Evers as his employer. Plaintiffs do not identify which of these facts apply to which of the distinct claims brought against Evers and Modesto, nor do they explain how these facts support each claim. *Destfino*, 630 F.3d at 958.

In sum, this is an impermissible shotgun pleading. Plaintiffs improperly attempt to assert nearly all of their claims against all Defendants collectively and fail to allege facts specific to each Defendant for each particular claim. As such, the Court DISMISSES the FAC in its entirety but will give Plaintiffs an opportunity to amend. *Lopez*, 203 F.3d at 1130. In their amended complaint, Plaintiffs should identify which party did what specifically and which specific facts are allocated to which claim. *See Hughey*, 2014 WL 5473184, at *4; *see also McHenry*, 84 F.3d at 1176 ("[P]laintiffs would be well advised to . . . focus on linking their factual allegations to actual legal claims.").

///

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 94, 95, 100) and DISMISSES the FAC in its entirety with leave to amend.  Plaintiffs shall file their amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file their responsive pleading not later than twenty-one (21) days thereafter.

IT IS SO ORDERED.

DATED: September 27, 2021

　　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　　United States District Judge