UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL and DALJIT ATWAL,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, CITY OF TURLOCK; CITY OF MODESTO; CITY OF CERES; STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY; KIRK BUNCH; JON EVERS; TIMOTHY REDD; DALE LINGERFELT; STEVE JACOBSON; BIRGIT FLADAGER; GALEN CARROLL; PAUL EDWARD JONES,<br><br>Defendants. | Case No. 1:15-cv-00311-TLN-BAM<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>(Doc. 154) |
| WALTER W. WELLS and SCOTT MCFARLANE,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, *et al.,*<br><br>Defendants. | Case No. 1:20-cv-770-TLN-BAM |

Pending before the Court is a discovery dispute brought by Plaintiffs Baljit Athwal and Daljit Athwal and Plaintiffs Walter Wells and Scott MacFarlane to compel Defendant County of Stanislaus to produce further responses to (1) Plaintiff Athwal's Interrogatories Nos. 12 and 13 and Requests for Production ("RFP") Nos. 31-35 and 38; and (2) Plaintiff Wells' Requests for Production Nos. 1, 2, 5

1

and 8.[1]  Plaintiffs filed a pretrial discovery statement on September 22, 2021.  (Doc. 156.)  Defendants County of Stanislaus, Stanislaus County Office of the District Attorney, Kirk Bunch, Dale Lingerfelt, Steve Jacobson, and Birgit Fladager filed an untimely pretrial discovery statement on September 27, 2021.  (Doc. 157.)

The matter was heard via Zoom video on September 29, 2021, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Jessica Grant and Meredith Angueira appeared by Zoom video on behalf of Plaintiffs Baljit Athwal and Daljit Athwal and Plaintiffs Walter Wells and Scott MacFarlane.  Counsel John Whitefleet appeared by Zoom video on behalf of Defendant County of Stanislaus.

For the reasons stated on the record, and as discussed in detail below, Plaintiffs' motion to compel further discovery responses is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On June 4, 2021, Plaintiffs moved to compel Defendant's responses to Plaintiff Athwal's Interrogatories Nos. 12 and 13 and Plaintiff Wells' Requests for Production ("RFP") Nos. 1-5 and 8. (Doc. 138.)  Plaintiffs filed an amended motion to compel on June 16, 2021.  (Doc. 141.)  During meet and confer efforts on July 1, 2021, Defendant agreed to produce responses to RFP Nos. 1 and 2 within two weeks and responses to RFP Nos. 5 and 8 within three weeks.  (*See* Doc. 159.)  Thereafter, on July 23, 2021, the Court issued an order denying Plaintiffs' motion to compel responses to RFP Nos. 3 and 4 and compelling Defendant to provide responses to Interrogatories Nos. 12 and 13 within thirty (30) days.  (Doc. 146.)

On August 2, 2021, the Court held a conference to address the status of Defendant's production.  Plaintiffs reported that they had not received any responsive documents and had not received a response from Defendant.  Counsel for Defendant County of Stanislaus was unaware that an agreement had been reached or even the purpose of the status conference because negotiating counsel was no longer with the defense firm.  The Court set a further status conference for August 6,

---

[1] Plaintiff Athwal's RFPs Nos. 31-35 and 38 are identical to Plaintiff Wells' RFP Nos. 1-5 and 8.  The Court generally will refer to these RFPs collectively as RFP Nos. 1-5 and 8.

2021. (Doc. 149.)

On August 6, 2021, the Court held a status conference to address the status of Defendant's discovery responses. Defendant reported providing responses to RFP Nos. 1, 2, and 8. Defense counsel indicated that a response to RFP No. 5 was being processed and a second search for documents responsive to RFP Nos. 1 and 2 was being conducted to ensure accuracy. The Court ordered Defendant to provide responses to RFP No. 5 and supplemental responses to RFP Nos. 1 and 2 no later than August 27, 2021. Defendant also was ordered to identify if any documents were withheld based on objection or privilege. (Doc. 151.)

On September 1, 2021, the Court held a further status conference to address Defendant's responses to Interrogatories Nos. 12 and 13 and RFP Nos. 1, 2, 5 and 8. Plaintiffs identified deficiencies with Defendant's responses. The Court directed the parties to meet and confer regarding the asserted deficiencies and set the matter for the instant discovery dispute conference on September 29, 2021. The Court instructed the parties to file discovery dispute briefs by September 24, 2021. (Doc. 151.)

