Bradley J. Swingle, SBN 171535
Amanda J. Heitlinger, SBN 271469
**ARATA, SWINGLE, VAN EGMOND & HEITLINGER**
**A Professional Law Corporation**
1207 I Street
Post Office Box 3287
Modesto, California 95354
Telephone: (209) 522-2211
Facsimile: (209) 522-2980

Attorneys for Defendants
CITY OF CERES, CITY OF TURLOCK, TIMOTHY REDD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL; NAVNEET ATHWAL; DALJIT ATWAL;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS; CITY OF TURLOCK; CITY OF MODESTO; CITY OF CERES; STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY; KIRK BUNCH; JON EVERS; TIMOTHY REDD; DALE LINGERFELT; STEVE JACOBSON; BIRGIT FLADAGER; GALEN CARROLL; PAUL EDWARD JONES,<br><br>Defendants.<br>_____ / | Case No: 1:15-CV-00311-TLN-BAM<br><br>Honorable Troy L. Nunley<br><br>**STIPULATION RE DETERMINATION OF GOOD FAITH SETTLEMENT OF DEFENDANTS CITY OF CERES, CITY OF TURLOCK AND TIMOTHY REDD WITH PLAINTIFFS** |

IT IS HEREBY STIPULATED by and between plaintiffs, BALJIT ATHWAL and DALJIT ATWAL (hereafter "PLAINTIFFS" when referred to collectively), defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY, KIRK BUNCH, DALE LINGERFELT, STEVE JACOBSON, and BIRGIT FLADAGER (hereafter "COUNTY"), defendants CITY OF TURLOCK and TIMOTHY REDD (hereafter "TURLOCK"), defendants CITY OF MODESTO, JON EVERS, and GALEN CARROLL (hereafter "MODESTO"), and defendant CITY OF CERES (hereafter "CERES"), as follows:

    1.    TURLOCK and CERES are defendants in this action.

2. TURLOCK and CERES have reached an agreement with PLAINTIFFS to pay to them the total sum of $25,000.00, with BALJIT ATHWAL receiving $20,000.00 and DALJIT ATWAL receiving $5,000.00, in exchange for a dismissal of PLAINTIFFS' Claims against TURLOCK and CERES.

3. PLAINTIFFS, COUNTY, MODESTO, TURLOCK, and CERES all hereby agree and stipulate that the settlement between PLAINTIFFS, TURLOCK, and CERES is in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6.

4. California Code of Civil Procedure section 877 et. seq. governs the determination of whether the settlement entered into by and between PLAINTIFFS, TURLOCK, and CERES is in good faith. A settling party may seek a determination that a settlement was made in good faith under California Code of Civil Procedure section 877.6 in federal court. *Fed. Sav. &Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while the "section 877.6 procedures do not govern a federal action . . . the substantive provisions. . . are applicable"); *Jette v. Orange Cnty., Fin., Inc.*, No. 2:08-cv-01767 GEB KJM, 2010 WL 3341561, at *2 (E.D. Cal. Aug. 23, 2010); *Maxwell v. MortgageIT, Inc.*, No. 1:08-CV-01329 OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. June 1, 2010) (stating that "federal courts may enter . . . determinations" under section 877.6); *Sunterra Corp. v. Perini Bldg. Co.*, No. 2:04-cv-00784 MCE EFB, 2009 WL 2136108, at *1 (E.D. Cal. July 15, 2009) (stating that "[a] district court may properly consult the provisions of §877.6 in determining whether an early settlement meets the requisite good faith scrutiny").

Section 877.6 provides:

(a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . ., upon giving notice . . . .

(2) In the alternative, a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. . . .

(b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.

(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . .

for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

(d) The party asserting the lack of good faith shall have the burden of proof on that issue.

California Code of Civil Procedure section 877.6.

Here, this application is unopposed and is stipulated to by all of the parties in this litigation.

5.  Pursuant to California Code of Civil Procedure sections 877 and 877.6, all further Claims against TURLOCK and CERES for equitable comparative contribution, or partial or comparative indemnity, shall be barred.

DATED:   March 17, 2022     ARATA, SWINGLE, VAN EGMOND & HEITLINGER
                            A Professional Law Corporation


                            By    /s/ Bradley J. Swingle
                            Bradley J. Swingle
                            Attorneys for Defendants
                            CITY OF CERES, CITY OF TURLOCK
                            TIMOTHY REDD

DATED: March 17, 2022       MORRISON & FOERSTER LLP


                            By:   /s/ Arturo J. Gonzalez (authorized per email)
                            Arturo J. Gonzalez
                            Attorneys for Plaintiffs
                            BALJIT ATHWAL and DALJIT ATWAL

DATED: March 17, 2022       ALLEN, GLAESSNER, HAZELWOOD & WERTH


                            By    /s/ Patrick D. Moriarty (authorized per email)
                            Patrick D. Moriarty
                            Attorneys for Defendants
                            CITY OF MODESTO, CHIEF GALEN
                            CARROLL and DETECTIVE JON EVERS

DATED: March 17, 2022       PORTER SCOTT, APC


                            By    /s/ John R. Whitefleet (authorized per email)
                            John R. Whitefleet
                            Attorneys for Defendants
                            COUNTY OF STANISLAUS, STANISLAUS
                            COUNTY OFFICE OF THE DISTRICT ATTORNEY,
                            KIRK BUNCH, DALE LINGERFELT, STEVE
                            JACOBSON and BIRGIT FLADAGER

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated Stipulation is and shall be the Order of the Court. The settlement between plaintiffs BALJIT ATHWAL, DALJIT ATWAL, TURLOCK, and CERES is hereby deemed to be a good faith settlement within the meaning and effect of California Code of Civil Procedure sections 877 and 877.6. Any further claims of any joint tortfeasors or co-obligors relating to the subject matter of this lawsuit against TURLOCK and CERES for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault are hereby forever barred and dismissed with prejudice pursuant to California Code of Civil Procedure section 877.6, subdivision (c).

**IT IS SO ORDERED.**

DATED: March 17, 2022

_____
Troy L. Nunley
United States District Judge