Bradley J. Swingle, SBN 171535
Amanda J. Heitlinger, SBN 271469
**ARATA, SWINGLE, VAN EGMOND & HEITLINGER**
**A Professional Law Corporation**
1207 I Street
Post Office Box 3287
Modesto, California 95354
Telephone: (209) 522-2211
Facsimile: (209) 522-2980

Attorneys for Defendants
CITY OF CERES, CITY OF TURLOCK, TIMOTHY REDD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL; NAVNEET ATHWAL; DALJIT ATWAL; | Case No:  1:15-CV-00311-TLN-BAM |
| Plaintiffs, | Honorable Troy L. Nunley |
| vs. | **AMENDED STIPULATION RE DETERMINATION OF GOOD FAITH SETTLEMENT OF DEFENDANTS CITY OF CERES, CITY OF TURLOCK AND TIMOTHY REDD WITH PLAINTIFFS AND ORDER** |
| COUNTY OF STANISLAUS; CITY OF TURLOCK; CITY OF MODESTO; CITY OF CERES; STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY; KIRK BUNCH; JON EVERS; TIMOTHY REDD; DALE LINGERFELT; STEVE JACOBSON; BIRGIT FLADAGER; GALEN CARROLL; PAUL EDWARD JONES, | |
| Defendants. | |
| _____/ | |

IT IS HEREBY STIPULATED by and between plaintiffs, BALJIT ATHWAL and DALJIT ATWAL (hereafter "PLAINTIFFS" when referred to collectively), defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY OFFICE OF THE DISTRICT ATTORNEY, KIRK BUNCH, DALE LINGERFELT, STEVE JACOBSON, and BIRGIT FLADAGER (hereafter "COUNTY"), defendants CITY OF TURLOCK and TIMOTHY REDD (hereafter "TURLOCK"), defendants CITY OF MODESTO, JON EVERS, and GALEN CARROLL (hereafter "MODESTO"), and defendant CITY OF CERES (hereafter "CERES"), as follows:

    1.    TURLOCK and CERES are defendants in this action.

STIPULATION FOR GOOD FAITH SETTLEMENT AND ORDER THEREON - 1

1    2.    TURLOCK and CERES have reached an agreement with PLAINTIFFS to pay to them

2 the total sum of $25,000.00, with BALJIT ATHWAL receiving $20,000.00 and DALJIT ATWAL

3 receiving $5,000.00, in exchange for a dismissal of PLAINTIFFS' Claims against TURLOCK and

4 CERES.

5    3.    PLAINTIFFS, COUNTY, MODESTO, TURLOCK, and CERES all hereby agree and

6 stipulate that the settlement between PLAINTIFFS, TURLOCK, and CERES is in good faith pursuant

7 to California Code of Civil Procedure sections 877 and 877.6.

8    4.    California Code of Civil Procedure section 877 et. seq. governs the determination of

9 whether the settlement entered into by and between PLAINTIFFS, TURLOCK, and CERES is in

10 good faith. A settling party may seek a determination that a settlement was made in good faith under

11 California Code of Civil Procedure section 877.6 in federal court. *Fed. Sav. &Loan Ins. Corp. v.*

12 *Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while the "section 877.6 procedures do not

13 govern a federal action . . . the substantive provisions. . . are applicable"); *Jette v. Orange Cnty., Fin.,*

14 *Inc.,* No. 2:08-cv-01767 GEB KJM, 2010 WL 3341561, at *2 (E.D. Cal. Aug. 23, 2010); *Maxwell v.*

15 *MortgageIT, Inc.*, No. 1:08-CV-01329 OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. June 1,

16 2010) (stating that "federal courts may enter . . . determinations" under section 877.6); *Sunterra Corp.*

17 *v. Perini Bldg. Co.*, No. 2:04-cv-00784 MCE EFB, 2009 WL 2136108, at *1 (E.D. Cal. July 15,

18 2009) (stating that "[a] district court may properly consult the provisions of §877.6 in determining

19 whether an early settlement meets the requisite good faith scrutiny").

20    Section 877.6 provides:

21    (a)(1) Any party to an action in which it is alleged that two or more parties are joint
      tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a
22    settlement entered into by the plaintiff or other claimant and one or more alleged
      tortfeasors . . ., upon giving notice . . . .
23
24    (2) In the alternative, a settling party may give notice of settlement to all parties and
      to the court, together with an application for determination of good faith settlement
      and a proposed order. . . .
25
26    (b) The issue of the good faith of a settlement may be determined by the court on the
      basis of affidavits served with the notice of hearing, and any counteraffidavits filed in
      response, or the court may, in its discretion, receive other evidence at the hearing.
27
28    (c) A determination by the court that the settlement was made in good faith shall bar
      any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . .

STIPULATION FOR GOOD FAITH SETTLEMENT AND ORDER THEREON - 2

1    for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

2

3    (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

4    California Code of Civil Procedure section 877.6.

5    Here, this application is unopposed and is stipulated to by all of the parties in this litigation.

6    5.    Pursuant to California Code of Civil Procedure sections 877 and 877.6, all further

7    Claims against TURLOCK and CERES for equitable comparative contribution, or partial or

8    comparative indemnity, shall be barred.

9    DATED:  March 21, 2022         ARATA, SWINGLE, VAN EGMOND & HEITLINGER
                                     A Professional Law Corporation

10

11                                   By____/s/ Bradley J. Swingle_____
                                     Bradley J. Swingle

12                                   Attorneys for Defendants
                                     CITY OF CERES, CITY OF TURLOCK

13                                   TIMOTHY REDD

14   DATED: March 17, 2022          MORRISON & FOERSTER LLP

15
                                     By:____/s/ Arturo J. Gonzalez (authorized per email)
16                                   Arturo J. Gonzalez
                                     Attorneys for Plaintiffs

17                                   BALJIT ATHWAL and DALJIT ATWAL

18
     DATED: March 17, 2022          ALLEN, GLAESSNER, HAZELWOOD & WERTH
19

20
                                     By____/s/ Patrick D. Moriarty (authorized per email)
21                                   Patrick D. Moriarty
                                     Attorneys for Defendants

22                                   CITY OF MODESTO, CHIEF GALEN
                                     CARROLL and DETECTIVE JON EVERS

23   DATED: March 17, 2022          PORTER SCOTT, APC

24

25                                   By____/s/ John R. Whitefleet (authorized per email)
                                     John R. Whitefleet

26                                   Attorneys for Defendants
                                     COUNTY OF STANISLAUS, STANISLAUS

27                                   COUNTY OFFICE OF THE DISTRICT ATTORNEY,
                                     KIRK BUNCH, DALE LINGERFELT, STEVE

28                                   JACOBSON and BIRGIT FLADAGER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated Stipulation is and shall be the Order of the Court. The settlement between plaintiffs BALJIT ATHWAL, DALJIT ATWAL, the CITY OF TURLOCK, the CITY OF CERES, and TIMOTHY REDD is hereby deemed to be a good faith settlement within the meaning and effect of California Code of Civil Procedure sections 877 and 877.6. Any further claims of any joint tortfeasors or co-obligors relating to the subject matter of this lawsuit against the CITY OF TURLOCK, CITY OF CERES, and TIMOTHY REDD for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault are hereby forever barred and dismissed with prejudice pursuant to California Code of Civil Procedure section 877.6, subdivision (c).


**IT IS SO ORDERED.**


DATED: March 21, 2022

_____
Troy L. Nunley
United States District Judge

STIPULATION FOR GOOD FAITH SETTLEMENT AND ORDER THEREON - 4