**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF STANISLAUS, BIRGIT FLADAGER, KIRK BUNCH, DALE LINGERFELT, STEVE JACOBSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL; DALJIT ATWAL,<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS; CITY OF MODESTO; CITY OF TURLOCK; KIRK BUNCH; JON EVERS; DALE LINGERFELT; STEVE JACOBSON; BIRGIT FLADAGER; GALEN CARROLL;<br><br>  Defendants.<br>_____/ | CASE NO. 1:15-cv-00311-TLN-BAM<br><br>**STANISLAUS COUNTY DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Complaint Filed: 02/26/15<br>First Amended Complaint Filed: 07/28/20<br>Second Amended Complaint: 11/18/21 |

Defendants COUNTY OF STANISLAUS, BIRGIT FLADAGER, KIRK BUNCH, STEVE JACOBSON, and DALE LINGERFELT hereby submit the following Reply to Plaintiffs' Opposition to Defendants Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC").

## I. ARGUMENT

**A.  Plaintiffs' Second Amended Complaint Constitutes an Impermissible "Shotgun Pleading" and should be dismissed.**

In their Motion to Dismiss ("Motion"), Defendants argue the SAC constitutes an impermissible shotgun pleading as Plaintiffs incorporate by reference in each claim between 70-90 paragraphs of

1

factual allegations that describe a variety of conduct by different actors from different agencies. Plaintiffs fail to address this argument and thus concede it. *Silva v. U.S. Bancorp,* 2011 WL 7096576, *3 (C.D. Cal. Oct. 6, 2011). Plaintiffs' SAC should be dismissed in its entirety without leave to amend.

**B.  Claims Based on Plaintiff Daljit Atwal's July 15, 2012 Arrest are Barred by the Statute of Limitations.**

Defendants argue that Plaintiff Daljit Atwal's Fourth Amendment claim predicated on his alleged July 15, 2012 arrest is barred by the two-year statute of limitations. Plaintiffs fail to oppose this argument and therefore concede it. Plaintiffs' Fourth Amendment claim, insofar as it is predicated on the alleged July 12, 2012 arrest, should be dismissed without leave to amend.

**C.  Claims Based on Plaintiffs' August 2015 Arrests or the Warrant Affidavit are Barred by the Statute of Limitations.**

Plaintiffs' claims predicated on the August 2015 arrests or the warrant affidavit are barred by the statute of limitations because they were raised for the first time in Plaintiffs' SAC filed on November 18, 2021 – well outside the two-year statute of limitations. The new claims do not relate back to the original filing date.

In opposition, Plaintiffs argue that the claims predicated on the August 2015 arrests or warrant affidavit (judicial deception and deliberate fabrication) were timely pled as those claims were pled in Plaintiffs' FAC, which was filed within the two-year statute of limitations period. Plaintiffs misstate the contents of the FAC. First, in the FAC, Plaintiffs alleged a Fourth Amendment claim based on the alleged March 2014 arrests. Contrary to Plaintiffs' argument, they did not allege a Fourth Amendment claim based on their August 2015 arrests or the arrest warrant affidavit (*See,* FAC, ¶¶ 84-92). Second, Plaintiffs did not allege a Fourth Amendment judicial deception claim in their FAC. Third, while Plaintiffs alleged a Fourteenth Amendment deliberate fabrication claim in their FAC, that claim was not predicated on the August 2015 arrests or the warrant affidavit (*See,* FAC, ¶¶ 135-143). The claims for judicial deception and deliberate fabrication predicated on the 2015 arrests and arrest warrant affidavit were raised for the first time in Plaintiffs' SAC filed on November 18, 2021, after the statute of limitations had expired.

