UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL, et al., | No. 1:15-cv-00311-DJC-CSK |
| Plaintiffs, | |
| v. | **ORDER** |
| COUNTY OF STANSILAUS, et al., | |
| Defendants. | |

At the hearing on Defendants' Motion for Summary Judgment (Mot. (ECF No. 263-1)), the Court ruled on most Defendants' Motion with the exception of Defendants' arguments regarding the insufficiency of the Bane Act claims brought by the Estate of Frank Carson.[1] The Court now enters this order as to that remaining ground for summary judgment.

In their Motion, Defendants argued that those Plaintiff's Bane Act claims were legally insufficient as they had failed to show that Carson was personally subject to threats, intimidation, and coercion and cite the decision of the California Appellate Court in *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012). *Shoyoye* considered whether a plaintiff was subject to an overlong detention could state a

---

[1] Plaintiffs Georgia DeFilippo, Christina DeFilippo, and Eduardo Quintanar, Jr. also brought Bane Act claims, but Defendants Motion only moves for summary judgment as to Plaintiff Estate of Carson's claims. (*See* Mot. at 22–23.)

1  Bane Act claim where that detention was based on an error. *See id.* The *Shoyoye*
2  court ultimately determined that a Bane Act claim was not viable on such a basis and
3  stated:

> [W]e conclude that where coercion is inherent in the constitutional violation alleged, i.e., an overdetention in County jail, the statutory requirement of "threats, intimidation, or coercion" is not met. The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself.

*Id.* at 959.

In the time since *Shoyoye* was originally decided, it has been the source of substantial judicial discourse with several courts attempting to interpret or re-interpret its meaning and effect. *See, e.g.*, *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766 (2017); *B.B. v. City of Los Angeles*, 25 Cal. App. 5th 115 (2018). However, the Ninth Circuit's decision in *Reese v. County of Sacramento*, 888 F.3d 1030 (2018), is both informative and binding on this Court. There, the court considered and adopted the California Appellate Court's interpretation of *Shoyoye* in *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766 (2017). In doing so, the Ninth Circuit reached the following conclusion regarding what the threat, intimidation, and coercion elements requires and the meaning of *Shoyoye*:

> [B]ased on the weight of this new state authority, and our obligation to consider the California Court of Appeal's thorough analysis of its own law, we draw two conclusions as to the necessary showing for an excessive force claim under the Bane Act. First, the Bane Act does not require the threat, intimidation or coercion element of the claim to be transactionally independent from the constitutional violation alleged. Second, the Bane Act requires [a] specific intent to violate the arrestee's right to freedom from unreasonable seizure.

*Id.* at 1043 (citations and quotations omitted). *Reese* concluded that *Shoyoye* stood for the proposition that the threat, intimidation, and coercion requirement mandated the presence of some level of scienter and that the inherent coercion in wrongful detention could not satisfy this requirement where there was no intent to deny or

2

interfere with a constitutional right.  The Bane Act does not require that the threat, intimidation, or coercion "be independent from the constitutional violation[;]" the threat, intimidation, and coercion can stem from the same acts or transactions as the constitutional violation.  *Id.*  Instead, the "threat, intimidation, and coercion" requirement in the Bane Act "serves as an aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory remedies, beyond tort relief."  *Id.* (quoting *Cornell*, 17 Cal. App. 5th at 800.)

Turning back to the present action, Plaintiff has alleged substantial facts from which a reasonable jury could conclude each of the Defendants acted with the necessary scienter such that the alleged constitutional violations themselves can satisfy the threat, intimidation, and coercion requirement.  Plaintiff has alleged and provided supporting evidence, which if taken as true, shows that Carson was the subject of an intense and targeted investigation that ignored and suppressed exculpatory evidence in order to justify charging Carson and those around him with the murder of Korey Kauffman.  Plaintiff has also provided evidence from which the jury could conclude that each of the Defendants was aware and participated in these actions.  Plaintiff is thus not reliant on threat, intimidation, and coercion of third parties as Defendants claims (Mot. at 23), but on the alleged interference with Carson's constitutional rights by threat, intimidation, and coercion directed towards Carson directly.[2]

////
////
////
////
////

---

[2] Defendants contention that Plaintiff has not identified "the resulting constitutional violation" from the threats, intimidation, and coercion is also inapplicable given the Court has here ruled that, as *Reese* instructs, the threat, intimidation, and coercion requirement can be met within the same transaction as the constitutional violation itself.

3

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 263) as to Plaintiff Estate of Carson's claims under the Bane Act is DENIED. Given the Court's prior orders, denying the other portions of Defendants' Motion, that Motion is thus denied in its entirety.[3]

IT IS SO ORDERED.

Dated:  **January 17, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – athwal15cv0311.msj

---

[3] Plaintiffs' Request for Judicial Notice (ECF No. 279) is also DENIED AS MOOT as the Court need not rely on it in reaching this decision, or in making any other Summary Judgment rulings.