ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
Mangueira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

LYNDSEY H. CAIN (*pro hac vice*)
LCain@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500

Attorneys for Plaintiffs
BALJIT ATHWAL, DALJIT ATWAL,
WALTER W. WELLS, and SCOTT MCFARLANE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL and DALJIT ATWAL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, *et al*.,<br><br>Defendants. | Consolidated Case No.<br>1:15-CV-00311-DJC-CSK<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Final Status Conference:  April 10, 2025<br><br>Trial Date:  April 14, 2025<br><br>Action Filed:    February 26, 2015<br><br>Honorable Daniel J. Calabretta |
| WALTER W. WELLS and SCOTT MCFARLANE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS; *et al*.,<br><br>Defendants. | |

## **Table of Contents**

I.    **JOINT PROPOSED JURY INSTRUCTIONS** ................................................... 7

Joint Proposed Jury Instruction No. 1 .......................................................................... 7
    DUTY OF JURY (TO BE READ AT BEGINNING OF CASE) ............................... 7

Joint Proposed Jury Instruction No. 2 .......................................................................... 8
    BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE ................... 8

Joint Proposed Jury Instruction No. 3 .......................................................................... 9
    HIGHLY PROBABLE – CLEAR AND CONVINCING PROOF ......................... 9

Joint Proposed Jury Instruction No. 4 ........................................................................ 10
    WHAT IS EVIDENCE ............................................................................................ 10

Joint Proposed Jury Instruction No. 5 ........................................................................ 11
    WHAT IS NOT EVIDENCE .................................................................................. 11

Joint Proposed Jury Instruction No. 6 ........................................................................ 12
    DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................... 12

Joint Proposed Jury Instruction No. 7 ........................................................................ 13
    RULING ON OBJECTIONS ................................................................................... 13

Joint Proposed Jury Instruction No. 8 ........................................................................ 14
    CREDIBILITY OF WITNESSES ........................................................................... 14

Joint Proposed Jury Instruction No. 9 ........................................................................ 16
    BIAS ........................................................................................................................ 16

Joint Proposed Jury Instruction No. 10 ...................................................................... 18
    PUBLICITY DURING TRIAL ............................................................................... 18

Joint Proposed Jury Instruction No. 11 ...................................................................... 19
    OUTLINE OF TRIAL ............................................................................................. 19

Joint Proposed Jury Instruction No. 12 ...................................................................... 20
    [EXPERT] OPINION TESTIMONY ...................................................................... 20

Joint Proposed Jury Instruction No. 13 ...................................................................... 21
    STIPULATION OF FACT ...................................................................................... 21

Joint Proposed Jury Instruction No. 14 ...................................................................... 22
    DEPOSITION IN LIEU OF LIVE TESTIMONY .................................................. 22

Joint Proposed Jury Instruction No. 15 ...................................................................... 23
    USE OF INTERROGATORIES .............................................................................. 23

Joint Proposed Jury Instruction No. 16 ...................................................................... 24
    USE OF REQUESTS FOR ADMISSION ............................................................... 24

Joint Proposed Jury Instruction No. 17 ...................................................... 25
    DUTY OF JURY (TO BE READ AT END OF CASE)............................... 25

Joint Proposed Jury Instruction No. 18 ...................................................... 26
    CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY .................. 26

Joint Proposed Jury Instruction No. 19 ...................................................... 28
    COMMUNICATION WITH COURT ................................................... 28

Joint Proposed Jury Instruction No. 20 ...................................................... 29
    DUTY TO DELIBERATE ............................................................... 29

Joint Proposed Jury Instruction No. 21 ...................................................... 30
    RETURN OF VERDICT ................................................................. 30

Joint Proposed Jury Instruction No. 22 ...................................................... 31
    SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTIONS ..................... 31

Joint Proposed Jury Instruction No. 23 ...................................................... 32
    SECTION 1983 CLAIM AGAINST DEFENDANTS IN
    INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF
    PROOF ................................................................................... 32

Joint Proposed Jury Instruction No. 24 ...................................................... 33
    SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY
    DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR
    CUSTOM—ELEMENTS AND BURDEN OF PROOF ................................ 33

Joint Proposed Jury Instruction No. 25 ...................................................... 35
    MULTIPLE PARTIES AND CLAIMS – DIFFERENT LEGAL
    RIGHTS .................................................................................. 35

Joint Proposed Jury Instruction No. 26 ...................................................... 36
    EVIDENCE FOR A LIMITED PURPOSES ........................................... 36

Joint Proposed Jury Instruction No. 27 ...................................................... 37
    CONDUCT OF THE JURY ............................................................. 37

Joint Proposed Jury Instruction No. 28 ...................................................... 39
    NO TRIAL TRANSCRIPT AVAILABLE TO JURY .................................. 39

Joint Proposed Jury Instruction No. 29 ...................................................... 40
    TAKING NOTES ........................................................................ 40

Joint Proposed Jury Instruction No. 30 ...................................................... 41
    QUESTIONS TO WITNESSES BY JURORS ......................................... 41

Joint Proposed Jury Instruction No. 31 ...................................................... 42
    BENCH CONFERENCES AND RECESSES .......................................... 42

II.    PLAINTIFFS PROPOSED JURY INSTRUCTIONS ................................. 43

Plaintiffs' Proposed Jury Instruction No. 1 ................................................. 43
    CREDIBILITY — ENFORCEMENT OFFICER ...................................... 43

Plaintiffs' Proposed Jury Instruction No. 2 ............................................................ 44
    ELEMENTS OF STATE CRIMES ................................................................ 44

Plaintiffs' Proposed Jury Instruction No. 3 ............................................................ 46
    CONSPIRACY ............................................................................................ 46

Plaintiffs' Proposed Jury Instruction No. 4 ............................................................ 47
    PRELIMINARY HEARING – TO BE READ IF EVIDENCE ON
    PRELIMINARY HEARING IS ADMITTED ............................................. 47

Plaintiffs' Proposed Jury Instruction No. 5 ............................................................ 49
    FEDERAL CLAIMS AGAINST DEFENDANT COUNTY OF
    STANISLAUS—INTRODUCTION ........................................................... 49

Plaintiffs' Proposed Jury Instruction No. 6 ............................................................ 50
    SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY
    DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND
    BURDEN OF PROOF ................................................................................. 50

Plaintiffs' Proposed Jury Instruction No. 7 ............................................................ 52
    SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY
    DEFENDANTS BASED ON ACT OF FINAL POLICYMAKER—
    ELEMENTS AND BURDEN OF PROOF ................................................... 52

Plaintiffs' Proposed Jury Instruction No. 8 ............................................................ 54
    FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE
    OF PERSON ............................................................................................... 54

Plaintiffs' Proposed Jury Instruction No. 9 ............................................................ 56
    FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE
    OF PERSON—DETENTION DURING EXECUTION OF SEARCH
    WARRANT .................................................................................................. 56

Plaintiffs' Proposed Jury Instruction No. 10 .......................................................... 58
    FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE—
    JUDICIAL DECEPTION............................................................................ 58

Plaintiffs' Proposed Jury Instruction No. 11 .......................................................... 60
    VIOLATION OF FOURTH AMENDMENT—MALICIOUS
    PROSECUTION ......................................................................................... 60

Plaintiffs' Proposed Jury Instruction No. 12 .......................................................... 61
    FOURTEENTH AMENDMENT CLAIM—DUE PROCESS—
    DELIBERATE FABRICATION OF EVIDENCE ...................................... 61

Plaintiffs' Proposed Jury Instruction No. 13 .......................................................... 63
    EIGHTH AMENDMENT CLAIM—EXCESSIVE BAIL .................................... 63

Plaintiffs' Proposed Jury Instruction No. 14 .......................................................... 64
    STATE CLAIMS ........................................................................................ 64

Plaintiffs' Proposed Jury Instruction No. 15 .......................................................... 65
    FALSE ARREST ........................................................................................ 65

Plaintiffs' Proposed Jury Instruction No. 16...................................................... 66
        CAUSATION: SUBSTANTIAL FACTOR ....................................................... 66

Plaintiffs' Proposed Jury Instruction No. 17...................................................... 67
        NEGLIGENCE — ESSENTIAL FACTUAL ELEMENTS................................... 67

Plaintiffs' Proposed Jury Instruction No. 18...................................................... 68
        NEGLIGENCE AND BASIC STANDARD OF CARE —
        DEFINITIONS........................................................................................... 68

Plaintiffs' Proposed Jury Instruction No. 19...................................................... 69
        NEGLIGENCE — RECOVERY OF DAMAGES FOR EMOTIONAL
        DISTRESS ................................................................................................. 69

Plaintiffs' Proposed Jury Instruction No. 20...................................................... 70
        CAUSATION: MULTIPLE CAUSES ............................................................ 70

Plaintiffs' Proposed Jury Instruction No. 21...................................................... 71
        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ........................ 71

