ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
Mangueira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

LYNDSEY H. CAIN (*pro hac vice*)
LCain@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone:  303.592.1500

Attorneys for Plaintiffs
BALJIT ATHWAL, DALJIT ATWAL,
WALTER W. WELLS, and SCOTT MCFARLANE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT ATHWAL and DALJIT ATWAL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, *et al.*,<br><br>Defendants.<br><hr>WALTER W. WELLS and SCOTT MCFARLANE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS; *et al.*,<br><br>Defendants. | Consolidated Case No.<br>1:15-CV-00311-DJC-CSK<br><br>**AMENDED JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Final Status Conference:  April 10, 2025<br><br>Trial Date:  April 14, 2025<br><br>Action Filed:      February 26, 2015<br><br>Honorable Daniel J. Calabretta |

## **Table of Contents**

I.     JOINT PROPOSED JURY INSTRUCTIONS...................................................................... 7

Joint Proposed Jury Instruction No. 1 .......................................................................................... 7
    DUTY OF JURY (TO BE READ AT BEGINNING OF CASE)............................................. 7

Joint Proposed Jury Instruction No. 2 .......................................................................................... 8
    BURDEN OF PROOF — PREPONDERANCE OF THE
    EVIDENCE.............................................................................................................................. 8

Joint Proposed Jury Instruction No. 3 .......................................................................................... 9
    HIGHLY PROBABLE – CLEAR AND CONVINCING PROOF ........................................... 9

Joint Proposed Jury Instruction No. 4 ........................................................................................ 10
    WHAT IS EVIDENCE .......................................................................................................... 10

Joint Proposed Jury Instruction No. 5 ........................................................................................ 11
    WHAT IS NOT EVIDENCE ................................................................................................. 11

Joint Proposed Jury Instruction No. 6 ........................................................................................ 12
    DIRECT AND CIRCUMSTANTIAL EVIDENCE .............................................................. 12

Joint Proposed Jury Instruction No. 7 ........................................................................................ 13
    RULING ON OBJECTIONS ................................................................................................. 13

Joint Proposed Jury Instruction No. 8 ........................................................................................ 14
    CREDIBILITY OF WITNESSES ......................................................................................... 14

Joint Proposed Jury Instruction No. 9 ........................................................................................ 16
    BIAS...................................................................................................................................... 16

Joint Proposed Jury Instruction No. 10 ...................................................................................... 18
    PUBLICITY DURING TRIAL.............................................................................................. 18

Joint Proposed Jury Instruction No. 11 ...................................................................................... 19
    OUTLINE OF TRIAL............................................................................................................ 19

Joint Proposed Jury Instruction No. 12 ...................................................................................... 20
    [EXPERT] OPINION TESTIMONY .................................................................................... 20

Joint Proposed Jury Instruction No. 13 ...................................................................................... 21
    STIPULATION OF FACT ..................................................................................................... 21

Joint Proposed Jury Instruction No. 14 ...................................................................................... 22
    DEPOSITION IN LIEU OF LIVE TESTIMONY................................................................. 22

Joint Proposed Jury Instruction No. 15 ...................................................................................... 23
    USE OF INTERROGATORIES ............................................................................................ 23

Joint Proposed Jury Instruction No. 16 ...................................................................................... 24
    USE OF REQUESTS FOR ADMISSION ............................................................................. 24

Joint Proposed Jury Instruction No. 17 ........................................................ 25
    DUTY OF JURY (TO BE READ AT END OF CASE)........................................ 25

Joint Proposed Jury Instruction No. 18 ........................................................ 26
    CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY .................. 26

Joint Proposed Jury Instruction No. 19 ........................................................ 28
    COMMUNICATION WITH COURT .......................................................... 28

Joint Proposed Jury Instruction No. 20 ........................................................ 29
    DUTY TO DELIBERATE .......................................................................... 29

Joint Proposed Jury Instruction No. 21 ........................................................ 30
    RETURN OF VERDICT ............................................................................ 30

Joint Proposed Jury Instruction No. 22 ........................................................ 31
    SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTIONS ...................... 31

Joint Proposed Jury Instruction No. 23 ........................................................ 32
    SECTION 1983 CLAIM AGAINST DEFENDANTS IN
    INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF
    PROOF ................................................................................................. 32

Joint Proposed Jury Instruction No. 24 ........................................................ 33
    SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY
    DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR
    CUSTOM—ELEMENTS AND BURDEN OF PROOF ..................................... 33

Joint Proposed Jury Instruction No. 25 ........................................................ 35
    MULTIPLE PARTIES AND CLAIMS – DIFFERENT LEGAL
    RIGHTS ................................................................................................. 35

Joint Proposed Jury Instruction No. 26 ........................................................ 36
    EVIDENCE FOR A LIMITED PURPOSES ................................................... 36

Joint Proposed Jury Instruction No. 27 ........................................................ 37
    CONDUCT OF THE JURY ......................................................................... 37

Joint Proposed Jury Instruction No. 28 ........................................................ 39
    NO TRIAL TRANSCRIPT AVAILABLE TO JURY........................................ 39

Joint Proposed Jury Instruction No. 29 ........................................................ 40
    TAKING NOTES ..................................................................................... 40

Joint Proposed Jury Instruction No. 30 ........................................................ 41
    QUESTIONS TO WITNESSES BY JURORS ................................................ 41

Joint Proposed Jury Instruction No. 31 ........................................................ 42
    BENCH CONFERENCES AND RECESSES .................................................. 42

II.    PLAINTIFFS PROPOSED JURY INSTRUCTIONS........................................ 43

Plaintiffs' Proposed Jury Instruction No. 1 .................................................. 43
    CREDIBILITY — ENFORCEMENT OFFICER.............................................. 43

Plaintiffs' Proposed Jury Instruction No. 2 ................................................ 44
    ELEMENTS OF STATE CRIMES ................................................ 44

Plaintiffs' Proposed Jury Instruction No. 3 ................................................ 46
    CONSPIRACY ................................................ 46

Plaintiffs' Proposed Jury Instruction No. 4 ................................................ 47
    PRELIMINARY HEARING – TO BE READ IF EVIDENCE ON
    PRELIMINARY HEARING IS ADMITTED ................................................ 47

Plaintiffs' Proposed Jury Instruction No. 5 ................................................ 49
    FEDERAL CLAIMS AGAINST DEFENDANT COUNTY OF
    STANISLAUS—INTRODUCTION ................................................ 49

Plaintiffs' Proposed Jury Instruction No. 6 ................................................ 50
    SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY
    DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND
    BURDEN OF PROOF ................................................ 50

Plaintiffs' Proposed Jury Instruction No. 7 ................................................ 52
    SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY
    DEFENDANTS BASED ON ACT OF FINAL POLICYMAKER—
    ELEMENTS AND BURDEN OF PROOF ................................................ 52

Plaintiffs' Proposed Jury Instruction No. 8 ................................................ 54
    FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE
    OF PERSON ................................................ 54

Plaintiffs' Proposed Jury Instruction No. 9 ................................................ 56
    FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE
    OF PERSON—DETENTION DURING EXECUTION OF
    SEARCH WARRANT ................................................ 56

Plaintiffs' Proposed Jury Instruction No. 10 ................................................ 58
    FOURTH AMENDMENT CLAIM—UNREASONABLE
    SEIZURE—JUDICIAL DECEPTION ................................................ 58

Plaintiffs' Proposed Jury Instruction No. 11 ................................................ 60
    VIOLATION OF FOURTH AMENDMENT—MALICIOUS
    PROSECUTION ................................................ 60

Plaintiffs' Proposed Jury Instruction No. 12 ................................................ 61
    FOURTEENTH AMENDMENT CLAIM—DUE PROCESS—
    DELIBERATE FABRICATION OF EVIDENCE ................................................ 61

Plaintiffs' Proposed Jury Instruction No. 13 ................................................ 63
    EIGHTH AMENDMENT CLAIM—EXCESSIVE BAIL ................................................ 63

Plaintiffs' Proposed Jury Instruction No. 14 ................................................ 64
    STATE CLAIMS ................................................ 64

Plaintiffs' Proposed Jury Instruction No. 15 ................................................ 65
    FALSE ARREST ................................................ 65

Plaintiffs' Proposed Jury Instruction No. 16.................................................. 66
    CAUSATION: SUBSTANTIAL FACTOR ................................................ 66

Plaintiffs' Proposed Jury Instruction No. 17.................................................. 67
    NEGLIGENCE — ESSENTIAL FACTUAL ELEMENTS................................ 67

Plaintiffs' Proposed Jury Instruction No. 18.................................................. 68
    NEGLIGENCE AND BASIC STANDARD OF CARE —
    DEFINITIONS................................................................................ 68

Plaintiffs' Proposed Jury Instruction No. 19.................................................. 69
    NEGLIGENCE — RECOVERY OF DAMAGES FOR
    EMOTIONAL DISTRESS................................................................. 69

Plaintiffs' Proposed Jury Instruction No. 20.................................................. 70
    CAUSATION: MULTIPLE CAUSES ................................................... 70

Plaintiffs' Proposed Jury Instruction No. 21.................................................. 71
    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ....................... 71

Plaintiffs' Proposed Jury Instruction No. 22.................................................. 72
    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—
    "OUTRAGEOUS CONDUCT" DEFINED.............................................. 72

Plaintiffs' Proposed Jury Instruction No. 23.................................................. 73
    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—
    "RECKLESS DISREGARD" DEFINED ............................................... 73

Plaintiffs' Proposed Jury Instruction No. 24.................................................. 74
    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—
    "SEVERE EMOTIONAL DISTRESS" DEFINED.................................... 74

Plaintiffs' Proposed Jury Instruction No. 25.................................................. 75
    DAMAGES – PROOF .................................................................... 75

Plaintiffs' Proposed Jury Instruction No. 26.................................................. 77
    PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL
    DISTRESS (NONECONOMIC DAMAGE) ........................................... 77

Plaintiffs' Proposed Jury Instruction No. 27.................................................. 78
    PUNITIVE DAMAGES .................................................................. 78

Plaintiffs' Proposed Jury Instruction No. 28.................................................. 80
    § 1983 – CAUSATION.................................................................. 80

III.    DEFENDANTS' PROPOSED INSTRUCTIONS ...................................... 82

Defendants Proposed Jury Instruction No. 1 ................................................. 82
    TRANSCRIPT OF TAPE RECORDING ............................................... 82