Plaintiffs filed their discovery dispute statement on September 22, 2021, identifying deficiencies in Defendant's responses to RFP Nos. 1 and 2 and Interrogatory No. 13. (Doc. 156.) Defendant filed an untimely discovery statement on September 27, 2021, asserting that any issue concerning RFP Nos. 1 and 2 had been resolved and that the response to Interrogatory No. 13 was sufficient under Federal Rule of Civil Procedure 33. (Doc. 157.)

**DISCUSSION**

**A. RFP Nos. 1 and 2**

Plaintiffs contend that Defendant has failed to produce supplement responses to RFP Nos. 1 and 2 and has failed to amend its responses to indicate whether it has conducted a second search for documents responsive to RFP Nos. 1 and 2. Defendant counters that it served a supplemental response to RFP Nos. 1 and 2 on August 27, 2021. Further, defense counsel reportedly informed Plaintiffs that an additional search was performed, which is why the supplemental production reflected the production of additional documents. Defendant therefore asserts that this issue is therefore resolved. (Doc. 157 at 2.)

3

As clarified at the discovery conference, Plaintiffs seek to compel supplemental, verified responses to RFP Nos. 1 and 2 which expressly state under penalty of perjury that Defendant conducted a second search for documents responsive to RFP Nos. 1 and 2 and that any responsive documents were produced.

Plaintiffs' motion to compel a supplemental response to RFP Nos. 1 and 2 will be granted, in part.  Within fourteen (14) days from the date of this Order, Defendant will be required to provide supplemental responses to RFP Nos. 1 and 2 signed by counsel of record certifying that a second search was conducted for responsive documents and that any responsive documents have been produced.  *See* Fed. R. Civ. P 26(g).  Defendant also will be required to indicate if any documents were withheld based on an objection or privilege.  No verified response under oath is required. Fed. R. Civ. P 26(g); 34.

**B.  Interrogatory No. 13:**

Plaintiffs assert that Defendant has not complied with the Court's July 23, 2021 order to provide a response to Interrogatory No. 13, which demands:  "For every PERSON identified in [Interrogatory No. 12], IDENTIFY the facts, including motive, that led you to believe he or she might have been directly or indirectly involved in the murder of Korey Kauffman."  (*See* Doc. 144 at 10-11.)

 Plaintiffs point out that Defendant's amended response to Interrogatory No. 13 invoked Federal Rule of Civil Procedure 33(d) but did not identify any specific records pursuant to that rule. Plaintiffs argue that Defendant's general reference to "reports, interviews, wiretaps" is insufficient to respond to Interrogatory No. 13.  (Doc. 156 at 3.)  In short, Plaintiffs contend that Defendant's response is deficient because it does not identify any facts as required by the interrogatory and merely refers generally to documents produced in discovery.

As to its response to Interrogatory No. 13, Defendant counters that Plaintiffs failed to identify the complete response.  Defendant specifies that, following objections, the response was as follows:

> insofar as the information requested was not maintained in the manner requested, and is equally available to Plaintiffs by reviewing the reports, interviews, wiretaps in the underlying investigation, Defendant opts pursuant to Rule 33(d) of the Federal Rules of Civil Procedure to refer to those reports, interviews, wiretaps in the underlying investigation, which may refer to individuals as suspects or persons of interest, which include Victor Altamirano, Jason Armstrong, Baljit Athwal, Daljit Atwal, Tina Carlos,

4

Frank Carson, Michael Cooley, Rickey Cooley, Christina DeFilippo, Georgia DeFilippo, Filo, Luis Garcia, Rudy Gonzales, Keith Hobbs, Eula Keyes, John Lacey, David McMillian, Charlie Odell, Toby Onate, Eduardo Quintanar, Praveen Singh, Danny Sisco, Brandon Starr, Bobby Tickner, Walter Wells, Robert Woody.

(Doc. 157 at 2-3.)