Plaintiffs next argue that insofar as these claims were raised for the first time in the SAC, they relate back to the filing of the FAC because "the SAC is based on the same core set of facts as the FAC." (Opp., p. 6). Contrary to Plaintiffs' assertion, the FAC made no reference whatsoever to the

August 2015 arrest warrant affidavit and contained no factual predicates to put Defendants on notice of such claims. *See Pointe San Diego Residential Comm., L.P. v. Procopio, Cory Hargreaves & Savitch, LLP*, 195 Cal.App. 4th 265, 277 (2011) ("the critical inquiry is whether the defendant had adequate notice of the claim based on the original pleading.") Claims based on the August 2015 arrests or the arrest warrant affidavit are time-barred, do not relate back, and should be dismissed.

D. **Claims Against Defendant Fladager, to the Extent they Rely on Conduct Related to the August 2015 Arrest Warrants, are Barred by the Statute of Limitations.**

Defendants argue that Plaintiffs' claims against Defendant Fladager, to the extent they rely on conduct related to the 2015 arrest warrants, are barred by the two-year statute of limitations. The statute of limitations was not tolled by Gov. Code §945.3, as Defendant Fladager is not a "peace officer" within the meaning of the statute.

In opposition, Plaintiffs argue claims against Defendant Fladager were timely filed because they were originally plead in the FAC, filed in 2020. That argument fails, as Plaintiffs completely overlook (and do not address) that the limitations period for claims against Defendant Fladager was not tolled during the pendency of the criminal proceedings. For instance, Plaintiffs' judicial deception claim accrued in August 2015 when the warrant affidavit was posted online for public access. *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278-79 (9th Cir. 2017). Plaintiffs had two years (until 2017) to bring claims against Defendant Fladager based on the warrant affidavit. Important to the analysis here, the statute of limitations was not tolled by Gov. Code §945.3 because Defendant Fladager is not a "peace officer" as that term is defined in the Cal. Penal Code §830 and 830.1(a) to define "peace officer". *See also* Cal. Penal Code §832.9 (distinguishing between "peace officers" and attorneys). Even assuming Plaintiffs raised their judicial deception claim in their FAC filed in 2020, those claims were raised after the statute of limitations expired. Furthermore, Plaintiffs' argument that the Court-imposed stay in this case tolled the statute of limitations is unavailing, and Plaintiffs cite no legal authority to support the argument.

Claims against Defendant Fladager predicated on the 2015 arrest warrant affidavit are time-barred and should be dismissed

E. **The Eleventh Amendment Bars Claims Against Defendant Fladager in her Official Capacity and Against the County for Municipal Policies that are Prosecutorial in Nature**

Defendants argue that insofar as Plaintiffs allege claims against Stanislaus County District

Attorney Fladager in her official capacity or for promulgating policies of the District Attorney's Office that are prosecutorial in nature, such claims are precluded by the Eleventh Amendment.

Plaintiffs argue in opposition that Defendant Fladager is "not entitled to Eleventh Amendment immunity against allegations that she failed to properly train her investigators and that her policies, practices, and customs enabled them to violate Plaintiffs' constitutional rights." (Opp., p. 8). Defendants do not dispute that Eleventh Amendment immunity does not preclude claims based on policies of the District Attorney's office that are *administrative* in nature. However, Plaintiffs allege that Defendant Fladager failed to provide adequate training and ratified the alleged malicious prosecution (SAC, ¶128). These alleged policies are prosecutorial in nature and barred by the Eleventh Amendment. Moreover, because Plaintiffs' complaint constitutes an impermissible shotgun pleading, it is difficult for Defendants to determine what policies, customs, or practices Plaintiffs actually allege. To the extent Plaintiffs allege other policies, customs, or policies that are prosecutorial in nature, they are barred by Eleventh Amendment immunity and should be dismissed.