Plaintiffs' Proposed Jury Instruction No. 22...................................................... 72
        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—
        "OUTRAGEOUS CONDUCT" DEFINED....................................................... 72

Plaintiffs' Proposed Jury Instruction No. 23...................................................... 73
        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—
        "RECKLESS DISREGARD" DEFINED ........................................................ 73

Plaintiffs' Proposed Jury Instruction No. 24...................................................... 74
        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—
        "SEVERE EMOTIONAL DISTRESS" DEFINED............................................ 74

Plaintiffs' Proposed Jury Instruction No. 25...................................................... 75
        DAMAGES – PROOF ................................................................................. 75

Plaintiffs' Proposed Jury Instruction No. 26...................................................... 77
        PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL
        DISTRESS (NONECONOMIC DAMAGE) ................................................... 77

Plaintiffs' Proposed Jury Instruction No. 27...................................................... 78
        PUNITIVE DAMAGES ............................................................................... 78

III.    DEFENDANTS' PROPOSED INSTRUCTIONS .......................................... 80

Plaintiffs' Note to Judge.................................................................................. 80

Defendants Proposed Jury Instruction No. 1 ...................................................... 81
        TRANSCRIPT OF TAPE RECORDING........................................................ 81

Defendants Proposed Jury Instruction No. 2 ...................................................... 82
        IMPEACHMENT EVIDENCE - WITNESS.................................................... 82

Defendants Proposed Jury Instruction No. 3 ................................................................ 83
        PARTICULAR RIGHTS—FOURTH AMENDMENT—
        UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE
        ARREST ........................................................................................................ 83

Defendants Proposed Jury Instruction No. 4 ................................................................ 84
        CAUSATION.................................................................................................. 84

Defendants Proposed Jury Instruction No. 5 ................................................................ 85
        PARTICULAR RIGHTS FOURTH AMENDMENT JUDICIAL
        DECEPTION ................................................................................................. 85

Defendants Proposed Jury Instruction No. 6 ................................................................ 87
        PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—DUE
        PROCESS—DELIBERATE FABRICATION OF EVIDENCE........................................... 87

Defendants Proposed Jury Instruction No. 7 ................................................................ 89
        MALICIOUS PROSECUTION UNDER 1983 ................................................................ 89

Defendants Proposed Jury Instruction No. 8 ................................................................ 90
        FALSE ARREST .......................................................................................... 90

Defendants Proposed Jury Instruction No. . 9 ................................................................ 91
        DAMAGES - PROOF...................................................................................... 91

Per the Court's February 18, 2025 Pretrial Order, Plaintiffs and Defendants by and through their respective counsel of record, submit the following proposed jury instructions:

I.    **JOINT PROPOSED JURY INSTRUCTIONS**

**JOINT PROPOSED JURY INSTRUCTION NO. 1**

**DUTY OF JURY (TO BE READ AT BEGINNING OF CASE)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.3 (2024).

GIVEN:                      _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:              _____

REFUSED:                  _____


_____
Judge of the United States District Court

# JOINT PROPOSED JURY INSTRUCTION NO. 2

### BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.6 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:         _____

WITHDRAWN:              _____

REFUSED:                 _____

_____

Judge of the United States District Court

1
2

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

**HIGHLY PROBABLE – CLEAR AND CONVINCING PROOF**

3

      Certain facts must be proved by clear and convincing evidence, which is a higher burden of

4

proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell

5

you specifically which facts must be proved by clear and convincing evidence.

6

AUTHORITY:       Judicial Counsel of California Civil Jury Instructions No. 201 (2025).

7

GIVEN:                _____

8

GIVEN AS MODIFIED:      _____

9

WITHDRAWN:          _____

10

REFUSED:             _____

11
12

                           _____

13

                    Judge of the United States District Court

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.   the sworn testimony of any witness;

      2.   the exhibits that are admitted into evidence;

      3.   any facts to which the lawyers have agreed; and

      4.   any facts that I may instruct you to accept as proved.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.9 (2024).

GIVEN:             _____

GIVEN AS MODIFIED:      _____

WITHDRAWN:       _____

REFUSED:           _____        _____

                                      Judge of the United States District Court

1
2

**JOINT PROPOSED JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

3
4
5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

6
7
8
9
10

    (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

11
12
13

    (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

14
15
16
17

    (3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

18
19

    (4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

20
21

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.10 (2024).

22

GIVEN:           _____

23

GIVEN AS MODIFIED:      _____

24

WITHDRAWN:        _____

25

REFUSED:          _____

26
27
28

                                 _____

                                 Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4

testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5

evidence is proof of one or more facts from which you could find another fact.  You should consider

6

both kinds of evidence.  The law makes no distinction between the weight to be given to either direct

7

or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

8

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.12 (2024).

9

GIVEN:                    _____

10

GIVEN AS MODIFIED:        _____

11

WITHDRAWN:            _____

12

REFUSED:                _____

13

14

_____

15

                    Judge of the United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 7

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.13 (2024).

GIVEN:                   _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:        _____

REFUSED:                _____


_____

Judge of the United States District Court

## JOINT PROPOSED JURY INSTRUCTION NO. 8

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.14 (2024).

GIVEN:                          _____

GIVEN AS MODIFIED:              _____

WITHDRAWN:                      _____

REFUSED:                        _____

                                        _____

                                        Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 9**

**BIAS**

Each one of us has biases about or certain perceptions or stereotypes of other people. Bias is a tendency to favor or disfavor a person or group of people. We may be aware of some of our biases, though we may not reveal them to others. We may not be fully aware of some of our other biases. We refer to biases that we are not fully aware of as "implicit" or "unconscious." They may be based on stereotypes we would reject if they were brought to our attention. Implicit or unconscious biases can affect how we perceive others and how we make decisions, without our being aware of the effect of these biases on those decisions.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, and whom we believe or disbelieve. We may favor or be more likely to believe people whom we see as similar to us or with whom we identify. Or we may disfavor or be less likely to believe people whom we see as different from us.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against parties or witnesses because of their race, national origin, ethnicity, disability, gender, gender identity, gender expression, religion, sexual orientation, age, socioeconomic status, or the type of job they chose to engage in.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 113 (2025).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

Judge of the United States District Court

## JOINT PROPOSED JURY INSTRUCTION NO. 10

### Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.16 (2024).

GIVEN:                  _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:          _____

REFUSED:              _____


_____

Judge of the United States District Court

1

## JOINT PROPOSED JURY INSTRUCTION NO. 11

2

### OUTLINE OF TRIAL

3

Trials proceed in the following way: First, each side may make an opening statement. An

4

opening statement is not evidence. It is simply an outline to help you understand what that party

5

expects the evidence will show. A party is not required to make an opening statement.

6

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine.

7

Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

8

After the evidence has been presented, I will instruct you on the law that applies to the case

9

and the attorneys will make closing arguments.

10

After that, you will go to the jury room to deliberate on your verdict.

11

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.21 (2024).

12

GIVEN:                  _____

13

GIVEN AS MODIFIED:          _____

14

WITHDRAWN:          _____

15

REFUSED:                  _____

16

17

_____

18

Judge of the United States District Court

19

20

21

22

23

24

25

26

27

28

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 12

### [EXPERT] OPINION TESTIMONY

3

4

5

You have heard testimony from [expert names] who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

6

7

8

9

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness' specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

10

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 2.3 (2024).

11

GIVEN:                    _____

12

GIVEN AS MODIFIED:          _____

13

WITHDRAWN:          _____

14

REFUSED:              _____

15

16

17

_____

Judge of the United States District Court

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 13**

2

**STIPULATION of Fact**

3

The parties have agreed to certain facts to be placed in evidence as Exhibit JX-158 that will be

4

read to you. You must therefore treat these facts as having been proved.

5

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 2.2 (2024).

6

GIVEN:                 _____

7

GIVEN AS MODIFIED:        _____

8

WITHDRAWN:        _____

9

REFUSED:                _____

10

11

_____

12

Judge of the United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED JURY INSTRUCTION NO. 14

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 2.4 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:       _____

WITHDRAWN:           _____

REFUSED:                 _____

_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 15**

**USE OF INTERROGATORIES**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 2.11 (2024).

GIVEN:                        _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:                _____

REFUSED:                    _____

_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 16**

**USE OF REQUESTS FOR ADMISSION**

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 2.12 (2024).

GIVEN:                _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:        _____

REFUSED:            _____


_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 17**

**DUTY OF JURY (TO BE READ AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.4 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____

Judge of the United States District Court

1

## JOINT PROPOSED JURY INSTRUCTION NO. 18

2

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

3       Because you must base your verdict only on the evidence received in the case and on these

4   instructions, I remind you that you must not be exposed to any other information about the case or to

5   the issues it involves. Except for discussing the case with your fellow jurors during your

6   deliberations.