Defendants Proposed Jury Instruction No. 2 ................................................. 83
    IMPEACHMENT EVIDENCE - WITNESS ........................................... 83

Defendants Proposed Jury Instruction No. 3 ................................................................ 84
    PARTICULAR RIGHTS—FOURTH AMENDMENT—
    UNREASONABLE SEIZURE OF PERSON—PROBABLE
    CAUSE ARREST ........................................................................................................ 84

Defendants Proposed Jury Instruction No. 4 ................................................................ 87
    CAUSATION.............................................................................................................. 87

Defendants Proposed Jury Instruction No. 5 ................................................................ 88
    PARTICULAR RIGHTS FOURTH AMENDMENT JUDICIAL
    DECEPTION ............................................................................................................... 88

Defendants Proposed Jury Instruction No. 6 ................................................................ 90
    PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—DUE
    PROCESS—DELIBERATE FABRICATION OF EVIDENCE........................................ 90

Defendants Proposed Jury Instruction No. 7 ................................................................ 92
    MALICIOUS PROSECUTION UNDER 1983 .............................................................. 92

Defendants Proposed Jury Instruction No. 8 ................................................................ 93
    FALSE ARREST ......................................................................................................... 93

Defendants Proposed Jury Instruction No. 9 ................................................................ 94
    DAMAGES - PROOF .................................................................................................. 94

Defendants Proposed Jury Instruction No. 10 .............................................................. 96
    FALSE ARREST WITHOUT WARRANT—AFFIRMATIVE
    DEFENSE—PEACE OFFICER—PROBABLE CAUSE TO
    ARREST ..................................................................................................................... 96

Defendants Proposed Jury Instruction No. 11 .............................................................. 97
    PROBABLE CAUSE FINDING ................................................................................... 97

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Per the Court's April 3, 2025 Pretrial Order, the parties have met and conferred regarding jury instructions and by and through their respective counsel of record, submit the following Amended Joint Proposed Jury Instructions:

## I.  JOINT PROPOSED JURY INSTRUCTIONS

### JOINT PROPOSED JURY INSTRUCTION NO. 1

#### DUTY OF JURY (TO BE READ AT BEGINNING OF CASE)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

AUTHORITY:    Ninth Circuit Model Civil Jury Instructions 1.3 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____

_____
Judge of the United States District Court

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED JURY INSTRUCTION NO. 2

### BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

AUTHORITY:         Ninth Circuit Model Civil Jury Instructions 1.6 (2024).

GIVEN:                      _____

GIVEN AS MODIFIED:         _____

WITHDRAWN:                 _____

REFUSED:                   _____


                                    _____

                                    Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

2

**HIGHLY PROBABLE – CLEAR AND CONVINCING PROOF**

3

Certain facts must be proved by clear and convincing evidence, which is a higher burden of

4

proof. This means the party must persuade you that it is highly probable that the fact is true. I will

5

tell you specifically which facts must be proved by clear and convincing evidence.

6

AUTHORITY:        Judicial Counsel of California Civil Jury Instructions No. 201 (2025).

7

GIVEN:                    _____

8

GIVEN AS MODIFIED:        _____

9

WITHDRAWN:                _____

10

REFUSED:                  _____

11

12

_____

13

Judge of the United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    1.  the sworn testimony of any witness;

    2.  the exhibits that are admitted into evidence;

    3.  any facts to which the lawyers have agreed; and

    4.  any facts that I may instruct you to accept as proved.

AUTHORITY:       Ninth Circuit Model Civil Jury Instructions 1.9 (2024).

GIVEN:          _____

GIVEN AS MODIFIED:   _____

WITHDRAWN:     _____

REFUSED:       _____     _____

                              Judge of the United States District Court

# JOINT PROPOSED JURY INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.10 (2024).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

1

_____

Judge of the United States District Court

2

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

3

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

4

     Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

5

testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

6

evidence is proof of one or more facts from which you could find another fact.  You should

7

consider both kinds of evidence.  The law makes no distinction between the weight to be given to

8

either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

9

evidence.

10

11

AUTHORITY:      Ninth Circuit Model Civil Jury Instructions 1.12 (2024).

12

GIVEN:           _____

13

GIVEN AS MODIFIED:     _____

14

WITHDRAWN:        _____

15

REFUSED:          _____

16

17

_____

Judge of the United States District Court

18

19

20

21

22

23

24

25

26

27

28

1
2

**JOINT PROPOSED JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

3

There are rules of evidence that control what can be received into evidence. When a lawyer

4

asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not

5

permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question

6

may be answered or the exhibit received. If I sustain the objection, the question cannot be

7

answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you

8

must ignore the question and must not guess what the answer might have been.

9

Sometimes I may order that evidence be stricken from the record and that you disregard or

10

ignore that evidence. That means when you are deciding the case, you must not consider the

11

stricken evidence for any purpose.

12

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.13 (2024).

13

GIVEN:                    _____

14

GIVEN AS MODIFIED:       _____

15

WITHDRAWN:            _____

16

REFUSED:                 _____

17
18

_____

19

Judge of the United States District Court

20
21
22
23
24
25
26
27
28

# JOINT PROPOSED JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.14 (2024).


GIVEN:                _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____

Judge of the United States District Court

1

## JOINT PROPOSED JURY INSTRUCTION NO. 9

2

### BIAS

3

Each one of us has biases about or certain perceptions or stereotypes of other people. Bias

4

is a tendency to favor or disfavor a person or group of people. We may be aware of some of our

5

biases, though we may not reveal them to others. We may not be fully aware of some of our other

6

biases. We refer to biases that we are not fully aware of as "implicit" or "unconscious." They may

7

be based on stereotypes we would reject if they were brought to our attention. Implicit or

8

unconscious biases can affect how we perceive others and how we make decisions, without our

9

being aware of the effect of these biases on those decisions.

10

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can

11

affect our thoughts, how we remember, what we see and hear, and whom we believe or disbelieve.

12

We may favor or be more likely to believe people whom we see as similar to us or with whom we

13

identify. Or we may disfavor or be less likely to believe people whom we see as different from us.

14

As jurors you are being asked to make very important decisions in this case. You must not

15

let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or

16

against parties or witnesses because of their race, national origin, ethnicity, disability, gender,

17

gender identity, gender expression, religion, sexual orientation, age, socioeconomic status, or the

18

type of job they chose to engage in.

19

Your verdict must be based solely on the evidence presented. You must carefully evaluate

20

the evidence and resist any urge to reach a verdict that is influenced by bias for or against any

21

party or witness.

22

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 113 (2025).

23

GIVEN:                        _____

24

GIVEN AS MODIFIED:          _____

25

WITHDRAWN:                _____

26

REFUSED:                      _____

27

28

_____

Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 10**

2

**PUBLICITY DURING TRIAL**

3

        If there is any news media account or commentary about the case or anything to do with it,

4

you must ignore it. You must not read, watch or listen to any news media account or commentary

5

about the case or anything to do with it. The case must be decided by you solely and exclusively

6

on the evidence that will be received in the case and on my instructions as to the law that applies.

7

If any juror is exposed to any outside information, please notify me immediately.

8

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.16 (2024).

9

GIVEN:                    _____

10

GIVEN AS MODIFIED:          _____

11

WITHDRAWN:                    _____

12

REFUSED:                  _____

13

14

                                        _____

15

                                        Judge of the United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 11**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.21 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:          _____

REFUSED:            _____


_____

Judge of the United States District Court

1

## JOINT PROPOSED JURY INSTRUCTION NO. 12

2

### [EXPERT] OPINION TESTIMONY

3          You have heard testimony from [expert names] who testified about their opinions and the

4   reasons for those opinions. This opinion testimony is allowed, because of the specialized

5   knowledge, skill, experience, training, or education of these witnesses.

6          Such opinion testimony should be judged like any other testimony. You may accept it or

7   reject it and give it as much weight as you think it deserves, considering the witness' specialized

8   knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the

9   other evidence in the case.

10  AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 2.3 (2024).

11  GIVEN:                    _____

12  GIVEN AS MODIFIED:        _____

13  WITHDRAWN:                _____

14  REFUSED:                  _____

15

16                                         _____

17                                         Judge of the United States District Court

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 13**

2

**STIPULATION of Fact**

3

The parties have agreed to certain facts to be placed in evidence as Exhibit JX-158 that will

4

be read to you. You must therefore treat these facts as having been proved.

5

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 2.2 (2024).

6

GIVEN:                    _____

7

GIVEN AS MODIFIED:          _____

8

WITHDRAWN:          _____

9

REFUSED:                    _____

10

11

                             _____

12

                             Judge of the United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 14**

2

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

3        A deposition is the sworn testimony of a witness taken before trial. The witness is placed

4 under oath to tell the truth and lawyers for each party may ask questions. The questions and

5 answers are recorded. When a person is unavailable to testify at trial, the deposition of that person

6 may be used at the trial.

7        Insofar as possible, you should consider deposition testimony, presented to you in court in

8 lieu of live testimony, in the same way as if the witness had been present to testify.

9

10 AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 2.4 (2024).

   GIVEN:                  _____
11
   GIVEN AS MODIFIED:      _____
12
   WITHDRAWN:              _____
13
   REFUSED:                _____
14

15

16                                              _____

                                                Judge of the United States District Court
17

18

19

20

21

22

23

24

25

26

27

28

1

## JOINT PROPOSED JURY INSTRUCTION NO. 15

2

### USE OF INTERROGATORIES

3

Evidence will now be presented to you in the form of answers of one of the parties to

4

written interrogatories submitted by the other side. These answers were given in writing and under

5

oath before the trial in response to questions that were submitted under established court

6

procedures. You should consider the answers, insofar as possible, in the same way as if they were

7

made from the witness stand.

8

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 2.11 (2024).

9

GIVEN:                    _____

10

GIVEN AS MODIFIED:        _____

11

WITHDRAWN:            _____

12

REFUSED:                _____

13

14

15

_____

Judge of the United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### JOINT PROPOSED JURY INSTRUCTION NO. 16

#### USE OF REQUESTS FOR ADMISSION

3

4

5

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

6

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 2.12 (2024).