Defendant explains that there were multiple indices included in the hard drive production of underlying criminal proceedings containing over 300,000 files. The indices are organized by author, Bates Number, Date of Occurrence, and by interviewee. (*Id.* at 3.) Each index has the author of the report, date of the occurrence, date of the report, a summary of the report, the correspondence bates numbers, the corresponding bates references to a transcript if applicable, and several other categories. Defendant indicates that the indices are searchable, with the referenced documents linked to the actual documents. Defendant argues that Plaintiffs may locate the named individuals just as easily as Defendant and the burden is equal for either side to determine the information sought from the available documents. Defendant further argues that when production is accompanied by indices designed to guide the searcher, such production is sufficient and appropriate under Rule 33(d). (*Id.* at 3-4.)

As argued at the conference, Plaintiffs rely on *State of Colorado ex rel. Woodard v. Schmidt-Tiago Const. Co.*, 108 F.R.D. 731, 735 (D. Colo. 1985), for the proposition that Defendant is required to list the specific document provided and indicate the page or paragraphs that are responsive to the "fact" sought in the interrogatory. In the cited case, the plaintiff argued that it had produced thousands of documents and was not required to list specific documents which would answer a specific interrogatory or request for production of documents. The court disagreed, stating that the "appropriate answer when documents are to be used [under Rule 33(d)] is to list the specific document provided the other party and indicat[e] the page or paragraphs that are responsive to the interrogatory." *Id.* at 735.

Plaintiffs note that *Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *3 (S.D. Cal. Sept. 29, 2008), which is relied upon by Defendant to justify its response, also cited *State of Colorado* and similarly explained that when invoking Rule 33(d), the responding party has the duty to specify by category and location, the records from which answers to interrogatories can be derived. *Id.* In *Forest Guardians*, defendant responded to interrogatories by

5

generally citing to records contained in the administrative record.  The court found this response insufficient, explaining that an index "is a roadmap to all documents that are contained within the administrative record, not a roadmap to documents from which an answer to a specific interrogatory can be ascertained." *Id.*  The court reasoned that "[i]t is inconceivable that all documents contained within the administrative record are responsive to each interrogatory. A more appropriate response would be to identify documents listed on the index that are responsive to each specific interrogatory." *Id.*

Having considered the parties' arguments, the Court finds the cited cases distinguishable.  The Court accepts Defendant's argument that this is not a simple case and it is uncertain when a person becomes a "suspect" as requested by Plaintiffs' interrogatory.  As Defendant points out, such a determination is a moving target.  This is particularly so where the murder underlying this case was investigated for 18 months and involved a 14-month preliminary hearing.  Interrogatory No. 13 interrogatory asks for "facts" relating to every person identified as a suspect identified in interrogatory 12.  Defendant identified over twenty-five different individuals.  Unlike the cited cases, here, it is entirely conceivable that each document provides a piece of a complex puzzle. Given this complexity, it is probable that each of the documents produced and listed in the indices are responsive to the interrogatory.  Defendant appropriately provided indices to guide the searcher to the responsive documents.  *See O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999) (holding that when voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories).

The Court is also convinced by Defendant's representation at the conference that individuals familiar with the investigation of "suspects" are no longer employed by county.  Thus, the burden of deriving the answers is the same for both parties. Fed. R. Civ. P. 33(d); *cf. O'Connor,* 185 F.R.D. at 278 ("Without detailed specification by category and location of responsive documents, the burden of deriving the answers to the interrogatories is not the same for the parties; rather, it would be easier for persons employed by the defendants to locate responsive documents").

For these reasons, Plaintiffs' motion to compel a further response to Interrogatory No. 13 will be denied.

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motion to compel a supplemental response to RFP Nos. 1 and 2 is GRANTED in part;

2. Within **fourteen (14) days** from the date of this Order, Defendant shall provide supplemental responses to RFP Nos. 1 and 2 signed by counsel of record certifying that a second search was conducted for responsive documents and that any responsive documents have been produced. Defendant also shall indicate if any documents were withheld based on an objection or privilege; and

3. Plaintiffs' motion to compel a further response to Interrogatory No. 13 is DENIED.

IT IS SO ORDERED.

Dated:   **October 1, 2021**          /s/ *Barbara A. McAuliffe*          
                                UNITED STATES MAGISTRATE JUDGE