**F.     Defendant Fladager is Entitled to Absolute Immunity in her Role as a Prosecutor**

Defendants similarly argue that Defendant Fladager in her individual capacity is "absolutely immune from liability under §1983 for her conduct in 'initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 476 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

Plaintiffs state in opposition that their "allegations of Fladager's administrative and investigative misconduct foreclose any finding that absolute prosecutorial immunity applies." (Opp., p. 8). Defendants do not dispute that insofar as Plaintiffs' claims against Defendant Fladager are predicated solely on alleged administrative and investigatory conduct, she is not entitled to absolute immunity. However, the SAC contains several allegations against Defendant Fladager that include alleged prosecutorial conduct. See SAC ¶¶ 46, 97, 128, 132, 152. While Plaintiffs' allegations are vague, to the extent they allege conduct that is prosecutorial in nature, or intimately associated with the judicial phase of the criminal process, Defendant Fladager is entitled to absolute immunity.

G. **Plaintiffs Fail to State a Claim under the Fourth Amendment for Unlawful Search and Seizure Based on Judicial Deception.**

The allegations in support of Plaintiffs' judicial deception claim are too conclusory to plausibly state a claim because they omit specific facts as to each Defendant's causal role in the alleged constitutional deprivations. Further, Plaintiffs fail to make a "substantial showing" that any alleged fabrication/omission was made intentionally or with reckless disregard for the truth by any Defendant or that such fabrications/omissions were material to the finding of probable.

In opposition, Plaintiffs argue that the "SAC alleges in great detail the misconduct of each individual and notes that they acted in concert." (Opp., p. 12). To the contrary, Plaintiffs' SAC alleges in conclusory fashion only that "[t]he fabrications were made pursuant to an agreement among [Defendants]" and that "[t]he affidavit was reviewed by at least the following individuals, all of whom knew or should have known that these statements were false: Defendants Fladager, Bunch, Evers, and Jacobson [...]". (SAC ¶134). Plaintiffs fail to identify with any level of specificity each Defendant's role in the preparation or review of the arrest warrant affidavit.

Next, to support that they made a "substantial showing" that the alleged fabrications/omissions were made intentionally or with reckless disregard for the truth, Plaintiffs argue that the "SAC lays out in detail more than 22 deliberately false and misleading statements or omissions in the warrant affidavit" and that "no reasonable prosecutor would have brought charges based on this evidence." (Opp., p. 11). According to Plaintiffs, allegations in a complaint containing only the alleged fabrications/omissions is sufficient to state a judicial deception claim. In support, Plaintiffs cite to *Sigal v. Cnty. Of Los Angeles*, 2017 WL 10560532 (C.D. Cal. Aug. 28, 2017) and *Shavers v. Murphy*, 2017 WL 2335541 (N.D. Cal. May 30, 2017), but their reliance on those cases is misplaced. *In Sigal*, the court found that plaintiff's judicial deception allegations, which contained the specific misrepresentations alleged to have been contained in a warrant application, were sufficient to state a claim against the *author* of the warrant application, who was the primary social worker handling the investigation, and her immediate supervisor, who was intimately involved in the investigation and reviewed the warrant application prior to filing. Similarly in *Shavers*, the court held that plaintiff stated sufficient facts to state a judicial deception claims against the *author* of an arrest warrant affidavit.

Here, the author of the 2015 warrant affidavit was Cory Brown, who is not a named defendant in this case. Nevertheless, Plaintiffs allege in conclusory fashion that all Defendants "agreed" to

include fabrications in the warrant affidavit and reviewed it prior to filing. Yet, Plaintiffs provide no factual support for those conclusions. For instance, Plaintiffs provide no factual predicates to support that Defendant Jacobson prepared or supervised the preparation of the warrant affidavit, agreed to include the "22 deliberately false and misleading statements or omissions" or knew that such statements were false, or that he reviewed the affidavit before it was filed. Such scant conclusory allegations are insufficient to state a claim against Defendants.

Additionally, Plaintiffs fail to allege the materiality to the finding of probable cause of the alleged misrepresentations/omissions. Plaintiffs' judicial deception claim should be dismissed without leave to amend.