7       Do not communicate with anyone in any way and do not let anyone else communicate with

8   you in any way about the merits of the case or anything to do with it.  This includes discussing the

9   case in person, in writing, by phone, tablet, computer, or any other means, via email, via text

10  messaging, or any internet chat room, blog, website or application, including but not limited to

11  Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social

12  media.  This applies to communicating with your family members, your employer, the media or

13  press, and the people involved in the trial.  If you are asked or approached in any way about your jury

14  service or anything about this case, you must respond that you have been ordered not to discuss the

15  matter and to report the contact to the court.

16      Do not read, watch, or listen to any news or media accounts or commentary about the case or

17  anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet,

18  or using other reference materials; and do not make any investigation or in any other way try to learn

19  about the case on your own. Do not visit or view any place discussed in this case, and do not use

20  Internet programs or other devices to search for or view any place discussed during the trial. Also, do

21  not do any research about this case, the law, or the people involved—including the parties, the

22  witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear

23  anything touching on this case in the media, turn away and report it to me as soon as possible.

24      These rules protect each party's right to have this case decided only on evidence that has been

25  presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their

26  testimony is tested through the trial process. If you do any research or investigation outside the

27  courtroom, or gain any information through improper communications, then your verdict may be

28  influenced by inaccurate, incomplete or misleading information that has not been tested by the trial

process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 3.2 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____

Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 19**

2

**COMMUNICATION WITH COURT**

3

     If it becomes necessary during your deliberations to communicate with me, you may send a

4

note through the bailiff, signed by your presiding juror or by one or more members of the jury. No

5

member of the jury should ever attempt to communicate with me except by a signed writing; I will

6

communicate with any member of the jury on anything concerning the case only in writing, or here in

7

open court. If you send out a question, I will consult with the parties before answering it, which may

8

take some time. You may continue your deliberations while waiting for the answer to any question.

9

Remember that you are not to tell anyone—including me—how the jury stands, numerically or

10

otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose

11

any vote count in any note to the court.

12

AUTHORITY:     Ninth Circuit Model Civil Jury Instructions 3.3 (2024).

13

GIVEN:     _____

14

GIVEN AS MODIFIED:     _____

15

WITHDRAWN:     _____

16

REFUSED:     _____

17

18

     _____

19

     Judge of the United States District Court

20

21

22

23

24

25

26

27

28

1

## JOINT PROPOSED JURY INSTRUCTION NO. 20

2

### DUTY TO DELIBERATE

3
    Before you begin your deliberations, elect one member of the jury as your presiding juror.

4
The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in

5
court.

6
    You shall diligently strive to reach agreement with all of the other jurors if you can do so.

7
Your verdict must be unanimous.

8
    Each of you must decide the case for yourself, but you should do so only after you have

9
considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

10
    It is important that you attempt to reach a unanimous verdict but, of course, only if each of

11
you can do so after having made your own conscientious decision. Do not be unwilling to change

12
your opinion if the discussion persuades you that you should. But do not come to a decision simply

13
because other jurors think it is right, or change an honest belief about the weight and effect of the

14
evidence simply to reach a verdict.

15
AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 3.1 (2024).

16
GIVEN:                    _____

17
GIVEN AS MODIFIED:        _____

18
WITHDRAWN:                _____

19
REFUSED:                  _____

20

21
                              _____

22
                              Judge of the United States District Court

23

24

25

26

27

28

## JOINT PROPOSED JURY INSTRUCTION NO. 21

### RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 3.5 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____
Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 22**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTIONS**

Plaintiffs bring claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 9.1 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:           _____

REFUSED:                 _____


_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 23**

SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITY—ELEMENTS AND
BURDEN OF PROOF

In order to prevail on a § 1983 claim against a defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of state law;

2.    the acts or failure to act of the defendant deprived the plaintiffs of particular rights under the United States Constitution as explained in later instructions; and

3.    The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that the defendant acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiffs are required to prove under Instructions for Fourth, Eighth, and Fourteenth Amendment claims, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.3 (2024) (modified).

GIVEN:                        _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                        _____

_____
Judge of the United States District Court

## JOINT PROPOSED JURY INSTRUCTION NO. 24

### SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM—ELEMENTS AND BURDEN OF PROOF

In order to prevail on plaintiffs § 1983 claims against the County of Stanislaus alleging liability based on an official practice or custom, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    the County employee defendant acted under color of state law;

2.    the acts of the County employee defendant deprived the plaintiffs of particular rights under the United States Constitution as explained in later instructions;

3.    the County employee defendant acted pursuant to a widespread or longstanding practice or custom of the County; and

4.    the County's widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the County employee defendant; that is, the County's widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  I instruct you that the County employee defendants acted under color of state law.

 "Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the County.  A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

If you find that the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions for the Fourth, Eighth, and Fourteenth Amendment claims, your verdict should be for the plaintiffs.  If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

AUTHORITY:       Ninth Circuit Model Civil Jury Instructions 9.5 (2024) (modified).

GIVEN:                          _____

GIVEN AS MODIFIED:              _____

WITHDRAWN:                      _____

REFUSED:                        _____

_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 25**

**MULTIPLE PARTIES AND CLAIMS – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.8 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:               _____

_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 26**

**EVIDENCE FOR A LIMITED PURPOSES**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.11 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:                    _____

_____

Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 27**

2

### CONDUCT OF THE JURY

3

 I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be

4

5

until you and your fellow jurors have completed your deliberations at the end of the case.

6

Second, because you must decide this case based only on the evidence received in the case

7

and on my instructions as to the law that applies, you must not be exposed to any other information

8

about the case or to the issues it involves during the course of your jury duty. Thus, until the end of

9

the case or unless I tell you otherwise:

10

Do not communicate with anyone in any way and do not let anyone else communicate with
you in any way about the merits of the case or anything to do with it.  This includes

11

discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic
means, via email, text messaging, or any internet chat room, blog, website or application,

12

including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat,
Tiktok, or any other forms of social media.  This applies to communicating with your fellow

13

jurors until I give you the case for deliberation, and it applies to communicating with
everyone else including your family members, your employer, the media or press, and the

14

people involved in the trial, although you may notify your family and your employer that you
have been seated as a juror in the case, and how long you expect the trial to last.  But, if you

15

are asked or approached in any way about your jury service or anything about this case, you
must respond that you have been ordered not to discuss the matter and report the contact to

16

the court.
Because you will receive all the evidence and legal instruction you properly may consider to

17

return a verdict:  do not read, watch or listen to any news or media accounts or commentary
about the case or anything to do with it; do not do any research, such as consulting

18

dictionaries, searching the Internet, or using other reference materials; and do not make any
investigation or in any other way try to learn about the case on your own.  Do not visit or view

19

any place discussed in this case, and do not use the Internet or any other resource to search for
or view any place discussed during the trial.  Also, do not do any research about this case, the

20

law, or the people involved—including the parties, the witnesses or the lawyers—until you
have been excused as jurors. If you happen to read or hear anything touching on this case in

21

the media, turn away and report it to me as soon as possible.

22

These rules protect each party's right to have this case decided only on evidence that has been

23

presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their

24

testimony is tested through the trial process. If you do any research or investigation outside the

25

courtroom, or gain any information through improper communications, then your verdict may be

26

influenced by inaccurate, incomplete or misleading information that has not been tested by the trial

27

28

process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.15 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:              _____

REFUSED:                 _____

_____
Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 28**

**NO TRIAL TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.17 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____


_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 29**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.18 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____

Judge of the United States District Court

# JOINT PROPOSED JURY INSTRUCTION NO. 30

## QUESTIONS TO WITNESSES BY JURORS

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.19 (2024) (modified).

GIVEN:                _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:        _____

REFUSED:              _____

_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 31**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.20 (2024) (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:                _____

_____
Judge of the United States District Court

## II.    PLAINTIFFS PROPOSED JURY INSTRUCTIONS

### PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

#### CREDIBILITY — ENFORCEMENT OFFICER

An officer's testimony is to be weighed and judged by the same standard that applies to the average witness.  You should not assume that an officer is more or less honest than your average witness.


AUTHORITY:    *People v. Hanna*, 36 Cal. App. 2d. 333, 337 (1939).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____


_____

Judge of the United States District Court


Defendants' objections:
    This instruction is redundant and subsumed in Ninth circuit model instruction on credibility

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

## ELEMENTS OF STATE CRIMES

To prove a murder charge under Penal Code section 187, the state must prove:

1. The defendant committed an act the caused the death of another person,

2. The defendant acted with malice aforethought, and

3. The defendant killed without a lawful excuse or justification.

    To prove a charge of special circumstances with murder by means of lying in wait under Penal Code section 190.2(a)(15), the state must prove:

1. The defendant intentionally killed someone, and

2. The defendant committed the murder by means of lying in wait.

A person committed a murder by means of lying in wait if:

1. He or she concealed his or her purpose from the person killed;

2. He or she waited and watched for an opportunity to act;

3. Then he or she made a surprise attack on the person killed from a position of advantage; and

4. He or she intended to kill the person by taking the person by surprise.

To prove a charge of conspiracy under Penal Code section 182, the state must prove:

1. The defendant intentionally agreed with one or more of the other defendants to commit a crime,

2. At the time of the agreement, the defendant and a co-conspirator intended that one or more of them would commit a crime;

3. At least one of the conspirators committed an overt act to accomplish the crime; and

4. At least one of the overt acts was committed in California.

To prove a charge of accessory under Penal Code section 32, the state must prove:

1. Another person (also known as the perpetrator) committed a felony;

1

      2.   The defendant knew that the perpetrator had committed a felony or that the perpetrator

2

          had been charged with or convicted of a felony;

3

      3.   After the felony had been committed, the defendant either harbored, concealed, or aided

4

          the perpetrator; and

5

      4.   When the defendant acted, he or she intended that the perpetrator avoid or escape arrest,

6

          trial, conviction, or punishment.