7

GIVEN:                _____

8

GIVEN AS MODIFIED:        _____

9

WITHDRAWN:        _____

10

REFUSED:              _____

11

12

13

_____

Judge of the United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED JURY INSTRUCTION NO. 17**

2

**DUTY OF JURY (TO BE READ AT END OF CASE)**

3

Members of the Jury: Now that you have heard all of the evidence and the arguments of the

4

attorneys, it is my duty to instruct you on the law that applies to this case.

5

A copy of these instructions will be sent to the jury room for you to consult during your

6

deliberations.

7

It is your duty to find the facts from all the evidence in the case. To those facts you will

8

apply the law as I give it to you. You must follow the law as I give it to you whether you agree

9

with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

10

prejudices, or sympathy. That means that you must decide the case solely on the evidence before

11

you. You will recall that you took an oath to do so.

12

Please do not read into these instructions or anything that I may say or do or have said or

13

done that I have an opinion regarding the evidence or what your verdict should be.

14

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.4 (2024).

15

GIVEN:                  _____

16

GIVEN AS MODIFIED:      _____

17

WITHDRAWN:              _____

18

REFUSED:                _____

19

20

_____

21

Judge of the United States District Court

22

23

24

25

26

27

28

1
2

## JOINT PROPOSED JURY INSTRUCTION NO. 18

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

3

4

5

6

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

7

8

9

10

11

12

13

14

15

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

16

17

18

19

20

21

22

23

24

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

25

26

27

28

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may

1
2
3
4
5

be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

6
7

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

8
9
10
11
12

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

13

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 3.2 (2024).

14

GIVEN:                    _____

15

GIVEN AS MODIFIED:        _____

16

WITHDRAWN:            _____

17

REFUSED:                _____

18
19
20

_____
Judge of the United States District Court

21
22
23
24
25
26
27
28

1

2

### JOINT PROPOSED JURY INSTRUCTION NO. 19

#### COMMUNICATION WITH COURT

3

4

5

6

7

8

9

10

11

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

12

AUTHORITY:     Ninth Circuit Model Civil Jury Instructions 3.3 (2024).

13

GIVEN:     _____

14

GIVEN AS MODIFIED:     _____

15

WITHDRAWN:     _____

16

REFUSED:     _____

17

18

                _____

19

                Judge of the United States District Court

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 20**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 3.1 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:               _____


_____

Judge of the United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED JURY INSTRUCTION NO. 21**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 3.5 (2024).

GIVEN:                _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:        _____

REFUSED:              _____

_____

Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 22**

2

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTIONS**

3
4
5
6

Plaintiffs bring claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

7

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.1 (2024).

8

GIVEN:                _____

9

GIVEN AS MODIFIED:        _____

10

WITHDRAWN:                _____

11

REFUSED:                _____

12
13
14

_____
Judge of the United States District Court

15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT PROPOSED JURY INSTRUCTION NO. 23

### SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on a § 1983 claim against a defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of state law;

2.    the acts or failure to act of the defendant deprived the plaintiffs of particular rights under the United States Constitution as explained in later instructions; and

3.    The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that the defendant acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiffs are required to prove under Instructions for Fourth, Eighth, and Fourteenth Amendment claims, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.3 (2024) (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____

Judge of the United States District Court

**JOINT PROPOSED JURY INSTRUCTION NO. 24**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on plaintiffs § 1983 claims against the County of Stanislaus alleging liability based on an official practice or custom, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    the County employee defendant acted under color of state law;

2.    the acts of the County employee defendant deprived the plaintiffs of particular rights under the United States Constitution as explained in later instructions;

3.    the County employee defendant acted pursuant to a widespread or longstanding practice or custom of the County; and

4.    the County's widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the County employee defendant; that is, the County's widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that the County employee defendants acted under color of state law.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the County. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

If you find that the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions for the Fourth, Eighth, and Fourteenth Amendment claims, your verdict should be for the plaintiffs. If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 9.5 (2024) (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:                _____


_____

Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 25**

2

**MULTIPLE PARTIES AND CLAIMS – DIFFERENT LEGAL RIGHTS**

3

You should decide the case as to each party separately. Unless otherwise stated, the

4

instructions apply to all parties.

5

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.8 (2024).

6

GIVEN:                _____

7

GIVEN AS MODIFIED:        _____

8

WITHDRAWN:        _____

9

REFUSED:            _____

10

11

_____

12

Judge of the United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 26**

**EVIDENCE FOR A LIMITED PURPOSES**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

AUTHORITY:       Ninth Circuit Model Civil Jury Instructions 1.11 (2024).

GIVEN:                _____

GIVEN AS MODIFIED:       _____

WITHDRAWN:       _____

REFUSED:              _____

_____

Judge of the United States District Court

## JOINT PROPOSED JURY INSTRUCTION NO. 27

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the

trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.15 (2024).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____

Judge of the United States District Court

1

**JOINT PROPOSED JURY INSTRUCTION NO. 28**

2

**NO TRIAL TRANSCRIPT AVAILABLE TO JURY**

3

I urge you to pay close attention to the trial testimony as it is given. During deliberations

4

you will not have a transcript of the trial testimony.

5

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.17 (2024).

6

GIVEN:                  _____

7

GIVEN AS MODIFIED:          _____

8

WITHDRAWN:          _____

9

REFUSED:          _____

10

11

_____

12

Judge of the United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**JOINT PROPOSED JURY INSTRUCTION NO. 29**

TAKING NOTES

3

4

5

6

      If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

7

8

9

      Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

10

AUTHORITY:      Ninth Circuit Model Civil Jury Instructions 1.18 (2024).

11

GIVEN:      _____

12

GIVEN AS MODIFIED:      _____

13

WITHDRAWN:      _____

14

REFUSED:      _____

15

16

17

                _____

                Judge of the United States District Court

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 30**

**QUESTIONS TO WITNESSES BY JURORS**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 1.19 (2024) (modified).

GIVEN:                   _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:            _____

REFUSED:                _____

_____

Judge of the United States District Court

1

2

### JOINT PROPOSED JURY INSTRUCTION NO. 31

#### BENCH CONFERENCES AND RECESSES

3

4

5

6

7

8

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

9

10

11

12

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

13

14

15

16

17

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 1.20 (2024) (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:      _____

WITHDRAWN:          _____

REFUSED:              _____

18

19

20

_____

Judge of the United States District Court

21

22

23

24

25

26

27

28

## II.    PLAINTIFFS PROPOSED JURY INSTRUCTIONS

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

### CREDIBILITY — ENFORCEMENT OFFICER

An officer's testimony is to be weighed and judged by the same standard that applies to the average witness.  You should not assume that an officer is more or less honest than your average witness.


AUTHORITY:    *People v. Hanna*, 36 Cal. App. 2d. 333, 337 (1939).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____


_____

Judge of the United States District Court


Defendants' objections:
    This instruction is redundant and subsumed in Ninth circuit model instruction on credibility

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

### ELEMENTS OF STATE CRIMES

To prove a murder charge under Penal Code section 187, the state must prove:

1.  The defendant committed an act the caused the death of another person,

2.  The defendant acted with malice aforethought, and

3.  The defendant killed without a lawful excuse or justification.


   To prove a charge of special circumstances with murder by means of lying in wait under Penal Code section 190.2(a)(15), the state must prove:

1.  The defendant intentionally killed someone, and

2.  The defendant committed the murder by means of lying in wait.

A person committed a murder by means of lying in wait if:

1.  He or she concealed his or her purpose from the person killed;

2.  He or she waited and watched for an opportunity to act;

3.  Then he or she made a surprise attack on the person killed from a position of advantage; and

4.  He or she intended to kill the person by taking the person by surprise.


To prove a charge of conspiracy under Penal Code section 182, the state must prove:

1.  The defendant intentionally agreed with one or more of the other defendants to commit a crime,

2.  At the time of the agreement, the defendant and a co-conspirator intended that one or more of them would commit a crime;

3.  At least one of the conspirators committed an overt act to accomplish the crime; and

4.  At least one of the overt acts was committed in California.


To prove a charge of accessory under Penal Code section 32, the state must prove:

1.  Another person (also known as the perpetrator) committed a felony;

1

2

     2.  The defendant knew that the perpetrator had committed a felony or that the perpetrator had been charged with or convicted of a felony;

3

4

     3.  After the felony had been committed, the defendant either harbored, concealed, or aided the perpetrator; and

5

6

     4.  When the defendant acted, he or she intended that the perpetrator avoid or escape arrest, trial, conviction, or punishment.

7

8

9

10

AUTHORITY:    California Penal Code Section 187 PC; California Penal Code section 190.2(a)(15); California Penal Code section 12022(d); California Penal Code section 182; California Penal Code section 236; and California Penal Code section 32.

11

GIVEN:              _____

12

GIVEN AS MODIFIED:    _____

13

WITHDRAWN:       _____

14

REFUSED:           _____

15

16

_____

Judge of the United States District Court

17

18

Defendants' objections:

19

     1.      No claim requires defendant to prove the charges.   This is not a criminal case and no proof of charging is an element of any claim and/or the district attorney defendants have been afforded immunity for charging claims.

20

     2.      This could lead to confusion on multiple levels, given the language of "defendant"

21

     3.      Each are misstatements of the plain language of the statutes in effect at the time

22

23

24

25

26

27

28

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

2

### CONSPIRACY

3

Plaintiffs allege that the defendants are co-conspirators.  To prove that defendants engaged

4

in a conspiracy, plaintiffs must prove that there was an agreement or meeting of the minds to

5

perform acts that violated constitutional rights.

6

The agreement or meeting of the minds does not have to be overt.  It may be inferred from

7

circumstantial evidence or evidence of defendants' actions.  You may infer the existence of a

8

conspiracy if the plaintiff shows that a defendant committed acts that he or she is unlikely to have

9

undertaken without an agreement.

10

If you find that plaintiffs have proved a conspiracy, then each defendant is responsible for

11

the wrongful acts committed by any other defendant as part of that conspiracy.

12

AUTHORITY:         *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012); *Mendocino*

13

*Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999);

14

*Gilbrook v. City of Westminster*, 177 F. 3d 839, 856-57 (9th Cir. 1999).

15

GIVEN:                      _____

16

GIVEN AS MODIFIED:         _____

17

WITHDRAWN:              _____

18

REFUSED:                  _____

19

20

_____

21

Judge of the United States District Court

22

Defendants' objections:

23

1.      Conspiracy is not a separate claim.  "Conspiracy is not itself a constitutional tort
under § 1983." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012)  "Conspiracy in §
1983 actions is usually alleged by plaintiffs to draw in private parties who would otherwise not be

24

susceptible to a § 1983 action because of the state action doctrine." Id. Here, that all parties are
subject to 1983 acting under color of state law, any instruction on causation to the constitutional

25

injury should suffice. See Id.