### H. Plaintiffs Fail to State a Cognizable Claim for Malicious Prosecution Under the Fourth and Fourteenth Amendments.

Plaintiffs' allegations in support of the malicious prosecution claim are conclusory and insufficient to state a plausible claim. Moreover, Plaintiffs fail to allege each Defendant acted with the specific purpose of depriving Plaintiffs of a specific constitutional right. Lastly, Defendants argue that Plaintiffs' claim could not be based on a violation of the substantive due process clause of the Fourteenth Amendment.

In response, Plaintiffs first rely on this Court's July 28, 2020 Order [ECF No. 85] and the holding that Plaintiffs' malicious prosecution claim was not futile. [ECF No. 85, 7-8]. Plaintiffs' reliance on that Order is misguided, as the Court evaluated Plaintiffs' claim in the context of a Motion to Amend Complaint, not in the context of a Motion to Dismiss. Second, Plaintiffs ignore the fact that once they filed their FAC, this Court dismissed it in its entirety because it constituted an impermissible shotgun pleading.

Next, to demonstrate that they have sufficiently plead their claim, Plaintiffs point to several disconnected paragraphs in the SAC alleging different conduct by different Defendants. In their claim, Plaintiffs incorporate by reference <u>56 paragraphs</u> of factual averments for Defendants to sift through only to guess which allegations support the malicious prosecution claim. This method of shotgun pleading is exactly what gave rise to this Court's Order dismissing Plaintiffs' FAC in its entirety. As if that style of pleading was not confusing enough, Plaintiffs now assert that because Defendants were members of an alleged conspiracy, all actions by any member of the conspiracy are imputed to each Defendant. (Opp., p. 13). That argument should be rejected, as Plaintiffs have not asserted a claim for

conspiracy and raise this argument for the first time in their Opposition.[1]

This claim should be dismissed.

## I. Plaintiffs Fail to State a *Monell* Claim or any Federal Claim for Relief Against Defendant County of Stanislaus.

Plaintiffs fail to state a plausible *Monell* claim or demonstrate an unconstitutional policy, custom, or practice that is so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Defendants further argue that insofar as Plaintiffs' *Monell* claim is predicated on a theory of failure to train or ratification, the allegations are too conclusory and merely recite the elements of a theory of municipal liability.

In opposition, Plaintiffs claim that "Defendants Fladager and Bunch were 'authorized policymakers' who knew, approved of, and ratified the conduct of other County officials on the task force." (Opp., p. 17). They further claim that Defendant Fladager's orders "had the effect of setting a particular course of action", that "she was briefed on the status of the Task Force and involved in discussions of next steps", and that Defendants Fladager and Bunch "knew, approved of, and ratified the arrest warrant affidavit notwithstanding the false and misleading statements in that document and ignored other more plausible suspects." (Opp., p. 17-18). These allegations, like those in the SAC, are conclusory and fail to state what actions by Defendants Fladager and Bunch constituted approval. Conclusory and threadbare allegations are insufficient to state a claim. *Perryman v. City of Pittsburg*, 545 F.Supp.3d 796, 803 (N.D. Cal. Feb. 10, 2021) (dismissing ratification theory of municipal liability as allegations were conclusory and lacked factual support).

Next, Plaintiffs argue that "the County is liable for a failure to train Fladager, Bunch, Jacobson, and Lingerfelt" and that there was "pattern or practice of arresting individuals without arrest warrants or probable cause and that the County did not respond with appropriate training to avoid such [constitutional] violations the future." (Opp., p. 18). Yet, in their SAC, Plaintiffs allege that Plaintiffs' 2012 and 2014 "arrests" were consistent with the County's policy of "unlawfully transport[ing] persons to the police station for questioning after execution of a search warrant" and that the County's training was not adequate to handle the foreseeable situation that occurred on July 15, 2012 and March 3, 2014.

---

[1] Additionally, Plaintiffs argued that "this Court has held similar allegations against Defendants Bunch and Jacobson were enough to show that they were active participants." (Opp., p. 13). That argument is misguided because, again, the Court made that finding in the context of a Motion to Amend.