7

AUTHORITY:    California Penal Code Section 187 PC; California Penal Code section 190.2(a)(15);

8

                California Penal Code section 12022(d); California Penal Code section 182;

9

                California Penal Code section 236; and California Penal Code section 32.

10

GIVEN:              _____

11

GIVEN AS MODIFIED:    _____

12

WITHDRAWN:       _____

13

REFUSED:          _____

14

15

                      _____

16

                      Judge of the United States District Court

17

Defendants' objections:

      1.     No claim requires defendant to prove the charges.   This is not a criminal case and no

18

proof of charging is an element of any claim and/or the district attorney defendants have been

19

afforded immunity for charging claims.

      2.     This could lead to confusion on multiple levels, given the language of "defendant"

20

      3.     Each are misstatements of the plain language of the statutes in effect at the time

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

### CONSPIRACY

Plaintiffs allege that the defendants are co-conspirators.  To prove that defendants engaged in a conspiracy, plaintiffs must prove that there was an agreement or meeting of the minds to perform acts that violated constitutional rights.

The agreement or meeting of the minds does not have to be overt.  It may be inferred from circumstantial evidence or evidence of defendants' actions.  You may infer the existence of a conspiracy if the plaintiff shows that a defendant committed acts that he or she is unlikely to have undertaken without an agreement.

If you find that plaintiffs have proved a conspiracy, then each defendant is responsible for the wrongful acts committed by any other defendant as part of that conspiracy.

AUTHORITY:     *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012); *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999); *Gilbrook v. City of Westminster*, 177 F. 3d 839, 856-57 (9th Cir. 1999).

GIVEN:                  _____

GIVEN AS MODIFIED:      _____

WITHDRAWN:              _____

REFUSED:                _____


_____

Judge of the United States District Court

Defendants' objections:
1.      Conspiracy is not a separate claim.  "Conspiracy is not itself a constitutional tort under § 1983." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012)  "Conspiracy in § 1983 actions is usually alleged by plaintiffs to draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine." Id. Here, that all parties are subject to 1983 acting under color of state law, any instruction on causation to the constitutional injury should suffice. See Id.

1

2    **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**

3    **PRELIMINARY HEARING – TO BE READ IF EVIDENCE ON PRELIMINARY HEARING IS ADMITTED**

4        You have received evidence regarding the findings of the trial judge at the conclusion of the

5    preliminary hearing. Such evidence is one factor that can be considered by you in determining

6    whether there was probable cause to arrest plaintiffs. You should also consider whether the trial

7    judge's finding was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful

8    conduct undertaken in bad faith.

9

10   AUTHORITY:        *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

11   GIVEN:                    _____

12   GIVEN AS MODIFIED:        _____

13   WITHDRAWN:                _____

14   REFUSED:                  _____

15

16                                        _____

     Judge of the United States District Court

17

18   Defendants' objections:
         This is unnecessary and redundant. It is also contrary to res judicate and collateral estoppel

19   principles. The Supreme Court has held that state criminal proceedings may have collateral estoppel
     effect and that collateral estoppel applies to actions under 42 U.S.C. § 1983. *Allen v. McCurry*, 449

20   U.S. 90, 104 (1980). State law governs the application of collateral estoppel or issue preclusion to a
     state court judgment in a federal civil rights action. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270

21   (9th Cir. 1990) (quoting *Allen*, 449 U.S. at 96). In California, five threshold requirements must be met
     in order for collateral estoppel to apply:

22       First, the issue sought to be precluded from relitigation must be identical to that decided

23       in a former proceeding. Second, this issue must have been actually litigated in the former
         proceeding. Third, it must have been necessarily decided in the former proceeding.

24       Fourth, the decision in the former proceeding must be final and on the merits. Finally,
         the party against whom preclusion is sought must be the same as, or in privity with, the

25       party to the former proceeding.
     *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 511 (2009) Generally, the requirements of the doctrine

26   of collateral estoppel "will be met when courts are asked to give preclusive effect to preliminary hearing
     probable cause findings in subsequent civil actions for false arrest and malicious prosecution." *Wige*

27   *v. City of Los Angeles*, 713 F.3d 1183, 1185 (9th Cir. 2013); *Haupt v. Dillard*, 17 F.3d 285, 288 (9th
     Cir. 1994) (probable cause established at state court preliminary hearing); *Crumley v. City of St. Paul*,

28

1    324 F.3d 1003, 1007 (8th Cir. 2003) (state court determination that probable cause to arrest collaterally
2    estopped contrary ruling in 42 U.S.C. § 1983 action even though there was an acquittal); *Hubbert v.
     Moore*, 923 F.2d 769, 773 (10th Cir. 1991) (probable cause determination in state preliminary hearing
3    precludes false arrest claim in federal court), superseded by rule on another ground as stated in *Green
     v. Auto Pro of Oklahoma LLC*, 345 Fed. Appx. 339, 341 (10th Cir. 2009).  The doctrine of collateral
4    estoppel, "or issue preclusion, precludes relitigation of issues argued and decided in prior proceedings."
     *Mycogen Corp. v. Monsanto Co.* 28 Cal. 4th 888 (2002).  "A prior determination by a tribunal will be
5    given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding;
     (2) the issue was actually litigated and; (3) necessarily decided; (4) the doctrine is asserted against a
6    party to the former action or one who was in privity with such a party; and (5) the former decision was
     final and was made on the merits." *Kelly v. Vons Companies Inc.*, 67 Cal. App. 4th 1329, 1339 (1998).
7    Federal and state courts have consistently held that the doctrine of collateral estoppel may preclude
     relitigation in a civil suit of issues that were decided in a prior criminal proceeding. *McCutchen v. City
8    of Montclair*, 73 Cal. App. 4th 1138, 1144 (1999).

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

2

### FEDERAL CLAIMS AGAINST DEFENDANT COUNTY OF STANISLAUS—INTRODUCTION

3

Plaintiffs have three arguments for why the County of Stanislaus is liable for damages under

4

the Fourth, Eighth, and Fourteenth Amendments:

5

    1.   an official policy, procedure, or custom of the County deprived plaintiffs of their

6

        constitutional rights;

7

    2.   an act of a final policy maker deprived plaintiffs of their constitutional rights; and

8

    3.   the County ratified the conduct that deprived plaintiffs of their constitutional rights .

9

I will now instruct you on these three legal theories.  You must render a verdict for plaintiffs

10

and against the County of Stanislaus if you find that plaintiffs have met their burden of proof with

11

respect to any one or more of these theories.

12

13

AUTHORITY:    *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (municipal liability arising from ratification); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-96 (9th Cir. 2002) (unlawful policy and failure to train).

14

15

GIVEN: _____

16

GIVEN AS MODIFIED: _____

17

WITHDRAWN: _____

18

REFUSED: _____

19

20

_____

        Judge of the United States District Court

21

22

Defendants objections:
    This is not necessary, redundant or subsumed in Model instruction 9.5

23

24

25

26

27

28

1
2

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

### SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF

3
4
5

In order to prevail on plaintiffs' § 1983 claims against the County of Stanislaus alleging liability based on ratification by a final policymaker, plaintiffs must prove each of the following elements by a preponderance of the evidence:

6

      1.      Birgit Fladager, Kirk Bunch, and Cory Brown acted under color of state law;

7
8
9

      2.      the acts or failure to act of Birgit Fladager, Kirk Bunch, or Cory Brown deprived the plaintiffs of particular rights under the United States Constitution as explained in later instructions;

10
11
12

      3.      Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County had final policymaking authority the County of Stanislaus concerning the acts or failure to act at issue; and

13
14
15
16

      4.      Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County ratified the County employee defendants' acts or failure to act, that is, they knew of and specifically made a deliberate choice to approve the County employee defendant's act or failure to act and the basis for it.

17
18
19

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the County's employees acted under color of state law.

20
21
22
23
24

If you find that the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions for their Fourth, Eighth, and Fourteenth Amendment claims, your verdict should be for the plaintiff.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

25
26

AUTHORITY:      Ninth Circuit Model Civil Jury Instructions 9.7 (2024) (modified).