26

27

28

1

2             **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**

3      **PRELIMINARY HEARING – TO BE READ IF EVIDENCE ON PRELIMINARY HEARING IS ADMITTED**

4              You have received evidence regarding the findings of the trial judge at the conclusion of

5      the preliminary hearing.  Such evidence is one factor that can be considered by you in determining

6      whether there was probable cause to arrest plaintiffs.  You should also consider whether the trial

7      judge's finding was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful

8      conduct undertaken in bad faith.

9

10     AUTHORITY:          *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

11     GIVEN:                    _____

12     GIVEN AS MODIFIED:        _____

13     WITHDRAWN:                _____

14     REFUSED:                  _____

15
                                           _____
16
                                           Judge of the United States District Court
17

18     Defendants' objections:
               This is unnecessary and redundant.  It is also contrary to res judicate and collateral estoppel
19     principles. The Supreme Court has held that state criminal proceedings may have collateral estoppel
       effect and that collateral estoppel applies to actions under 42 U.S.C. § 1983. *Allen v. McCurry*, 449
20     U.S. 90, 104 (1980).  State law governs the application of collateral estoppel or issue preclusion to
       a state court judgment in a federal civil rights action. *Ayers v. City of Richmond*, 895 F.2d 1267,
21     1270 (9th Cir. 1990) (quoting *Allen*, 449 U.S. at 96). In California, five threshold requirements must
       be met in order for collateral estoppel to apply:
22             First, the issue sought to be precluded from relitigation must be identical to that
               decided in a former proceeding. Second, this issue must have been actually litigated
23             in the former proceeding. Third, it must have been necessarily decided in the former
               proceeding. Fourth, the decision in the former proceeding must be final and on the
24             merits. Finally, the party against whom preclusion is sought must be the same as, or
               in privity with, the party to the former proceeding.
25     *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 511 (2009) Generally, the requirements of the
       doctrine of collateral estoppel "will be met when courts are asked to give preclusive effect to
26     preliminary hearing probable cause findings in subsequent civil actions for false arrest and malicious
       prosecution." *Wige v. City of Los Angeles*, 713 F.3d 1183, 1185 (9th Cir. 2013); *Haupt v. Dillard*,
27     17 F.3d 285, 288 (9th Cir. 1994) (probable cause established at state court preliminary hearing);
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003) (state court determination that probable cause to arrest collaterally estopped contrary ruling in 42 U.S.C. § 1983 action even though there was an acquittal); *Hubbert v. Moore*, 923 F.2d 769, 773 (10th Cir. 1991) (probable cause determination in state preliminary hearing precludes false arrest claim in federal court), superseded by rule on another ground as stated in *Green v. Auto Pro of Oklahoma LLC*, 345 Fed. Appx. 339, 341 (10th Cir. 2009). The doctrine of collateral estoppel, "or issue preclusion, precludes relitigation of issues argued and decided in prior proceedings." *Mycogen Corp. v. Monsanto Co.* 28 Cal. 4th 888 (2002). "A prior determination by a tribunal will be given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and; (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5) the former decision is final and was made on the merits." *Kelly v. Vons Companies Inc.*, 67 Cal. App. 4th 1329, 1339 (1998). Federal and state courts have consistently held that the doctrine of collateral estoppel may preclude relitigation in a civil suit of issues that were decided in a prior criminal proceeding. *McCutchen v. City of Montclair*, 73 Cal. App. 4th 1138, 1144 (1999).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**

**FEDERAL CLAIMS AGAINST DEFENDANT COUNTY OF STANISLAUS—INTRODUCTION**

Plaintiffs have three arguments for why the County of Stanislaus is liable for damages under the Fourth, Eighth, and Fourteenth Amendments:

1. an official policy, procedure, or custom of the County deprived plaintiffs of their constitutional rights;

2. an act of a final policy maker deprived plaintiffs of their constitutional rights; and

3. the County ratified the conduct that deprived plaintiffs of their constitutional rights .

I will now instruct you on these three legal theories. You must render a verdict for plaintiffs and against the County of Stanislaus if you find that plaintiffs have met their burden of proof with respect to any one or more of these theories.

AUTHORITY:    *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (municipal liability arising from ratification); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-96 (9th Cir. 2002) (unlawful policy and failure to train).

GIVEN:                _____

GIVEN AS MODIFIED:    _____

WITHDRAWN:            _____

REFUSED:              _____

_____

Judge of the United States District Court

Defendants objections:
    This is not necessary, redundant or subsumed in Model instruction 9.5

1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6**

2

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

3

In order to prevail on plaintiffs' § 1983 claims against the County of Stanislaus alleging

4

liability based on ratification by a final policymaker, plaintiffs must prove each of the following

5

elements by a preponderance of the evidence:

6

     1.     Birgit Fladager, Kirk Bunch, and Cory Brown acted under color of state law;

7

     2.     the acts or failure to act of Birgit Fladager, Kirk Bunch, or Cory Brown deprived

8

             the plaintiffs of particular rights under the United States Constitution as explained

9

             in later instructions;

10

     3.     Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County had

11

             final policymaking authority the County of Stanislaus concerning the acts or failure

12

             to act at issue; and

13

     4.     Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County

14

             ratified the County employee defendants' acts or failure to act, that is, they knew of

15

             and specifically made a deliberate choice to approve the County employee

16

             defendant's act or failure to act and the basis for it.

17

A person acts "under color of state law" when the person acts or purports to act in the

18

performance of official duties under any state, county, or municipal law, ordinance, or

19

regulation.  I instruct you that the County's employees acted under color of state law.

20

If you find that the plaintiffs have proved each of these elements, and if you find that the

21

plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions for

22

their Fourth, Eighth, and Fourteenth Amendment claims, your verdict should be for the

23

plaintiff.  If, on the other hand, the plaintiffs have failed to prove any one or more of these

24

elements, your verdict should be for the defendants.

25

26

AUTHORITY:       Ninth Circuit Model Civil Jury Instructions 9.7 (2024) (modified).

27

GIVEN:          _____

28

GIVEN AS MODIFIED:     _____

1    WITHDRAWN:            _____

2    REFUSED:              _____

3

4                                    _____

                                     Judge of the United States District Court
5    Defendants objections

6        1.    There are no express or embedded claims of ratification against the County; no
     Monel claims are asserted based on ratification

7        2.    Only Birgit Fladager is a policymaker

         3.    The Sheriff, who would be the policymaker is not a witness
8
         4.    The standard for ratification is this: "For there to be ratification, there must be
9    'something more' than . . . the fact that a policymaker concluded that the defendant officer's actions
     were in keeping with the applicable policies and procedures." *Brawley v. Punt* (D.Mont. 2016) 186
     F. Supp. 3d 1102, 1116) (quoting *Kong Meng Xiong v. City of Merced*, 2015 U.S. Dist. LEXIS
10   99146, 2015 WL 4598861, at *29 (E.D. Cal. July 29, 2015)).

     As one Court observed:
11

12       The law does not say that, whenever an investigative group accepts an officer's
         version over a victim's differing version, this acceptance establishes a policy for
13       which a municipality may be held liable under § 1983. If that were the law, counties
         might as well never conduct internal investigations and might as well always admit
14       liability. But that is not the law. The law clearly requires "something more."

     *Kanae v. Hodson*, 294 F.Supp.2d 1179, 1191 (D.Haw. 2003); *Belay v. City of Gardena* 2015
15   U.S.Dist.LEXIS 169656, at *8-9 (C.D.Cal. Dec. 17, 2015) ("even assuming that [the city] approved
     of the other defendants' conduct, 'mere failure to overrule . . . is insufficient'"); *Kong Meng Xiong*,
16   2015 WL 4598861, at *29 (E.D. Cal. July 29, 2015) (Ninth Circuit requires "something more" than
     a policymaker concluding an officer's conduct complied with the applicable policies and
17   procedures); *see also Hill v. Fairfield Police Dep't*, 2016 WL 2602411, at *3 (E.D. Cal. May 5,
     2016).

18       Here, the complaints do not include allegations that even come close to this standard.

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

### SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON ACT OF FINAL POLICYMAKER—ELEMENTS AND BURDEN OF PROOF

In order to prevail on plaintiffs' § 1983 claims against the County of Stanislaus alleging liability based on the act of a final policymaker, the plaintiff must prove each of the following by a preponderance of the evidence:

1.     Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County acted under color of state law;

2.     the acts of Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County deprived plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

3.     Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County had final policymaking authority from defendant County of Stanislaus concerning these acts;

4.     when Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County engaged in these acts, they were acting as a final policymaker for defendant County of Stanislaus; and

5.     the acts of Birgit Fladager, Kirk Bunch, Cory Brown, or the Sheriff of Stanislaus County caused the deprivation of the plaintiffs' rights; that is, their acts were so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that the County's employees acted under color of state law.]

If you find that the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiffs are required to prove under Instructions for their Fourth, Eighth, and Fourteenth Amendment claims, , your verdict should be for the plaintiff.

If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

AUTHORITY:          Ninth Circuit Model Civil Jury Instructions 9.6 (2024).

GIVEN:                        _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:               _____

REFUSED:                   _____


_____
Judge of the United States District Court

Defendants objections

    1.     There are no express or embedded claims of ratification against the County; no Monel claims are asserted based on ratification

    2.     Only Birgit Fladager is a policymaker

    3.     The Sheriff, who would be the policymaker is not a witness

    4.     The standard for ratification is this: "For there to be ratification, there must be 'something more' than . . . the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures." *Brawley v. Punt* (D.Mont. 2016) 186 F. Supp. 3d 1102, 1116) (quoting *Kong Meng Xiong v. City of Merced*, 2015 U.S. Dist. LEXIS 99146, 2015 WL 4598861, at \*29 (E.D. Cal. July 29, 2015)).

As one Court observed:

> The law does not say that, whenever an investigative group accepts an officer's version over a victim's differing version, this acceptance establishes a policy for which a municipality may be held liable under § 1983. If that were the law, counties might as well never conduct internal investigations and might as well always admit liability. But that is not the law. The law clearly requires "something more."