(SAC, ¶117). Plaintiffs fail to identify the alleged deficient training practices, how those alleged training practices were deficient, or how the County acted deliberately indifferent regarding training. *See Young v. City of Visalia*, 687 F.Supp.2d 1141, 1149 (E.D. Cal. Aug. 18, 2019). Plaintiffs fail to adequately allege a municipal liability claim predicated on a failure to train.[2]

Lastly, Plaintiffs argue that the County has a pattern or practice of "unlawful arrests when Defendants have a search warrant, but not an arrest warrant based on the fact that all of the Defendant agencies agreed in advance to transport Bobby and Dee to the police station for interrogation" and that such allegations are sufficient to state a *Monell* claim. In support, Plaintiffs cite to *J.M. v. County of Stanislaus*, 2018 WL 5879725 (E.D. Cal. Nov. 7, 2018). However, *J.M.* supports Defendants' argument that Plaintiffs fail to allege practices of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy" and that such practices "may not be "predicated on isolated or sporadic incidents." In *J.M.*, the court found that plaintiff's identification of four incidents of alleged unconditional conduct within a seven-month period was sufficient to infer that the defendant county had a "policy, custom, or practice of acquiescing to the use of excessive force." Id. at *5. Here, Plaintiffs identify only two unrelated incidents that occurred almost two years apart. Plaintiffs fail to allege persistent or widespread conduct sufficient to infer the existence of a policy, custom, or practice.

Plaintiffs' *Monell* claim should be dismissed.

### J. Plaintiffs Fail to State a Fourteenth Amendment Claim for Deliberate Fabrication

Plaintiffs fail to state a claim for deliberate fabrication because the "false or misleading" evidence alleged during the preliminary hearing or trial did not *subject* Plaintiffs to criminal charges as required under *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (as charges had already been filed), and Defendants are entitled to absolute immunity for any conduct associated with the presentation of evidence or witness immunity. Additionally, Plaintiffs fail to allege that Defendants knowingly provided the alleged false evidence to prosecutors or that prosecutors relied on such evidence in bringing criminal charges.

Plaintiffs argue in opposition that "[a]llegations that identify 'who fabricated what piece of evidence when, [and explain] how the evidence was fabricated and what the truth was' are sufficient to

---

[2] Plaintiffs allege *Monell* liability based on the failure to train Defendant Evers. (Opp., p. 17). That claim fails because Defendant Evers is not employed with the County of Stanislaus.

plead a [deliberate fabrication] claim." (Opp., p. 20) citing *Theodoropoulous*, 2019 WL5978876, *18 (cite). Yet, Plaintiffs fail to meet that criterion in their SAC, as their allegations against each Defendant for deliberate fabrication are vague. Again, Defendants are required to sift through 88 pages of factual allegations to determine which Defendant is alleged to have fabricated which piece of evidence and when.

Defendants submit that Plaintiffs' additional arguments are unavailing given the vagueness of the allegations. This claim should be dismissed.

### K. Leave to Amend Should be Denied.

Leave to file an amended complaint should be denied. *See In re VeriFone Sec. Litig.*, 11 F.3d 865, 872 (9th Cir. 1993) (denying leave to amend when plaintiffs failed to allege additional facts which might cure defects in complaint). Plaintiffs have already filed three deficient complaints and still fail to cure the defects. Any additional amendment would be futile and should not be permitted. *See Destfino v. Reiswig*, 630 F.3d 952, 958-959 (9th Cir. 2011) (affirming lower court's dismissal with prejudice of plaintiffs' second amended complaint explaining, "[p]laintiffs had three bites at the apple, and the court acted well within its discretion in disallowing a fourth.") Accordingly, leave to amend should be denied.

Dated: May 26, 2022

                                    PORTER SCOTT
                                    A PROFESSIONAL CORPORATION

                                    By:   /s/John R. Whitefleet
                                          John R. Whitefleet
                                          Attorneys for Defendants COUNTY OF STANISLAUS, BIRGIT FLADAGER, KIRK BUNCH, DALE LINGERFELT, STEVE JACOBSON