27

GIVEN:      _____

28

GIVEN AS MODIFIED:      _____

1    WITHDRAWN:            _____

2    REFUSED:              _____

3

4                                      _____

                                       Judge of the United States District Court

5    Defendants objections

6         1.    There are no express or embedded claims of ratification against the County; no Monel
     claims are asserted based on ratification

7         2.    Only Birgit Fladager is a policymaker
          3.    The Sheriff, who would be the policymaker is not a witness

8         4.    The standard for ratification is this: "For there to be ratification, there must be
     'something more' than . . . the fact that a policymaker concluded that the defendant officer's actions

9    were in keeping with the applicable policies and procedures." *Brawley v. Punt* (D.Mont. 2016) 186 F.
     Supp. 3d 1102, 1116) (quoting *Kong Meng Xiong v. City of Merced*, 2015 U.S. Dist. LEXIS 99146,
     2015 WL 4598861, at *29 (E.D. Cal. July 29, 2015)).

10   As one Court observed:

11
          The law does not say that, whenever an investigative group accepts an officer's version
12        over a victim's differing version, this acceptance establishes a policy for which a
          municipality may be held liable under § 1983. If that were the law, counties might as
13        well never conduct internal investigations and might as well always admit liability. But
          that is not the law. The law clearly requires "something more."

14   *Kanae v. Hodson*, 294 F.Supp.2d 1179, 1191 (D.Haw. 2003); *Belay v. City of Gardena* 2015
     U.S.Dist.LEXIS 169656, at *8-9 (C.D.Cal. Dec. 17, 2015) ("even assuming that [the city] approved of

15   the other defendants' conduct, 'mere failure to overrule . . . is insufficient'"); *Kong Meng Xiong*, 2015
     WL 4598861, at *29 (E.D. Cal. July 29, 2015) (Ninth Circuit requires "something more" than a

16   policymaker concluding an officer's conduct complied with the applicable policies and procedures);
     *see also Hill v. Fairfield Police Dep't*, 2016 WL 2602411, at *3 (E.D. Cal. May 5, 2016).

17        Here, the complaints do not include allegations that even come close to this standard.

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

### SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON ACT OF FINAL POLICYMAKER—ELEMENTS AND BURDEN OF PROOF

In order to prevail on plaintiffs' § 1983 claims against the County of Stanislaus alleging liability based on the act of a final policymaker, the plaintiff must prove each of the following by a preponderance of the evidence:

1.     Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County acted under color of state law;

2.     the acts of Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County deprived plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

3.     Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County had final policymaking authority from defendant County of Stanislaus concerning these acts;

4.     when Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County engaged in these acts, they were acting as a final policymaker for defendant County of Stanislaus; and

5.     the acts of Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County caused the deprivation of the plaintiffs' rights; that is, their acts were so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that the County's employees acted under color of state law.]

If you find that the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions for their Fourth, Eighth, and Fourteenth Amendment claims, , your verdict should be for the plaintiff.  If, on

1    the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict

2    should be for the defendant.

3    AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.6 (2024).

4    GIVEN:                    _____

5    GIVEN AS MODIFIED:        _____

6    WITHDRAWN:                _____

7    REFUSED:                  _____

8

9                                    _____

10                                   Judge of the United States District Court

     Defendants objections

11        1.      There are no express or embedded claims of ratification against the County; no Monel
     claims are asserted based on ratification

12        2.      Only Birgit Fladager is a policymaker

          3.      The Sheriff, who would be the policymaker is not a witness

13        4.      The standard for ratification is this: "For there to be ratification, there must be
     'something more' than . . . the fact that a policymaker concluded that the defendant officer's actions

14   were in keeping with the applicable policies and procedures." *Brawley v. Punt* (D.Mont. 2016) 186 F.
     Supp. 3d 1102, 1116) (quoting *Kong Meng Xiong v. City of Merced*, 2015 U.S. Dist. LEXIS 99146,

15   2015 WL 4598861, at *29 (E.D. Cal. July 29, 2015)).

     As one Court observed:

16

17        The law does not say that, whenever an investigative group accepts an officer's version
          over a victim's differing version, this acceptance establishes a policy for which a

18        municipality may be held liable under § 1983. If that were the law, counties might as
          well never conduct internal investigations and might as well always admit liability. But

19        that is not the law. The law clearly requires "something more."

     *Kanae v. Hodson*, 294 F.Supp.2d 1179, 1191 (D.Haw. 2003); *Belay v. City of Gardena* 2015

20   U.S.Dist.LEXIS 169656, at *8-9 (C.D.Cal. Dec. 17, 2015) ("even assuming that [the city] approved of
     the other defendants' conduct, 'mere failure to overrule . . . is insufficient'"); *Kong Meng Xiong*, 2015

21   WL 4598861, at *29 (E.D. Cal. July 29, 2015) (Ninth Circuit requires "something more" than a
     policymaker concluding an officer's conduct complied with the applicable policies and procedures);

22   *see also Hill v. Fairfield Police Dep't*, 2016 WL 2602411, at *3 (E.D. Cal. May 5, 2016).

          Here, the complaints do not include allegations that even come close to this standard.

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

### FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE OF PERSON

As previously explained, the plaintiffs have the burden of proving that the acts of the defendants deprived the plaintiffs of particular rights under the United States Constitution. In this case, the plaintiffs allege the defendants deprived them of their rights under the Fourth Amendment to the Constitution when (1) the Athwal brothers were arrested with only a search warrant, and not an arrest warrant, and (2) all plaintiffs were arrested based on deliberate or reckless misstatements or omissions that misled a judge into signing a warrant for their arrest.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of their person. In order to prove the defendants deprived plaintiffs of this Fourth Amendment right, plaintiffs must prove the following additional elements by a preponderance of the evidence:

First, the defendant seized the plaintiff's person;

Second, in seizing the plaintiff's person, the defendant acted intentionally; and

Third, the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he or she restrains the plaintiff's liberty through coercion, physical force, or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his or her business.

In determining whether a reasonable person in plaintiffs' position would have felt free to leave, consider all of the circumstances, including:

1.      the number of officers present;

2.      whether weapons were displayed;

3.      whether the encounter occurred in a public or nonpublic setting;

4.      whether the officer's manner would imply that compliance would be compelled; and

5.      whether the officers advised plaintiffs that they were free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiffs must prove that the defendants intended to (1) arrest the

1    Athwal brothers with only a search warrant, not an arrest warrant, and (2) provide a judge with an

2    arrest warrant affidavit for the purpose of arresting plaintiffs. It is not enough to prove that the

3    defendants negligently or accidentally engaged in that action. But while the plaintiffs must prove that

4    the defendants intended to act; the plaintiffs need not prove that the defendants intended to violate

5    plaintiffs' Fourth Amendment rights.

6    AUTHORITY:         Ninth Circuit Model Civil Jury Instructions 9.20 (2024) (modified).

7    GIVEN:                   _____

8    GIVEN AS MODIFIED:       _____

9    WITHDRAWN:               _____

10   REFUSED:                 _____

11

12                                        _____

13                                        Judge of the United States District Court

14   Defendants objections:

15          Defendants propose Model instruction 9.23 is more appropriate, included infra

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

### FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE OF PERSON—DETENTION DURING EXECUTION OF SEARCH WARRANT

In general, a law enforcement officer may detain a person in the immediate vicinity of a premises during a search of that premises authorized by a search warrant so long as the officer detains the person in a reasonable manner and does not detain the person any longer than the time it takes to complete the search.

To prove the seizure in this case was unreasonable, the Atwal brothers must prove by a preponderance of the evidence that they were detained in an unreasonable manner or for an unreasonable period of time after the search was completed or both.

In determining whether the officers detained the plaintiffs unreasonably in this case, consider all of the circumstances known to the officers on the scene, including:

1. the severity of the suspected crime or other circumstances that led to the search warrant;

2. whether the plaintiff was the subject of the investigation that led to the search warrant;

3. whether the plaintiff posed an immediate threat to the safety of the officers or to others or to the ability of the officers to conduct the search safely;

4. whether the plaintiff was actively resisting arrest or attempting to flee;

5. whether the detention of the plaintiff was unnecessarily painful, degrading, prolonged, or involved an undue invasion of privacy; and

6. whether the detention of the plaintiff facilitated the orderly completion of the search.

If a person is transported from their home by police to a police station for questioning, that person is an arrest which must be supported by probable cause.

Under the Fourth Amendment, an officer may use only such force to detain a person as is "objectively reasonable" under the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.24 (2024) (modified); *Orozco v. County of Yolo*, 814 F. Supp. 855, 896 (E.D. Cal. 1993); *Florida v. Royer*, 460 U.S. 491, 499-500 (1983).

GIVEN:                  _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____


_____
                      Judge of the United States District Court

Defendants objections:

     Plaintiff is asserted a defacto warrantless arrest.  Defendants propose Model instruction 9.23 is more appropriate, included infra

1
2

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

### FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE—JUDICIAL DECEPTION

3
4
5

Plaintiffs' Fourth Amendment right to be free from false arrest is violated if their arrests were based on deliberate or reckless misstatements or omissions that misled a judge into signing the warrant for his arrest.