*Kanae v. Hodson*, 294 F.Supp.2d 1179, 1191 (D.Haw. 2003); *Belay v. City of Gardena* 2015 U.S.Dist.LEXIS 169656, at \*8-9 (C.D.Cal. Dec. 17, 2015) ("even assuming that [the city] approved of the other defendants' conduct, 'mere failure to overrule . . . is insufficient'"); *Kong Meng Xiong*, 2015 WL 4598861, at \*29 (E.D. Cal. July 29, 2015) (Ninth Circuit requires "something more" than a policymaker concluding an officer's conduct complied with the applicable policies and procedures); *see also Hill v. Fairfield Police Dep't*, 2016 WL 2602411, at \*3 (E.D. Cal. May 5, 2016).

    Here, the complaints do not include allegations that even come close to this standard.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

### FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE OF PERSON

As previously explained, the plaintiffs have the burden of proving that the acts of the defendants deprived the plaintiffs of particular rights under the United States Constitution. In this case, the plaintiffs allege the defendants deprived them of their rights under the Fourth Amendment to the Constitution when (1) the Athwal brothers were arrested with only a search warrant, and not an arrest warrant, and (2) all plaintiffs were arrested based on deliberate or reckless misstatements or omissions that misled a judge into signing a warrant for their arrest.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of their person. In order to prove the defendants deprived plaintiffs of this Fourth Amendment right, plaintiffs must prove the following additional elements by a preponderance of the evidence:

First, the defendant seized the plaintiff's person;

Second, in seizing the plaintiff's person, the defendant acted intentionally; and

Third, the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he or she restrains the plaintiff's liberty through coercion, physical force, or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his or her business.

In determining whether a reasonable person in plaintiffs' position would have felt free to leave, consider all of the circumstances, including:

1.    the number of officers present;

2.    whether weapons were displayed;

3.    whether the encounter occurred in a public or nonpublic setting;

4.    whether the officer's manner would imply that compliance would be compelled; and

5.    whether the officers advised plaintiffs that they were free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiffs must prove that the defendants intended to (1) arrest the Athwal brothers with only a search warrant, not an arrest warrant, and (2) provide a judge with an arrest warrant affidavit for the purpose of arresting plaintiffs. It is not enough to prove that the defendants negligently or accidentally engaged in that action. But while the plaintiffs must prove that the defendants intended to act; the plaintiffs need not prove that the defendants intended to violate plaintiffs' Fourth Amendment rights.

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.20 (2024) (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____


_____

Judge of the United States District Court

Defendants objections:

Defendants propose Model instruction 9.23 is more appropriate, included infra

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

2

### FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE OF PERSON—DETENTION DURING EXECUTION OF SEARCH WARRANT

3

4

5

6

In general, a law enforcement officer may detain a person in the immediate vicinity of a premises during a search of that premises authorized by a search warrant so long as the officer detains the person in a reasonable manner and does not detain the person any longer than the time it takes to complete the search.

7

8

9

To prove the seizure in this case was unreasonable, the Atwal brothers must prove by a preponderance of the evidence that they were detained in an unreasonable manner or for an unreasonable period of time after the search was completed or both.

10

11

In determining whether the officers detained the plaintiffs unreasonably in this case, consider all of the circumstances known to the officers on the scene, including:

12

13

1.    the severity of the suspected crime or other circumstances that led to the search warrant;

14

15

2.    whether the plaintiff was the subject of the investigation that led to the search warrant;

16

17

3.    whether the plaintiff posed an immediate threat to the safety of the officers or to others or to the ability of the officers to conduct the search safely;

18

4.    whether the plaintiff was actively resisting arrest or attempting to flee;

19

20

5.    whether the detention of the plaintiff was unnecessarily painful, degrading, prolonged, or involved an undue invasion of privacy; and

21

22

6.    whether the detention of the plaintiff facilitated the orderly completion of the search.

23

24

If a person is transported from their home by police to a police station for questioning, that person is an arrest which must be supported by probable cause.

25

26

Under the Fourth Amendment, an officer may use only such force to detain a person as is "objectively reasonable" under the circumstances. In other words, you must judge the

27

28

1    reasonableness of a particular use of force from the perspective of a reasonable officer on the

2    scene and not with the 20/20 vision of hindsight.

3    AUTHORITY:         Ninth Circuit Model Civil Jury Instructions 9.24 (2024) (modified); *Orozco*

4                       *v. County of Yolo*, 814 F. Supp. 855, 896 (E.D. Cal. 1993); *Florida v. Royer*,

5                       460 U.S. 491, 499-500 (1983).

6    GIVEN:                        _____

7    GIVEN AS MODIFIED:            _____

8    WITHDRAWN:                    _____

9    REFUSED:                      _____

10

11                                            _____

12                                     Judge of the United States District Court

     Defendants objections:

13

14           Plaintiff is asserted a defacto warrantless arrest.  Defendants propose Model instruction
     9.23 is more appropriate, included infra

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

### FOURTH AMENDMENT CLAIM—UNREASONABLE SEIZURE—JUDICIAL DECEPTION

Plaintiffs' Fourth Amendment right to be free from false arrest is violated if their arrests were based on deliberate or reckless misstatements or omissions that misled a judge into signing the warrant for his arrest.

To be valid, a warrant for arrest must be supported by an affidavit establishing probable cause. The warrant must set forth the facts and circumstances underlying the existence of probable cause so as to allow the judge to make an independent evaluation of whether probable cause exists. An officer presenting a search warrant application had a duty to provide, in good faith, all information relevant to probable cause to the judge. A police officer need not include all information known in his application for an arrest warrant but omitting facts that cast doubt on probable cause make such omissions material.

Probable cause exists when, based on the totality of circumstances known to the officers, they have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that the person has committed the crime for which he is being arrested.

In order for a plaintiff to prove his or her Fourth Amendment Rights were violated, the plaintiff must prove:

1. The defendant deliberately or recklessly made false statements or omissions in the arrest warrant affidavit;

2. The defendant's false statements or omissions were material to probable cause; and

3. Absent the misstatements and omissions there would not be probable cause for plaintiff's arrests.

AUTHORITY:     *Franks v. Delaware*, 438 U.S. 154, 155-156, 165 (1978), *Morse v. Cnty. of Merced*, No. 1:16-CV-00142-DAD-SKO, 2017 WL 2958733, at *12 (E.D. Cal. July 11, 2017); *Cooley v. Jeha*, No. 4:18-CV-719-YGR, 2021 WL 2711744, at *5 (N.D. Cal. July 1, 2021).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____


_____
Judge of the United States District Court


Defendants objections:
 Defendants propose their own version based on different cases.

1

2

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11**

3

**VIOLATION OF FOURTH AMENDMENT—MALICIOUS PROSECUTION**

4

Plaintiffs allege malicious prosecution by the defendants. To establish a claim of malicious

5

prosecution, plaintiffs must prove by a preponderance of the evidence

6

   1.  that the defendants caused the plaintiffs to be criminally prosecuted without probable

7

       cause,

8

   2.  that the defendants did so maliciously (that is, for a bad purpose), and

9

   3.  that the prosecution was eventually terminated in plaintiffs' favor, without a conviction.

10

AUTHORITY:       Modern Federal Jury Instructions Civil No. 87-74E (2024); *Freeman v. City*

11

                   *of Santa Ana*, 68 F. 3d 1180 (9th Cir. 1995).

12

GIVEN:          _____

13

GIVEN AS MODIFIED:    _____

14

WITHDRAWN:       _____

15

REFUSED:         _____

16

17

                              _____

18

                              Judge of the United States District Court

19

Defendants objections:

20

     Defendants propose their own version based on different cases.

21

22

23

24

25

26

27

28

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

2

### FOURTEENTH AMENDMENT CLAIM—DUE PROCESS—DELIBERATE FABRICATION OF EVIDENCE

3

4

As previously explained, the plaintiffs have the burden of proving that the acts or failure to act of the defendants deprived plaintiffs of particular rights under the United States Constitution.

5

6

The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated. In this case, the plaintiffs allege the

7

defendants deprived plaintiffs of their rights under the Fourteenth Amendment to the Constitution

8

9

when they made misstatements or omissions that misled a judge into signing the warrant for plaintiffs' arrests and coerced false testimony from Robert Woody and Beverly Woody.

10

For plaintiffs to prevail on their claims of deliberate fabrication of evidence, the plaintiffs

11

must prove at least one of the following elements by a preponderance of the evidence:

12

The defendants deliberately fabricated evidence that was used to criminally charge or

13

prosecute plaintiffs.

14

*or*

15

The defendants continued this investigation of the plaintiffs despite the fact that defendants

16

knew that plaintiffs were innocent, or was deliberately indifferent to the plaintiffs' innocence, and

17

the results of the investigation were used to criminally charge or prosecute plaintiffs.

18

*or*

19

The defendants used techniques that were so coercive and abusive that they knew, or were

20

deliberately indifferent, that those techniques would yield false information that was used to

21

criminally charge or prosecute plaintiffs.

22

"Deliberate indifference" is the conscious or reckless disregard of the consequences of

23

one's acts or omissions.

24

If the plaintiffs prove that the defendants deliberately fabricated evidence that was used to

25

criminally charge or prosecute plaintiffs, then plaintiffs are not required to prove that the

26

defendants knew the plaintiff was innocent or was deliberately indifferent to the plaintiffs'

27

innocence.

28

AUTHORITY:        Ninth Circuit Model Civil Jury Instructions 9.33 (2024) (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____


_____
Judge of the United States District Court

Defendants objections:
        Defendants submit the above conflates judicial deception with fabrication in terms of the arrest warrant.  If Plaintiffs only claim is based on arrest warrant, then it is redundant to the judicial deception claim and should be dismissed or treated as one.   Otherwise, Defendants have suggested their own version, infra

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

2

### EIGHTH AMENDMENT CLAIM—EXCESSIVE BAIL

3

The Eighth Amendment prevents the imposition of bail conditions that are excessive in

4

light of the valid interests the state seeks to protect by offering bail.

5

In order to prove that their Eighth Amendment rights were violated, Walter Wells must

6

prove that:

7

    1.  The defendants deliberately or recklessly misled the judicial officer setting bail or

8

        otherwise prevented the judicial officer from exercising independent judgment, and

9

    2.  Bail would not have been unconstitutionally excessive but for the defendants'

10

        misrepresentations.