6
7
8
9
10
11
12

To be valid, a warrant for arrest must be supported by an affidavit establishing probable cause. The warrant must set forth the facts and circumstances underlying the existence of probable cause so as to allow the judge to make an independent evaluation of whether probable cause exists. An officer presenting a search warrant application had a duty to provide, in good faith, all information relevant to probable cause to the judge. A police officer need not include all information known in his application for an arrest warrant but omitting facts that cast doubt on probable cause make such omissions material.

13
14
15

Probable cause exists when, based on the totality of circumstances known to the officers, they have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that the person has committed the crime for which he is being arrested.

16
17

In order for a plaintiff to prove his or her Fourth Amendment Rights were violated, the plaintiff must prove:

18
19

1. The defendant deliberately or recklessly made false statements or omissions in the arrest warrant affidavit;

20

2. The defendant's false statements or omissions were material to probable cause; and

21
22

3. Absent the misstatements and omissions there would not be probable cause for plaintiff's arrests.

23
24
25
26

AUTHORITY:     *Franks v. Delaware*, 438 U.S. 154, 155-156, 165 (1978), *Morse v. Cnty. of Merced*, No. 1:16-CV-00142-DAD-SKO, 2017 WL 2958733, at *12 (E.D. Cal. July 11, 2017); *Cooley v. Jeha*, No. 4:18-CV-719-YGR, 2021 WL 2711744, at *5 (N.D. Cal. July 1, 2021).

27
28

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____


_____

Judge of the United States District Court


Defendants objections:

      Defendants propose their own version based on different cases.

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

2

### VIOLATION OF FOURTH AMENDMENT—MALICIOUS PROSECUTION

3

Plaintiffs allege malicious prosecution by the defendants. To establish a claim of malicious

4

prosecution, plaintiffs must prove by a preponderance of the evidence

5

1.  that the defendants caused the plaintiffs to be criminally prosecuted without probable cause,

6

2.  that the defendants did so maliciously (that is, for a bad purpose), and

7

3.  that the prosecution was eventually terminated in plaintiffs' favor, without a conviction.

8

AUTHORITY:         Modern Federal Jury Instructions Civil No. 87-74E (2024); *Freeman v. City of*

9

*Santa Ana*, 68 F. 3d 1180 (9th Cir. 1995).

10

GIVEN:                    _____

11

GIVEN AS MODIFIED:      _____

12

WITHDRAWN:            _____

13

REFUSED:                _____

14

15

_____

16

Judge of the United States District Court

17

Defendants objections:
    Defendants propose their own version based on different cases.

18

19

20

21

22

23

24

25

26

27

28

1

2

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

### FOURTEENTH AMENDMENT CLAIM—DUE PROCESS—DELIBERATE FABRICATION OF EVIDENCE

3

4

5

6

7

8

9

As previously explained, the plaintiffs have the burden of proving that the acts or failure to act of the defendants deprived plaintiffs of particular rights under the United States Constitution. The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated. In this case, the plaintiffs allege the defendants deprived plaintiffs of their rights under the Fourteenth Amendment to the Constitution when they made misstatements or omissions that misled a judge into signing the warrant for plaintiffs' arrests and coerced false testimony from Robert Woody and Beverly Woody.

10

11

For plaintiffs to prevail on their claims of deliberate fabrication of evidence, the plaintiffs must prove at least one of the following elements by a preponderance of the evidence:

12

13

The defendants deliberately fabricated evidence that was used to criminally charge or prosecute plaintiffs.

14

*or*

15

16

17

The defendants continued this investigation of the plaintiffs despite the fact that defendants knew that plaintiffs were innocent, or was deliberately indifferent to the plaintiffs' innocence, and the results of the investigation were used to criminally charge or prosecute plaintiffs.

18

*or*

19

20

21

The defendants used techniques that were so coercive and abusive that they knew, or were deliberately indifferent, that those techniques would yield false information that was used to criminally charge or prosecute plaintiffs.

22

23

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

24

25

26

If the plaintiffs prove that the defendants deliberately fabricated evidence that was used to criminally charge or prosecute plaintiffs, then plaintiffs are not required to prove that the defendants knew the plaintiff was innocent or was deliberately indifferent to the plaintiffs' innocence.

27

28

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.33 (2024) (modified).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

_____

Judge of the United States District Court

Defendants objections:

      Defendants submit the above conflates judicial deception with fabrication in terms of the arrest warrant.  If Plaintiffs only claim is based on arrest warrant, then it is redundant to the judicial deception claim and should be dismissed or treated as one.   Otherwise, Defendants have suggested their own version, infra

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

2

### EIGHTH AMENDMENT CLAIM—EXCESSIVE BAIL

3

   The Eighth Amendment prevents the imposition of bail conditions that are excessive in light

4

of the valid interests the state seeks to protect by offering bail.

5

   In order to prove that their Eighth Amendment rights were violated, Walter Wells and the

6

Athwal brothers must prove that the defendants deliberately or recklessly charged him with murder

7

with special circumstances without probable cause, misled the judicial officer setting bail, or

8

otherwise prevented the judicial officer from exercising independent judgment.

9

AUTHORITY:          *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007); *Morse v.*

10

                    *Regents of Univ. of Cal., Berkeley*, 821 F. Supp. 2d 1112, 1116–17 (N.D. Cal.

11

                    2011).

12

13

14

GIVEN:                    _____

15

GIVEN AS MODIFIED:        _____

16

WITHDRAWN:                _____

17

REFUSED:                  _____

18

19                                        _____

                                          Judge of the United States District Court

20

Defendants objections:

21

      Defendants submit this misstates the law. Officers are liable for violating the Eighth
Amendment where they "deliberately or recklessly misled" the judicial officer who set bail, and where

22

that bail "would not have been unconstitutionally excessive but for the officers' misrepresentations."
*Woolery v. Smith*, No. 17-CV-06786-SK, 2018 WL 3328496, *3 (N.D. Cal. July 6, 2018) (citing Galen

23

v. Cnty. of L.A., 477 F.3d 652, 664 (9th Cir. 2007)). "[A] police officer may be liable for violation of
the Excessive Bail Clause for deliberately or recklessly misleading the judicial officer setting bail, or

24

otherwise preventing the judicial officer from exercising his independent judgment." *Ballew v. City of*
*Pasadena,* No. CV 18-0712 FMO (ASX), 2019 WL 9341339, *7 (C.D. Cal. Mar. 29, 2019).

25

      There is no evidence any office misled the judge who set bail or declined to set bail.

26

27

28

1
2
**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14**
3
**STATE CLAIMS**
4
    I will now instruct you on plaintiff's state law claims.  Plaintiffs bring the following state
5
claims: (1) false arrest and imprisonment; (2) negligence; (3) negligent infliction of emotional
6
distress; (4) intentional infliction of emotional distress; and (5) violation of the Bane Act  I will now
7
explain the elements of these state claims.
8
9
10
GIVEN:                        _____
11
GIVEN AS MODIFIED:            _____
12
WITHDRAWN:                    _____
13
REFUSED:                      _____
14
15
                                        _____
                                        Judge of the United States District Court
16
17
Defendants objections
        There is no need to benchmark the state claims.  This is not based on any model instruction or
18
law.
19
20
21
22
23
24
25
26
27
28

1

2

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15

3

### FALSE ARREST

4

Plaintiffs claim that they were wrongfully arrested by defendants. To establish this claim,

5

plaintiffs must prove all of the following:

6

1. Defendants arrested plaintiffs or intentionally caused plaintiffs to be wrongfully arrested;

7

2. That defendants arrested plaintiffs with only a search warrant, not an arrest warrant, or by

8

making deliberate or reckless misstatement or omissions that misled a judge into signing

9

the warrant for their arrest;

10

3. That plaintiffs were harmed; and

11

4. That defendants' conduct was a substantial factor in causing plaintiffs' harm.

12

In addition, plaintiffs must show that the false arrest or prolonged detention caused them

13

harm.

14

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 1405 (modified).

15

GIVEN:                    _____

16

GIVEN AS MODIFIED:        _____

17

WITHDRAWN:            _____

18

REFUSED:                _____

19

20

_____

21

Judge of the United States District Court

22

Defendants objections:
        This fails to account for state law immunities.  Defendants have their own instructions.

23

24

25

26

27

28

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16**

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

AUTHORITY:         Judicial Council of California Civil Jury Instructions No. 430.

GIVEN:                         _____

GIVEN AS MODIFIED:         _____

WITHDRAWN:               _____

REFUSED:                     _____


_____

                    Judge of the United States District Court

Defendants' objections

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.2 should suffice and encompass this instruction.  Defendants' proposed infra.