11

AUTHORITY:       *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007); *Morse v.*

12

                  *Regents of Univ. of Cal., Berkeley*, 821 F. Supp. 2d 1112, 1116–17 (N.D.

13

                  Cal. 2011).

14

15

16

GIVEN:               _____

17

GIVEN AS MODIFIED:      _____

18

WITHDRAWN:         _____

19

REFUSED:             _____

20

21

                              _____

                              Judge of the United States District Court

22

23

Defendants objections:

    Defendants submit this claim is only asserted against Kirk Bunch and Steve Jacobson

24

    There is no evidence any defendant made misrepresentations or misled the judge who set
bail or declined to set bail.

25

26

27

28

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14**

**STATE CLAIMS**

      I will now instruct you on plaintiff's state law claims.  Plaintiffs bring the following state claims: (1) false arrest and imprisonment; (2) negligence; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; and (5) violation of the Bane Act  I will now explain the elements of these state claims.

GIVEN:                _____

GIVEN AS MODIFIED:     _____

WITHDRAWN:          _____

REFUSED:             _____

_____

Judge of the United States District Court

Defendants objections
      There is no need to benchmark the state claims.  This is not based on any model instruction or law.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15**

**FALSE ARREST**

Plaintiffs claim that they were wrongfully arrested by defendants. To establish this claim, plaintiffs must prove all of the following:

1. Defendants arrested plaintiffs or intentionally caused plaintiffs to be wrongfully arrested;

2. That defendants arrested plaintiffs with only a search warrant, not an arrest warrant, or by making deliberate or reckless misstatement or omissions that misled a judge into signing the warrant for their arrest;

3. That plaintiffs were harmed; and

4. That defendants' conduct was a substantial factor in causing plaintiffs' harm.

In addition, plaintiffs must show that the false arrest or prolonged detention caused them harm.

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 1405 (modified).

GIVEN: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

REFUSED: _____

_____

Judge of the United States District Court

Defendants objections:
This fails to account for state law immunities.  Defendants have their own instructions.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16**

CAUSATION: SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 430.

GIVEN:          _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:          _____


_____

                         Judge of the United States District Court

Defendants' objections

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.2 should suffice and encompass this instruction.  Defendants' proposed infra.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17**

**NEGLIGENCE — ESSENTIAL FACTUAL ELEMENTS**

Walter Wells, Scott McFarlane, and the Athwal brothers claim that they were harmed by defendants' negligence. To establish this claim, plaintiffs must prove all of the following:

1.   That defendants were negligent;

2.   That plaintiffs were harmed; and

3.   That defendants' negligence was a substantial factor in causing plaintiffs' harm.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 400.

GIVEN:                           _____

GIVEN AS MODIFIED:       _____

WITHDRAWN:                 _____

REFUSED:                        _____

_____

Judge of the United States District Court

Defendants objections.
     This is incomplete and fails to state what duty was purportedly owed and that defendant breached that duty.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18**

**NEGLIGENCE AND BASIC STANDARD OF CARE — DEFINITIONS**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the defendants' situation.

AUTHORITY:         Judicial Council of California Civil Jury Instructions No. 401.

GIVEN:                    _____

GIVEN AS MODIFIED:         _____

WITHDRAWN:              _____

REFUSED:                  _____


                                        _____

                                        Judge of the United States District Court

Defendants objections.
        This is incomplete and fails to state what duty was purportedly owed and that defendant breached that duty.

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19

### NEGLIGENCE — RECOVERY OF DAMAGES FOR EMOTIONAL DISTRESS

Plaintiffs Walter Wells and Scott McFarlane claim that defendants' conduct caused them to suffer serious emotional distress. To establish this claim, plaintiffs must prove all of the following:

1.  That the defendants were negligent;

2.  That the plaintiffs suffered serious emotional distress; and

3.  That the defendants' negligence was a substantial factor in causing plaintiffs' serious emotional distress.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 1620.

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:                    _____

_____
Judge of the United States District Court

Defendants objections
This fails to identify which defendants, nor a duty or breach of any duty

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20**

**CAUSATION: MULTIPLE CAUSES**

A person's negligence may combine with another factor to cause harm. If you find that defendants' negligence was a substantial factor in causing plaintiffs' harm, then defendants are responsible for the harm. Defendants cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing plaintiffs' harm.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 431.

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:                 _____


_____
Judge of the United States District Court

Defendants objections:
          There already is a causation instruction. This is redundant or subsumed in other instructions.

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs claim that defendants' conduct caused them to suffer severe emotional distress.

To establish this claim, plaintiffs must prove all of the following:

1. That defendants' conduct was outrageous;

2. That defendants intended to cause plaintiffs emotional distress;

3. That plaintiffs suffered severe emotional distress; and

4. That defendants conduct was a substantial factor in causing plaintiffs' severe emotional distress.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 1600 (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:                _____

REFUSED:                  _____

_____
Judge of the United States District Court

Defendants objections:
      Which plaintiffs? Which defendants?
      Defendants also do not believe the instruction is warranted as there will not be sufficient evidence of severe emotional distress

1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22

2

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"OUTRAGEOUS CONDUCT" DEFINED

3

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of

4

decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a

5

civilized community. Outrageous conduct does not include trivialities such as indignities,

6

annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

7

In deciding whether defendants' conduct was outrageous, you may consider, among other

8

factors, the following:

9

(a) Whether defendants abused a position of authority or a relationship that gave them real

10

or apparent power to affect plaintiffs' interests;

11

(b) Whether defendants knew that plaintiffs were particularly vulnerable to emotional

12

distress; and

13

(c) Whether defendants knew that their conduct would likely result in harm due to mental

14

distress.

15

16

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 1602.

17

GIVEN:                    _____

18

GIVEN AS MODIFIED:        _____

19

WITHDRAWN:                _____

20

REFUSED:                  _____

21

22                                         _____

23                                         Judge of the United States District Court

Defendants objections:
        Which plaintiffs? Which defendants?

24        Defendants also do not believe the instruction is warranted as there will not be sufficient
evidence of severe emotional distress

25

26

27

28

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"RECKLESS DISREGARD" DEFINED**

Defendants acted with reckless disregard in causing plaintiffs emotional distress if:

1.  Defendants knew that emotional distress would probably result from their conduct; or

2.  Defendants gave little or no thought to the probable effects of their conduct.

AUTHORITY:        Judicial Council of California Civil Jury Instructions No. 1603.

GIVEN:                    _____

GIVEN AS MODIFIED:        _____

WITHDRAWN:                _____

REFUSED:                  _____

_____

Judge of the United States District Court

Defendants objections:
        Which plaintiffs? Which defendants?
        Defendants also do not believe the instruction is warranted as there will not be sufficient evidence of severe emotional distress

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"SEVERE EMOTIONAL DISTRESS" DEFINED**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Plaintiffs are not required to prove physical injury to recover damages for severe emotional distress.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 1604.

GIVEN:                     _____

GIVEN AS MODIFIED:      _____

WITHDRAWN:           _____

REFUSED:                _____


                                                    _____
                                                    Judge of the United States District Court

Defendants objections:

Defendants also do not believe the instruction is warranted as there will not be sufficient evidence of severe emotional distress

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on any of their state, federal or constitutional claims, you must determine the plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experiences and that with the reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

The reasonable value of employment opportunities lost up to the present time;

The reasonable value of employment opportunities that with reasonable probability will be lost in the future; and

The reasonable value of expenses required up the present time;

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

AUTHORITY:       Ninth Circuit Model Civil Jury Instructions 5.2, 5.3 (2024).

GIVEN:            _____

1  GIVEN AS MODIFIED:          _____

2  WITHDRAWN:                  _____

3  REFUSED:                    _____

4

5                                    _____
                                     Judge of the United States District Court

6

7  Defendants objections:
        The damages are broader in language than in the model and unsupported.   Defendants
8  propose their own, infra

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26

### PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS (NONECONOMIC DAMAGE)

Past and future physical pain/mental suffering/loss of enjoyment of life /inconvenience/grief/anxiety/humiliation and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, plaintiffs must prove that they are reasonably certain to suffer that harm.

For future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, determine the amount incurrent dollars paid at the time of judgment that will compensate plaintiffs for future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

AUTHORITY:          Judicial Council of California Civil Jury Instructions No. 3905 (modified).

GIVEN:                    _____

GIVEN AS MODIFIED:          _____

WITHDRAWN:          _____

REFUSED:                _____

_____

Judge of the United States District Court

Defendants objections:
          Redundant and subsumed in Ninth circuit instructions

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

1      You may impose punitive damages against one or more of the defendants and not others

2   and may award different amounts against different defendants.

3   AUTHORITY:         Ninth Circuit Model Civil Jury Instructions 5.6 (2024).

4   GIVEN:                    _____

5   GIVEN AS MODIFIED:        _____

6   WITHDRAWN:                _____

7   REFUSED:                  _____

8

9                                          _____

10                                         Judge of the United States District Court

11

12

13

14  Defendants objections:
         Defendants submit the instructions are not warranted under the facts of the case. And
15  should exclude that the are not awarded against the entity.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          **PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 288**

3                        **§ 1983 – CAUSATION**

4          A person deprives another of a constitutional right, within the meaning of § 1983, if he or

5   she does an affirmative act, participates in another's affirmative act, or omits to perform an act

    which he is legally required to do that causes the deprivation of which complaint is made.

6          To establish municipal liability— under policy, custom, or failure to train— the plaintiff

7   must establish that the policy or custom is the "moving force" behind the constitutional violation.

8          Supervisors can be held liable for: 1) their own culpable action or inaction in the training,

9   supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of

10  which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the

11  rights of others.

12         An official whose individual actions do not rise to the level of a constitutional violation

13  may be held liable under section 1983 only if the official is an integral participant in the unlawful

14  act.  An official may be an integral participant in a constitutional violation only if (1) the defendant

15  knew about and acquiesced in the constitutionally defective conduct as part of a common plan

16  with those whose conduct constituted the violation, or (2) the defendant set in motion a series of

17  acts by others which the defendant knew or reasonably should have known would cause others to

18  inflict the constitutional injury.