1

2

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17

3

### NEGLIGENCE — ESSENTIAL FACTUAL ELEMENTS

4

Walter Wells, Scott McFarlane, and the Athwal brothers claim that they were harmed by

5

defendants' negligence. To establish this claim, plaintiffs must prove all of the following:

6

1.  That defendants were negligent;

7

2.  That plaintiffs were harmed; and

8

3.  That defendants' negligence was a substantial factor in causing plaintiffs' harm.

9

10

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 400.

GIVEN:                        _____

11

GIVEN AS MODIFIED:        _____

12

WITHDRAWN:                _____

13

REFUSED:                    _____

14

15

_____

16

Judge of the United States District Court

17

Defendants objections.
        This is incomplete and fails to state what duty was purportedly owed and that defendant

18

breached that duty.

19

20

21

22

23

24

25

26

27

28

1

2

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18**

3

**NEGLIGENCE AND BASIC STANDARD OF CARE — DEFINITIONS**

4

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

5

A person can be negligent by acting or by failing to act. A person is negligent if that person

6

does something that a reasonably careful person would not do in the same situation or fails to do

7

something that a reasonably careful person would do in the same situation.

8

You must decide how a reasonably careful person would have acted in the defendant's

9

situation.

10

AUTHORITY:            Judicial Council of California Civil Jury Instructions No. 401.

11

GIVEN:                    _____

12

GIVEN AS MODIFIED:        _____

13

WITHDRAWN:                _____

14

REFUSED:                  _____

15

16

_____

17

                    Judge of the United States District Court

Defendants objections.

18

    This is incomplete and fails to state what duty was purportedly owed and that defendant
breached that duty.

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19

### NEGLIGENCE — RECOVERY OF DAMAGES FOR EMOTIONAL DISTRESS

Plaintiffs Walter Wells and Scott McFarlane claim that defendants' conduct caused them to suffer serious emotional distress. To establish this claim, plaintiffs must prove all of the following:

1.  That the defendants were negligent;

2.  That the plaintiffs suffered serious emotional distress; and

3.  That the defendants' negligence was a substantial factor in causing plaintiffs' serious emotional distress.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 1620.

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:               _____

REFUSED:                  _____


_____

Judge of the United States District Court

Defendants objections
This fails to identify which defendants, nor a duty or breach of any duty

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20**

CAUSATION: MULTIPLE CAUSES

      A person's negligence may combine with another factor to cause harm. If you find that defendants' negligence was a substantial factor in causing plaintiffs' harm, then defendants are responsible for the harm. Defendants cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing plaintiffs' harm.

AUTHORITY:      Judicial Council of California Civil Jury Instructions No. 431.

GIVEN:        _____

GIVEN AS MODIFIED:    _____

WITHDRAWN:      _____

REFUSED:      _____


                           _____

                           Judge of the United States District Court

Defendants objections:
      There already is a causation instruction. This is redundant or subsumed in other instructions.

1

### PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21

2

#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

3

Plaintiffs claim that defendants' conduct caused them to suffer severe emotional distress. To

4

establish this claim, plaintiffs must prove all of the following:

5

1.  That defendants' conduct was outrageous;

6

2.  That defendants intended to cause plaintiffs emotional distress;

7

3.  That plaintiffs suffered severe emotional distress; and

8

4.  That defendants conduct was a substantial factor in causing plaintiffs' severe emotional

9

distress.

10

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 1600 (modified).

11

GIVEN:                _____

12

GIVEN AS MODIFIED:        _____

13

WITHDRAWN:                _____

14

REFUSED:                _____

15

16

_____

17

Judge of the United States District Court

18

Defendants objections:

19

Which plaintiffs? Which defendants?

20

Defendants also do not believe the instruction is warranted as there will not be sufficient
evidence of severe emotional distress

21

22

23

24

25

26

27

28

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"OUTRAGEOUS CONDUCT" DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether defendants' conduct was outrageous, you may consider, among other factors, the following:

(a) Whether defendants abused a position of authority or a relationship that gave them real or apparent power to affect plaintiffs' interests;

(b) Whether defendants knew that plaintiffs were particularly vulnerable to emotional distress; and

(c) Whether defendants knew that their conduct would likely result in harm due to mental distress.

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 1602.

GIVEN:                _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:        _____

REFUSED:                _____

_____
Judge of the United States District Court

Defendants objections:
    Which plaintiffs? Which defendants?
    Defendants also do not believe the instruction is warranted as there will not be sufficient evidence of severe emotional distress

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"RECKLESS DISREGARD" DEFINED

Defendants acted with reckless disregard in causing plaintiffs emotional distress if:

1. Defendants knew that emotional distress would probably result from their conduct; or

2. Defendants gave little or no thought to the probable effects of their conduct.

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 1603.

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:              _____

REFUSED:                  _____


                                    _____

                                    Judge of the United States District Court

Defendants objections:
        Which plaintiffs? Which defendants?
        Defendants also do not believe the instruction is warranted as there will not be sufficient evidence of severe emotional distress

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"SEVERE EMOTIONAL DISTRESS" DEFINED**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Plaintiffs are not required to prove physical injury to recover damages for severe emotional distress.

AUTHORITY:    Judicial Council of California Civil Jury Instructions No. 1604.

GIVEN:    _____

GIVEN AS MODIFIED:    _____

WITHDRAWN:    _____

REFUSED:    _____

_____
Judge of the United States District Court

Defendants objections:

Defendants also do not believe the instruction is warranted as there will not be sufficient evidence of severe emotional distress

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25

### DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on any of their state, federal or constitutional claims, you must determine the plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experiences and that with the reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

The reasonable value of employment opportunities lost up to the present time;

The reasonable value of employment opportunities that with reasonable probability will be lost in the future; and

The reasonable value of expenses required up the present time;

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 5.2, 5.3 (2024).

GIVEN:                _____

GIVEN AS MODIFIED:        _____

WITHDRAWN: _____

REFUSED: _____

_____

Judge of the United States District Court

Defendants objections:

     The damages are broader in language than in the model and unsupported.   Defendants propose their own, infra

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26

2

### PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS (NONECONOMIC DAMAGE)

3
4

Past and future physical pain/mental suffering/loss of enjoyment of life /inconvenience/grief/anxiety/humiliation and emotional distress.

5
6

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

7
8
9

To recover for future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, plaintiffs must prove that they are reasonably certain to suffer that harm.

10
11
12
13
14
15

For future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, determine the amount incurrent dollars paid at the time of judgment that will compensate plaintiffs for future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

16

17

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 3905 (modified).

18

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

19

WITHDRAWN:            _____

20

REFUSED:                _____

21
22
23

_____
                            Judge of the United States District Court

24

Defendants objections:
                Redundant and subsumed in Ninth circuit instructions

25
26
27
28

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27

2

### PUNITIVE DAMAGES

3
    If you find for the plaintiff, you may, but are not required to, award punitive damages. The

4
purposes of punitive damages are to punish a defendant and to deter similar acts in the

5
future.  Punitive damages may not be awarded to compensate a plaintiff.

6
    The plaintiff has the burden of proving by a preponderance of the evidence that punitive

7
damages should be awarded and, if so, the amount of any such damages.

8
    You may award punitive damages only if you find that the defendant's conduct that harmed

9
the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is

10
malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the

11
plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

12
reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a

13
perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission

14
is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with

15
unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking

16
advantage of some weakness or disability or misfortune of the plaintiff.

17
    If you find that punitive damages are appropriate, you must use reason in setting the

18
amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

19
should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any

20
punitive damages, consider the degree of reprehensibility of the defendant's conduct, including

21
whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused

22
actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may

23
not, however, set the amount of any punitive damages in order to punish the defendant for harm to

24
anyone other than the plaintiff in this case.

25
    In addition, you may consider the relationship of any award of punitive damages to any actual

26
harm inflicted on the plaintiff.

27
    You may impose punitive damages against one or more of the defendants and not others and

28
may award different amounts against different defendants.

AUTHORITY:         Ninth Circuit Model Civil Jury Instructions 5.6 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:       _____

WITHDRAWN:               _____

REFUSED:                 _____


_____

Judge of the United States District Court


Defendants objections:
        Defendants submit the instructions are not warranted under the facts of the case. And should exclude that the are not awarded against the entity.

1

2    **III.    DEFENDANTS' PROPOSED INSTRUCTIONS**

3                    **PLAINTIFFS' NOTE TO JUDGE**

4        Plaintiffs have not had an opportunity to review and object to Defendants' proposed

5    instructions.  Defendants did not send their proposed jury instructions to Plaintiffs until 4:54 p.m today

6    (two proposed instructions were sent at 2:00 p.m.).  Plaintiffs include objections to the two instructions

7    that were received at 2:00 p.m., but have not had an opportunity to review the authorities cited in

8    support of the other instructions.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 1**

2

### TRANSCRIPT OF TAPE RECORDING

You have listened or watched to a tape recording that has been received in evidence. Please

3

listen to it very carefully.  If there is a transcript of the recording to help you identify speakers and as

4

a guide to help you listen to the tape, please bear in mind, however, that the tape recording is the

5

evidence, not the transcript. If you heard something different from what appeared in the transcript,

6

what you heard is controlling.  Any transcripts will be collected.