19
    AUTHORITY:          Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.2
20  Comments (2024).

21  GIVEN:                    _____

22  GIVEN AS MODIFIED:        _____

23  WITHDRAWN:                _____

24  REFUSED:                  _____

25

26                                         _____

27                                         Judge of the United States District Court

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    DEFENDANTS' PROPOSED INSTRUCTIONS

### DEFENDANTS PROPOSED JURY INSTRUCTION NO. 1

#### TRANSCRIPT OF TAPE RECORDING

You have listened or watched to a tape recording that has been received in evidence. Please listen to it very carefully.  If there is a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape, please bear in mind, however, that the tape recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.  Any transcripts will be collected.

**Source:**

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS (modified)
2.5 TRANSCRIPT OF TAPE RECORDING

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

_____
United States District Judge

**PLAINTIFFS' OBJECTION:**

This instruction assumes that the transcripts are not evidence.   Ninth Circuit Model Civil Jury Instruction 2.5  states that when transcripts are "given. . . to help [jurors] identify speakers and as a guide to help [them] listen to [a] recording" the "recording is evidence, not the transcript." But Defendants' task force routinely prepared transcripts and Defendants relied on those transcripts in their investigation and subsequent prosecutions.  Thus, the transcripts will also be evidence.

During the parties' meet and confer on April 7, 2025, Defendants' counsel stated that some transcripts produced in the criminal trial were not certified by a court reporter, but this does not mean they are not admissible as evidence.   The fact that the transcripts may be drafts goes to the weight the jury affords them.  The point is that those transcripts were used and relied upon by Defendants.

1

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 2

2

### IMPEACHMENT EVIDENCE - WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior

3

occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to

4

believe the witness and how much weight to give to the testimony of the witness and for no other

5

purpose.

6

**SOURCE:**

7

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS

8

2.9 IMPEACHMENT EVIDENCE - WITNESS

9

10                                                    _____    Given

11                                                    _____    Given as Modified

12                                                    _____    Withdrawn

13                                                    _____    Refused

14

15                                                    _____

16                                                    United States District Judge

17    **<u>PLAINTIFFS' OBJECTION</u>:**

18         This instruction does not say which witness was convicted of a crime or lied under oath.

19    Until such evidence has been admitted, it is not appropriate to give this instruction. Defendants

20    previously indicated they are referring to Robert Woody. If that is the case, the instruction should

21    be made specific as to him. Additionally, the Court's Pretrial Order instructs the parties to remove

22    brackets.

23

24

25

26

27

28

1

2

### DEFENDANTS PROPOSED JURY INSTRUCTION NO. 3

3

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST**

4

5
    In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer[s] had probable cause to believe the plaintiff has committed or was committing a crime.

6

7
    In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

8

9
    "Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

10

11
    Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

12

13
    Under state law, it is crime to (1) kill someone with malice aforethought without a lawful justification or excuse, or (2) to conspire to commit murder, which is an agreement between two or more people to intentionally and illegally kill someone, followed by an overt act in furtherance of that agreement; or (3) to obstruct justice which means acts that interfere with the legal process, including resisting arrest, lying to police, tampering with evidence, or influencing witnesses or (4) to be an accessory to a felony by harboring, concealing, or aiding a perpetrator to a felony with the intent that the perpetrator avoid or escape arrest, trial, conviction, or punishment.

14

15

16

17

18

19
                                                        _____    Given

20
                                                        _____    Given as Modified

21
                                                        _____    Withdrawn

22
                                                        _____    Refused

23

24
                                                        _____

25
                                                        United States District Judge

26
SOURCE:  9th Cir. Model Instruction 9.23 (modified to include state law on murder, conspiracy to

27
commit murder and obstruction of justice)

28

**PLAINTIFFS' OBJECTION**:

Ninth Circuit Model Civil Jury Instructions 9.24 (2024) as modified in Plaintiffs' proposed jury instruction No. 9 is a more appropriate instruction for the Athwal brothers unlawful arrest claims based on Defendants transporting the brothers from their home to police stations for questioning when the officers only had search warrants.  Model instruction 9.24 is specific to an unreasonable seizure of person and detention during the execution of a search warrant.

Additionally, Defendants' proposed instruction does not accurately summarize the elements of the crimes under state law.   Plaintiffs' proposed a jury instruction No. 2 accurately summarizes the elements of the relevant crimes under state law as discussed further below.

Defendants state that a conspiracy to commit murder is an agreement between 2 or more people to intentionally and illegally kill someone in furtherance of that agreements, but the elements of that crime are:

1. The defendant *intentionally agreed* with one or more of the other defendants to commit a crime,

2. At the time of the agreement, the defendant and a co-conspirator *intended that one or more of them would commit a crime*;

3. At least one of the conspirators committed an overt act to accomplish the crime; and

4. At least one of the overt acts was committed in California.

*See* California Penal Code section 182; CALCRIM No. 415.

As for obstruction of justice, the arrest warrant affidavit does not charge any of the Plaintiffs with obstruction of justice.  Nor did officers purport to arrest Plaintiffs at another point in time for obstruction of justice.  In any event, Defendants' description of obstruction of justice omits elements of the crime, which include:

1. The officer or public officer was lawfully performing or attempting to perform his or her duties as an officer;

2. The defendant willfully resisted, obstructed, or delayed the officer in the performance or attempted performance of those duties; and

3.  When the defendant acted, he or she knew or reasonably should have known that the officer was an officer performing or attempting to perform his or her duties

*See* California Penal Code section 148(a); CALCRIM No. 2656

Defendants omit the crime of murder while lying in wait, which several Plaintiffs were arrested for on August 13, 2015.  The elements of murder while lying in wait are:

1.  The defendant intentionally killed someone, and

2.  The defendant committed the murder by means of lying in wait.

3.  A person committed a murder by means of lying in wait if:

    o  He or she concealed his or her purpose from the person killed;

    o  He or she waited and watched for an opportunity to act;

    o  Then he or she made a surprise attack on the person killed from a position of advantage; and

    o  He or she intended to kill the person by taking the person by surprise.

*See* California Penal Code section 190.2(a)(15); CALCRIM No. 728.

Defendants' description of accessory omits several elements of the crime, which include:

1.  Another person (also known as the perpetrator) committed a felony;

2.  The defendant knew that the perpetrator had committed a felony or that the perpetrator had been charged with or convicted of a felony;

3.  After the felony had been committed, the defendant either harbored, concealed, or aided the perpetrator; and

4.  When the defendant acted, he or she intended that the perpetrator avoid or escape arrest, trial, conviction, or punishment.

*See* California Penal Code section 32; CALCRIM No. 440.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 4

### CAUSATION

In a § 1983 action, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To prove his case, each plaintiff must establish both causation-in-fact and proximate causation.

A person deprives another of a constitutional right, within the meaning of § 1983, if he does an

affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.

To establish municipal liability— policy, custom, or failure to train— the plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.2 (modified)

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused

**PLAINTIFFS' OBJECTION**:

Defendants' use of the term "prove" in the second sentence will confuse and mislead jurors.  Plaintiffs need only show that Defendants' misconduct more likely than not caused Plaintiffs' harm.

Defendants cite to the model jury instruction but there is no model jury instruction on causation, just comments.  And Defendants do not accurately summarize the law on causation.

Plaintiffs Proposed Jury Instruction No. 28 resolves these issues.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 5

### PARTICULAR RIGHTS FOURTH AMENDMENT JUDICIAL DECEPTION

As previously explained, the plaintiffs have the burden of proving that the acts of the defendants deprived the plaintiffs of particular rights under the United States Constitution.  In this case, plaintiffs alleges the defendants deprived them of his rights under the Fourth Amendment to the Constitution when the defendant[s] intentionally or in reckless disregard of the truth made one or more material misrepresentations or omissions in a protective custody warrant affidavit submitted to a judge.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  A warrant is a written order signed by a judge that permits law enforcement to arrest. To obtain a warrant, an officer must show Probable cause, defined below.  In deciding whether to issue an arrest warrant, a judge generally relies on the facts stated in a warrant affidavit signed by a law enforcement officer.  Here, a superior court judge found there was probable cause on the warrant submitted by Defendant Cory Brown.

To prove the defendant[s] deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.     the defendant[s] submitted to a judge a warrant affidavit that contained one or more misrepresentations or omissions material to the finding of probable cause; and

2.     the defendant[s] made those misrepresentations or omissions either intentionally or with reckless disregard for the truth.

To show materiality in the context of this claim, the plaintiff must demonstrate that the judge would not have issued the warrant if the false information had been excluded (or redacted) or if the omitted or missing information had been included (or restored).

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that contraband or evidence of a crime will be found in the place to be searched; a fair probability that the item to be seized is contraband or evidence of a crime; or a fair probability that the person to be seized has committed or was committing a crime.

In the context of this claim, a "reckless disregard for the truth" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading a

reasonable judge into concluding that probable cause has been established, when that danger is either known to the defendant[s] or is so obvious that the defendant[s] must have been aware of it.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.17A (modified)

      See also United States v. Alaimalo, 313 F.3d 1188, 1193 (9th Cir.2002)

            _____    Given

            _____    Given as Modified

            _____    Withdrawn

            _____    Refused

            _____

            United States District Judge

**PLAINTIFFS' OBJECTION**:

      Plaintiffs object to the instruction that "Here, a superior court judge found there was probable cause on the warrant submitted by Defendant Cory Brown" because it ignores the fact that the arrest warrant affidavit contained numerous false or misleading statements and material omissions. If Defendants omit this sentence, Plaintiffs agree to treat this objection as joint and withdraw their proposed jury instruction No. 10.

# DEFENDANTS PROPOSED JURY INSTRUCTION NO. 6

## PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—DUE PROCESS—DELIBERATE FABRICATION OF EVIDENCE

As previously explained, the plaintiff has the burden of proving that the acts of the Defendants deprived the plaintiffs of particular rights under the United States Constitution.  The Fourteenth Amendment protects against being subjected to the judicial process on the basis of false evidence that was deliberately fabricated by the defendant. In this case, the plaintiffs alleges the defendants deprived them of their rights under the Fourteenth Amendment to the Constitution in the submissions to the district attorney.

For plaintiffs to prevail on their claims of deliberate fabrication of evidence, the plaintiffs must prove at least one of the following elements by a preponderance of the evidence:

The defendants deliberately fabricated evidence that was used to prosecute plaintiffs.

*or*

The defendants continued this investigation of the plaintiffs despite the fact that defendants knew that plaintiffs were innocent, or was deliberately indifferent to the plaintiffs' innocence, and the results of the investigation were used to prosecute plaintiffs.