7

8

**Source:**

9

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS (modified)
2.5 TRANSCRIPT OF TAPE RECORDING

10

11

_____        Given

12

_____        Given as Modified

13

_____        Withdrawn

14

_____        Refused

15

16

_____
United States District Judge

17

18

**PLAINTIFFS' OBJECTION:** This instruction assumes that the transcripts are not evidence.  But
Defendants' Task Force routinely had transcripts prepared and Defendants relied on those transcripts
when they conducted their investigation.  Thus, the transcripts will also be evidence.

19

20

21

22

23

24

25

26

27

28

1

2

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 2

### IMPEACHMENT EVIDENCE - WITNESS

3

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior

4

occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe

5

the witness and how much weight to give to the testimony of the witness and for no other purpose.

6

**SOURCE:**

7

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS

8

2.9 IMPEACHMENT EVIDENCE - WITNESS

9

10

_____    Given

11

_____    Given as Modified

12

_____    Withdrawn

13

_____    Refused

14

15

_____

16

United States District Judge

17

**PLAINTIFFS' OBJECTION**: This instruction does not say which witness was convicted of a crime

18

or lied under oath.  Until such evidence has been admitted, it is not appropriate to give this

19

instruction.  Earlier today, Defendants indicated they are referring to Robert Woody.  If that is the

20

case, the instruction should be specific as to him.

21

22

23

24

25

26

27

28

# DEFENDANTS PROPOSED JURY INSTRUCTION NO. 3

### PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer[s] had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under state law, it is crime to (1) kill someone with malice aforethought, or (2) to conspire to commit murder, which is an agreement between two or more people to intentionally and illegally kill someone, followed by an overt act in furtherance of that agreement; or (3) to obstruct justice which means acts that interfere with the legal process, including resisting arrest, lying to police, tampering with evidence, or influencing witnesses.

_____   Given

_____   Given as Modified

_____   Withdrawn

_____   Refused


_____
United States District Judge

SOURCE:  9th Cir. Model Instruction 9.23 (modified to include state law on murder, conspiracy to commit murder and obstruction of justice)

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 4**

**CAUSATION**

In a § 1983 action, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To prove his case, each plaintiff must establish both causation-in-fact and proximate causation.

A person deprives another of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.

To establish municipal liability— policy, custom, or failure to train— the plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.2 (modified)

_____        Given

_____        Given as Modified

_____        Withdrawn

_____        Refused

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 5

### PARTICULAR RIGHTS FOURTH AMENDMENT JUDICIAL DECEPTION

As previously explained, the plaintiffs have the burden of proving that the acts of the defendants deprived the plaintiffs of particular rights under the United States Constitution.  In this case, plaintiffs alleges the defendants deprived them of his rights under the Fourth Amendment to the Constitution when the defendant[s] intentionally or in reckless disregard of the truth made one or more material misrepresentations or omissions in a protective custody warrant affidavit submitted to a judge.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  An warrant is a written order signed by a judge that permits law enforcement to arrest.  To obtain a warrant, an officer must show Probable cause, which requires only a fair probability or substantial chance of the suspected activity by the person to be arrested.

To prove the defendant[s] deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.     the defendant[s] submitted to a judge a warrant affidavit that contained one or more misrepresentations or omissions material to the finding of probable cause; and

2.     the defendant[s] made those misrepresentations or omissions either intentionally or with reckless disregard for the truth.

To show materiality in the context of this claim, the plaintiff must demonstrate that the judge would not have issued the warrant if the false information had been excluded (or redacted) or if the omitted or missing information had been included (or restored).

In the context of this claim, a "reckless disregard for the truth" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading a reasonable judge into concluding that probable cause has been established, when that danger is either known to the defendant[s] or is so obvious that the defendant[s] must have been aware of it.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.17A (modified)

See also United States v. Alaimalo, 313 F.3d 1188, 1193 (9th Cir.2002)

_____          Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____
United States District Judge

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 6

### PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—DUE PROCESS—DELIBERATE FABRICATION OF EVIDENCE

As previously explained, the plaintiff has the burden of proving that the acts of the Defendants deprived the plaintiffs of particular rights under the United States Constitution. The Fourteenth Amendment protects against being subjected to the judicial process on the basis of false evidence that was deliberately fabricated by the defendant. In this case, the plaintiffs alleges the defendants deprived them of their rights under the Fourteenth Amendment to the Constitution in the submissions to the district attorney.

For plaintiffs to prevail on their claims of deliberate fabrication of evidence, the plaintiffs must prove at least one of the following elements by a preponderance of the evidence:

The defendants deliberately fabricated evidence that was used to prosecute plaintiffs.

*or*

The defendants continued this investigation of the plaintiffs despite the fact that defendants knew that plaintiffs were innocent, or was deliberately indifferent to the plaintiffs' innocence, and the results of the investigation were used to prosecute plaintiffs.

*or*

The defendants used techniques that were so coercive and abusive that they knew, or were deliberately indifferent, that those techniques would yield false information that was used to prosecute plaintiffs.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

If the plaintiffs prove that the defendants deliberately fabricated evidence that was used to prosecute plaintiffs, then plaintiffs are not required to prove that the defendants knew the plaintiff was innocent or was deliberately indifferent to the plaintiffs' innocence.

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

1

2
_____

United States District Judge

3

**SOURCE:**

4

5
NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 9.33 (modified)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 7**

**Malicious Prosecution Under 1983**

To establish malicious prosecution, a plaintiff must demonstrate the prior action was:

1.  initiated by or at the direction of the defendant;

2.   legally terminated in the plaintiff's favor;

3.  brought without probable cause;

4.  initiated with malice;.

5.   For the purpose of denying the Plaintiffs' Fourth Amendment rights

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

_____
United States District Judge

SOURCES:

Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).
Siebel v. Mittlesteadt, 41 Cal. 4th 735, 740 (2007).

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 8**

**FALSE ARREST**

Plaintiffs claims that he was wrongfully arrested by Defendants under state law. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendants intentionally arrested Plaintiffs

2. That the warrant was invalid because it contained perjured information, fabricated evidence or failed to disclose known exculpatory evidence.

3. That Defendant did so with malice.   Malice is defined as conduct that is intended to cause injury to the plaintiff or despicable conduct that is carried on with a willful and conscious disregard of the rights or safety of others.

3. That Plantiff. was actually harmed; and

4. That Defendants conduct was a substantial factor in causing Plaintiff's harm.

**SOURCE:**
CACI 1405 (modified) and Government Code section 820.21

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused


_____
United States District Judge

1

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. . 9**

2

**DAMAGES - PROOF**

3

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

4

5

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

6

Nature and extent of the injuries;

7

The mental or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

8

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

9

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

10

**SOURCE:**

11

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS

12

5.1 Damages – Proof and 5.2 Measure of Type of damages (modified)

13

14

_____    Given

15

16

_____    Given as Modified

17

_____    Withdrawn

18

_____    Refused

19

20

_____

United States District Judge

21

22

23

24

25

26

27

28

1    Dated: April 2, 2025                    MORRISON & FOERSTER LLP

2

3                                           By:    /s/ Arturo J. González
                                                   ARTURO J. GONZÁLEZ
4
                                            Attorneys for Plaintiffs
5                                           BALJIT ATHWAL, DALJIT ATWAL,
                                            WALTER W. WELLS, and SCOTT
6                                           MCFARLANE

7
     Dated: April 2, 2025                    GWILLIAM, IVARY, CHIOSSO, CAVALLI,
8                                            BREWER

9

10                                          By:    /s/ Jayme L. Walker
                                                   JAYME L. WALKER
11
                                            Attorneys for Plaintiffs
12                                          GEORGIA DEFILIPPO, CHRISTINA
                                            DEFILIPPO, EDUARDO QUINTANAR, JR.,
13                                          THE ESTATE OF FRANK CARSON AND
                                            GEORGIA DEFILIPPO, AS AN
14                                          INDIVIDUAL AS SUCCESSOR IN
                                            INTEREST TO FRANK CARSON
15

16
     Dated: April 2, 2025                    PORTER SCOTT
17                                           A PROFESSIONAL CORPORATION

18

19                                          By:   /s/ John R. Whitefleet
                                                  JOHN R. WHITEFLEET
20
                                            Attorneys for Defendants
21                                          COUNTY OF STANISLAUS,
                                            KIRK BUNCH, DALE LINGERFELT,
22                                          STEVE JACOBSON, and BIRGIT
                                            FLADAGER
23

24

25

26

27

28

1

**ECF ATTESTATION**

2

     In accordance with Civil Local Rule 131(e), I attest that concurrence in the filing of this

3

document has been obtained from each of the other signatories.

4

Dated: April 2, 2025                  By  */s/ Arturo J. González*
                                    ARTURO J. GONZALEZ

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28