*or*

The defendants used techniques that were so coercive and abusive that they knew, or were deliberately indifferent, that those techniques would yield false information that was used to prosecute plaintiffs.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

If the plaintiffs prove that the defendants deliberately fabricated evidence that was used to prosecute plaintiffs, then plaintiffs are not required to prove that the defendants knew the plaintiff was innocent or was deliberately indifferent to the plaintiffs' innocence.

_____    Given

_____    Given as Modified

_____    Withdrawn

_____    Refused

1

2
                                    _____
                                    United States District Judge

3

4   **SOURCE:**

5   NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 9.33 (modified)

6

7   **PLAINTIFFS' OBJECTION**:

8           Defendants incorrectly summarize Plaintiffs allegations in the last sentence of the first

9   paragraph.  Plaintiffs allege that Defendants deprived Plaintiffs of their rights under the Fourteenth

10  Amendment to the Constitution when Defendants made misstatements or omissions that misled a

11  judge into signing the warrant for plaintiffs' arrests and coerced false testimony from Robert

    Woody and Beverly Woody,

12          Defendants have modified the model instructions here to say Defendants' acts were "used

13  to prosecute" but the model instruction states "used to criminally charge or prosecute."  Both

14  options should be included in this instruction.

15          Plaintiffs' proposed jury instruction No. 12 addresses these issues.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 7**

2

**MALICIOUS PROSECUTION UNDER 1983**

3

To establish malicious prosecution, a plaintiff must demonstrate the prior action was:

4

1.  initiated by or at the direction of the defendant;

5

2.   legally terminated in the plaintiff's favor;

6

3.  brought without probable cause;

7

4.  initiated with malice;.

8

5.   For the purpose of denying the Plaintiffs' Fourth Amendment rights

9

10

11              _____        Given

12              _____        Given as Modified

13              _____        Withdrawn

14              _____        Refused

15

16                              _____
                                United States District Judge

17

SOURCES:

18

Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).
Siebel v. Mittlesteadt, 41 Cal. 4th 735, 740 (2007).

19

20

21

**PLAINTIFFS' OBJECTION**:

22

        Defendants jury instruction purports to limit liability to the prosecutor only.  But per

23

*Awabdy v. City of Adelanto*, cited by Defendants, "[m]alicious prosecution actions are not limited

24

to suits against prosecutors but may be brought, as here, against other persons who have

25

wrongfully caused the charges to be filed."   368 F. 3d 1062, 1066 (9th Cir. 2004).  This is the

26

exact language used in Plaintiffs' proposed jury instruction No. 11 uses this exact language.  *See*

27

*also* Modern Federal Jury Instructions Civil No. 87-74E (2024); *Freeman v. City of Santa Ana*, 68

28

F. 3d 1180 (9th Cir. 1995).

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 8

### FALSE ARREST

Plaintiffs claims that he was wrongfully arrested by Defendants under state law. To establish this claim, Plaintiffs must prove all of the following:
    1. That Defendants intentionally arrested or intentionally caused Plaintiffs to be arrested,
    2. That the warrant was invalid because it contained perjured information, fabricated evidence or failed to disclose known exculpatory evidence.
    3. That Defendant did so with malice.  Malice is defined as conduct that is intended to cause injury to the plaintiff or despicable conduct that is carried on with a willful and conscious disregard of the rights or safety of others.
    3. That Plantiff. was actually harmed; and
    4. That Defendants conduct was a substantial factor in causing Plaintiff's harm.

**SOURCE:**
CACI 1405 (modified) and Government Code section 820.21

_____     Given

_____     Given as Modified

_____     Withdrawn

_____     Refused


_____
United States District Judge


**PLAINTIFFS' OBJECTION**:

     Defendants completely rewrite CACI No. 1405 without any citation or justification for doing so.  There is no basis for adding the first number three in the numerical portion of the instruction.  If Defendants want to instruct jurors on state immunities, that should be a separate instruction.

     The model instruction directs the parties to "insert facts supporting the invalidity of the warrant or the unlawfulness of the arrest."  Defendants' instruction ignores that in addition to a judicial deception claim for unlawful arrest, the Athwal Plaintiffs have an unlawful arrest claim from when they were transported from their homes to police stations for questioning when Defendants only had a search warrant.

    Plaintiffs' proposed jury instruction No. 15 addresses these issues.

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 9**

**DAMAGES - PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

Nature and extent of the injuries;

The mental or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**SOURCE:**

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS

5.1 Damages – Proof and 5.2 Measure of Type of damages (modified)

_____ Given

_____ Given as Modified

_____ Withdrawn

_____ Refused

_____
United States District Judge

**PLAINTIFFS' OBJECTION**:

This instruction improperly narrows the measures of damages. The measures of damages noted in Plaintiffs' proposed instruction No. 12 are relevant and should be included. For example, the reasonabl value of employment opportunities lost up to the present and future is relevant to Plaintiffs' lost income. Additionally, the reasonable value of expenses required up to the present

time is relevant because Plaintiffs had to pay legal fees and bond as a result of their unlawful arrests. Additionally, the loss of enjoyment of life experience and the probability that will be experienced in the future is plainly relevant to the lasting impact of Plaintiffs' emotional distress. Lastly, the reasonable value of necessary medical care, treatment, and services received to the present time is relevant to Plaintiffs' compensatory damages.

1

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 10

2

### FALSE ARREST WITHOUT WARRANT—AFFIRMATIVE DEFENSE—PEACE OFFICER—PROBABLE CAUSE TO ARREST

3

4    Plaintiffs Baljit and Daljit Athwal claim that they were wrongfully arrested by one or more Defendants under state law on July 15, 2012 and March 3, 2014.

5

6    If a defendant proves that there was reasonable cause to believe that plaintiff had committed a crime to  (1) kill someone with malice aforethought without a lawful excuse or justification, or (2) to conspire to commit murder, which is an agreement between two or more people to intentionally and illegally kill someone, followed by an overt act in furtherance of that agreement; or (3) to obstruct justice which means acts that interfere with the legal process, including resisting arrest, lying to police, tampering with evidence, or influencing witnesses or (4) to be an accessory to a felony by harboring, concealing, or aiding a perpetrator to a felony with the intent that the perpetrator avoid or escape arrest, trial, conviction, or punishment, then the defendant had the authority to arrest without a warrant.

7

8

9

10   **SOURCE:**

11   CACI 1402 (modified)

12                                                      _____    Given

13                                                      _____    Given as Modified

14                                                      _____    Withdrawn

15                                                      _____    Refused

16

17                                                      _____

18                                                      United States District Judge

19   **PLAINTIFFS' OBJECTION**:

20           Defendants have modified the model jury instruction without citing any authority for doing

21   so.  Per the model instruction, the first sentence should identify which defendants claim the arrest

22   was not wrongful because they had authority to arrest plaintiffs without a warrant.  Additionally,

23   as noted previously, Defendants do not accurately summarize the elements of the state law crimes.

24

25

26

27

28

1

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 11

2

### PROBABLE CAUSE FINDING

3

On April 10, 2017, Stanislaus County Superior Court Judge Barabara Zuniga concluded the

4

Preliminary Hearing finding sufficient cause to believe that Mssrr. Carson, Baljit Athwal, Daljit

Atwal, were guilty of murder and obstruction of justice and Mr. Wells guilty of obstruction and were

5

thus held to answer for those charges; on October 24, 2017, Judge Barabara Zuniga held McFarlane

6

to answer to as an accessory.  Following the Preliminary Hearing phase, the plaintiffs challenged

7

the decision by filing motions. On November 15, 2017, Stanislaus County Superior Court Judge

8

Robert F. Moody upheld the finding of probable cause.

9

10

**SOURCE:**

11

*People v. Carson, et al.* Superior Court of California, County of Stanislaus Case No. 1490969.

12

_____      Given

13

_____      Given as Modified

14

_____      Withdrawn

15

_____      Refused

16

17

_____

18

United States District Judge

19

**PLAINTIFFS' OBJECTION:**

20

Plaintiffs have a pending motion in limine on this issue.

21

In addition, Defendants' instruction purposefully ignores that the trial court found probable

22

cause lacking for several charges.  The criminal court held that there was "no sufficient cause" to

23

believe that former CHP Officer Walter Wells committed murder.  The criminal court also found

24

that probable case of Christina Defilippo, Georgia Defilippo, and Eduoardo Quintanar.  The criminal

25

court also dismissed the obstruction charges against Scott McFarlane.  Mr. McFarlane was ordered

26

to stand trial on accessory charges, but another judge granted Mr. McFarlane's 995 motion and those

27

charges were dismissed.

28

1    Dated:  April 8, 2025                    MORRISON & FOERSTER LLP

2

3                                             By:    /s/ Arturo J. González
                                                     ARTURO J. GONZÁLEZ
4
                                              Attorneys for Plaintiffs
5                                             BALJIT ATHWAL, DALJIT ATWAL,
                                              WALTER W. WELLS, and SCOTT
6                                             MCFARLANE

7
     Dated: April 8, 2025                     GWILLIAM, IVARY, CHIOSSO, CAVALLI,
8                                             BREWER

9

10                                            By:    /s/ Jayme L. Walker
                                                     JAYME L. WALKER
11
                                              Attorneys for Plaintiffs
12                                            GEORGIA DEFILIPPO, CHRISTINA
                                              DEFILIPPO, EDUARDO QUINTANAR, JR.,
13                                            THE ESTATE OF FRANK CARSON AND
                                              GEORGIA DEFILIPPO, AS AN
14                                            INDIVIDUAL AS SUCCESSOR IN
                                              INTEREST TO FRANK CARSON
15

16
     Dated: April 8, 2025                     PORTER SCOTT
17                                            A PROFESSIONAL CORPORATION

18

19                                            By:   /s/ John R. Whitefleet
                                                    JOHN R. WHITEFLEET
20
                                              Attorneys for Defendants
21                                            COUNTY OF STANISLAUS,
                                              KIRK BUNCH, DALE LINGERFELT,
22                                            STEVE JACOBSON, and BIRGIT
                                              FLADAGER
23

24

25

26

27

28

**ECF ATTESTATION**

In accordance with Civil Local Rule 131(e), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: April 8, 2025                    By _/s/ Arturo J. González_
                                           ARTURO J. GONZÁLEZ